IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC<br>        Plaintiff, | CIVIL NUM.: |
| v. | PLAINTIFF REQUESTS TRIAL BY JURY |
| ALFRESCO SOFTWARE, INC.;<br>INTERWOVEN, INC; BLACKBOARD,<br>INC.; BRIDGELINE DIGITAL, INC.;<br>EMC CORPORATION; HEWLETT-<br>PACKARD COMPANY; INFORMATICA<br>CORPORATION; COMPULINK<br>MANAGEMENT CENTER, INC.;<br>LEXMARK INTERNATIONAL, INC.;<br>MICROSOFT CORPORATION; NUXEO<br>CORPORATION; OBJECTIVE<br>CORPORATION USA, INC.; ORACLE<br>CORPORATION; SAP AMERICA, INC.;<br>SDL TRIDION, INC.; AND SPRINGCM<br>INC.<br>        Defendants | PATENT INFRINGEMENT |

### PLAINTIFF INGENIADOR, LLC'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Ingeniador, LLC ("Ingeniador"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

### I.    NATURE OF THE ACTION

1.    This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code ("U.S.C.") to prevent and enjoin co-defendants Alfresco Software, Inc. ("Alfresco"); Interwoven, Inc. ("Interwoven"); Blackboard, Inc. ("Blackboard"); Bridgeline Digital, Inc.

("Bridgeline"); EMC Corporation ("EMCC"); Hewlett-Packard Company ("HPC"); Informatica Corporation ("Informatica"); Compulink Management Center, Inc. d/b/a Laserfiche ("Laserfiche"); Lexmark International, Inc. ("Lexmark"); Microsoft Corporation ("Microsoft"); Nuxeo Corporation ("Nuxeo"); Objective Corporation USA, Inc. ("OCL"); Oracle Corporation ("Oracle"); SAP America, Inc. ("SAP"); SDL Tridion, Inc. ("SDL"); and SpringCM Inc. ("SpringCM") (collectively, "Defendants") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Plaintiff, from U.S. Patent No. 6,990,629 (the "'629 patent") pursuant to 35 U.S.C. §271, and to recover damages, attorneys fees, and costs.

## II.   Jurisdiction and Venue

2.   The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

3.   Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

4.   Upon information and belief, each Defendant has conducted and does conduct business within Puerto Rico, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including the use of webpages with promotional material) products or services, or uses or induces others to use services or products in Puerto Rico that infringe

the '629 patent, or knowingly contributes to infringement of the asserted patent.

5.   In addition to the Defendants' continuously and systematically conducting business in Puerto Rico, the cause of action against each Defendant is connected (but not limited) to Defendants' purposeful acts committed in Puerto Rico, including Defendants' making, using, importing, offering for sale, or selling web-based editing and publishing products which include features that fall within the scope of at least one claim of the '629 patent.

### III. THE PARTIES

6.   Plaintiff Ingeniador is a Puerto Rico limited liability company with its principal place of business at 1607 Calle Colón #101, San Juan, PR 00911.

7.   Upon information and belief, Defendant Alfresco is a Delaware corporation with its principal place of business at 2839 Paces Ferry Rd SE, Suite 700, Atlanta, GA 30339.

8.   Upon information and belief, Defendant Interwoven is a Delaware corporation with its principal place of business at 160 East Tasman Drive, San Jose CA 95134.

9.   Upon information and belief, Defendant Blackboard is a District of Columbia corporation with its principal place of business at 650 Massachusetts Avenue, N.W., 6th Floor, Washington, DC 20001-3796.

10.   Upon information and belief, Defendant Bridgeline is a Massachusetts corporation with its principal place of business at 10 Sixth Road, Woburn, MA 01801.

11.   Upon information and belief, Defendant EMCC is a Massachusetts corporation with its principal place of business at 176 South Street, Hopkinton, MA 01748.

12.   Upon information and belief, Defendant HPC is a California corporation with its principal place of business at 3000 Hanover Street, Palo Alto, CA 94304-1185.

13.   Upon information and belief, Defendant Informatica is a Delaware corporation with its principal place of business at 100 Cardinal Way, Redwood City, CA 94063.

14.   Upon information and belief, Defendant Laserfiche is a d/b/a of Compulink Management Center, Inc., a California corporation with its principal place of business at 3545 Long Beach Blvd., Long Beach, CA 90807.

15.   Upon information and belief, Defendant Lexmark is a Delaware corporation with its principal place of business at 740 W. New Circle Road, Lexington, KY 40550.

16.   Upon information and belief, Defendant Microsoft is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, WA 98052-7329.

17.   Upon information and belief, Defendant Nuxeo Corporation is a Delaware corporation with its principal place of business at One Broadway, Cambridge, MA 02142.

4

18.  Upon information and belief, Defendant OCL is a Delaware corporation with its principal place of business at 700 12th St NW, Suite 700, Washington, DC 20005.

19.  Upon information and belief, Defendant Oracle is a Delaware corporation with its principal place of business at 500 Oracle Parkway, Redwood Shores, CA 94065.

20.  Upon information and belief, SAP is a Delaware corporation with its principal place of business at 3999 West Chester Pike, Newtown Square, PA 19073.

21.  Upon information and belief, Defendant SDL is a Delaware corporation with its principal place of business at 1515 Broadway, 11th Floor, New York, NY 10036.

22.  Upon information and belief, Defendant SpringCM is a Delaware corporation with its principal place of business at 350 North Orleans Street, Suite 900, Chicago, IL 60654.

## IV.  FACTUAL ALLEGATIONS

23.  On January 24, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '629 patent, entitled "Publishing System for Intranet," after a full and fair examination.  A true and correct copy of the '629 patent is attached hereto as Exhibit A.  Ingeniador is presently the owner of the patent, having received all right, title and interest in and to the '629 patent from the previous assignee of record, Schlumberger Technology Corporation.  Ingeniador

possesses all rights of recovery under the '629 patent, including the exclusive right to recover for past infringement. The '629 patent is valid and enforceable.

24.  Upon information and belief, Defendant Alfresco makes, uses, sells, offers for sale, or imports a content management product for different types of document and image files, which embodies one or more claims of the '629 patent and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States.  Particularly, Alfresco's Document Management ("DM") product allows a network user to create, access, and/or modify files while its also infringing Web Content Management ("WCM") product serves as a shared environment for enterprise customers in accordance with one or more claims of the '629 patent to the injury of Ingeniador.  Alfresco is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271.  If Defendant Alfresco is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant Alfresco induces to infringe and/or whose infringement to which Defendant Alfresco contributes are the end users of the above-referenced DM and WCM products; moreover, Defendant Alfresco had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the

'629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

25. Upon information and belief, Defendant Interwoven makes, uses, sells, offers for sale, or imports web-editing and publishing tools embodying one or more claims of the '629 patent and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States. For example, Defendant Interwoven sells and offers for sale (in among other ways) licenses to this technology (e.g., iManage WorkSite), the features of which are covered by at least one claim of the '629 patent to the injury of Ingeniador. Moreover, the instructions performed by the editing and publishing tools are especially configured for converting directory content into web-publishable content, in accordance with one or more claims of the '629 patent. Defendant Interwoven is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271. If Defendant Interwoven is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant Interwoven induces to infringe and/or whose infringement to which Defendant Interwoven contributes are the end users of the above-referenced iManage WorkSite product; moreover, Defendant Interwoven had knowledge of the '629 patent at least as early as

the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

26. Upon information and belief, Defendant Blackboard, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for electronic publishing that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States.. For example, Blackboard sells and offers for sale enterprise content management systems (e.g., Enterprise Document Management Suite) that are especially configured for web-based editing and publishing (e.g., wiki, blogs, or webpage creation) in accordance with one or more claims of the '629 patent to the injury of Ingeniador. Defendant Blackboard is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271. If Defendant Blackboard is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant Blackboard induces to infringe and/or whose infringement to which Defendant Blackboard contributes are the

end users of the above-referenced Enterprise Document Management Suite product; moreover, Defendant Blackboard had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

27. Upon information and belief, Defendant Bridgeline makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for electronic publishing that embody one or more claims of the '629 patent or that are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States. For example, Bridgeline sells and offers for sale a web-based editing and publishing product (e.g., iAPPS Content Manager) which utilizes a computer network for web-based editing and publishing in accordance with one or more claims of the '629 patent to the injury of Ingeniador. Defendant Bridgeline is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271. If Defendant Bridgeline is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant Bridgeline induces to

infringe and/or whose infringement to which Defendant Bridgeline contributes are the end users of the above-referenced iAPPS Content Manager product; moreover, Defendant Bridgeline had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

28. Upon information and belief, Defendant EMCC makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for electronic publishing that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States. For example, EMCC sells and offers for sale a content management platform as a foundation for content-based applications and solutions (e.g., EMC Documentum) which enables publishing content across websites, in accordance with one or more claims of the '629 patent to the injury of Ingeniador. Defendant EMCC is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271. If Defendant EMCC is not deemed to directly infringe the above-referenced claims of the

'629 patent, those who Defendant EMCC induces to infringe and/or whose infringement to which Defendant EMCC contributes are the end users of the above-referenced EMC Documentum product; moreover, Defendant EMCC had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

29. Upon information and belief, Defendant HPC makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for electronic publishing that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States. For example, HPC sells and offers for sale a product which can be deployed in a computer network to provide a web-based editing and publishing system (e.g., HP TRIM) which is deployed with network servers to provide this functionality, in accordance with one or more claims of the '629 patent to the injury of Ingeniador. Defendant HPC is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271. If

Defendant HPC is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant HPC induces to infringe and/or whose infringement to which Defendant HPC contributes are the end users of the above-referenced HP TRIM product; moreover, Defendant HPC had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

30. Upon information and belief, Defendant Informatica makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for web-content management that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States. For example, Informatica sells and offers for sale a platform which enables a network user to access and modify data through a web-based user interface (e.g., Informatica PowerCenter), in accordance with one or more claims of the '629 patent to the injury of Ingeniador. Defendant Informatica is thus liable for infringement of the '629 patent

pursuant to 35 U.S.C. § 271.  If Defendant Informatica is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant Informatica induces to infringe and/or whose infringement to which Defendant Informatica contributes are the end users of the above-referenced Informatica PowerCenter product; moreover, Defendant Informatica had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

31.  Upon information and belief, Defendant Laserfiche makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for web-based editing and publishing that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States.  For example, Laserfiche sells and offers for sale a platform which enables a user to access and modify metadata for documents stored in a repository (e.g., Laserfiche Rio), in accordance with one or more claims of the '629 patent to the injury of Ingeniador.  Defendant Laserfiche

is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271.  If Defendant Laserfiche is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant Laserfiche induces to infringe and/or whose infringement to which Defendant Laserfiche contributes are the end users of the above-referenced Laserfiche Rio product; moreover, Defendant Laserfiche had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

32.  Upon information and belief, Defendant Lexmark makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for web-based data management, storage, and update that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States.  For example, Lexmark sells and offers for sale a platform which creates, edits, and maintains documents over a network (e.g., Perceptive Software's ImageNow), in accordance with one or more claims of the '629 patent to the

injury of Ingeniador. Defendant Lexmark is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271. If Defendant Lexmark is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant Lexmark induces to infringe and/or whose infringement to which Defendant Lexmark contributes are the end users of the above-referenced ImageNow product; moreover, Defendant Lexmark had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

33. Upon information and belief, Defendant Microsoft makes, uses, sells, offers for sale, or imports a building and management tool for websites (e.g., SharePoint), which embodies one or more claims of the '629 patent and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 Patent in this judicial district and elsewhere in the United States. Specifically, Microsoft's SharePoint product enables a client to retrieve and modify a previously created website. The modifications are displayed on the client computer for further editing, in accordance with one or more claims of the '629 patent to the injury of Ingeniador. Defendant Microsoft is thus liable for

infringement of the '629 patent pursuant to 35 U.S.C. § 271. If Defendant Microsoft is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant Microsoft induces to infringe and/or whose infringement to which Defendant Microsoft contributes are the end users of the above-referenced Sharepoint product; moreover, Defendant Microsoft had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 35 U.S.C. § 271.

34. Upon information and belief, Defendant Nuxeo makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for electronic publishing that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States. For example, Nuxeo sells and offers for sale platform services (e.g., Nuxeo Enterprise Platform) that are especially configured for web-based editing and publishing (e.g., webpage) in accordance with one or more claims of the '629 patent to the injury of Ingeniador. Defendant Nuxeo is

thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271. If Defendant Nuxeo is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant Nuxeo induces to infringe and/or whose infringement to which Defendant Nuxeo contributes are the end users of the above-referenced Nuxeo Enterprise Platform product; moreover, Defendant Nuxeo had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

35. Upon information and belief, Defendant OCL makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for electronic publishing that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States. For example, OCL sells and offers for sale enterprise content management systems (e.g., Objective ECM) that are especially configured for web-based editing and publishing of content (e.g., webpage) in accordance with one or more claims

of the '629 patent to the injury of Ingeniador.  Defendant OCL is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271.   If Defendant OCL is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant OCL induces to infringe and/or whose infringement to which Defendant OCL contributes are the end users of the above-referenced Objective ECM product; moreover, Defendant OCL had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

36.  Upon information and belief, Defendant Oracle makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for electronic publishing that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States.  For example, Oracle sells and offers for sale enterprise content management platforms (e.g., Oracle WebCenter) that are especially configured for web-based editing and

18

publishing (e.g., webpage format) in accordance with one or more claims of the '629 patent to the injury of Ingeniador. Defendant Oracle is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271. If Defendant Oracle is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant Oracle induces to infringe and/or whose infringement to which Defendant Oracle contributes are the end users of the above-referenced Oracle WebCenter product; moreover, Defendant Oracle had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

37. Upon information and belief, Defendant SAP makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for electronic publishing that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States. For example, SAP sells and offers for sale enterprise content management systems (e.g., NetWeaver) that are

especially configured for web-based editing and publishing, in accordance with one or more claims of the '629 patent to the injury of Ingeniador. Defendant SAP is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271. If Defendant SAP is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant SAP induces to infringe and/or whose infringement to which Defendant SAP contributes are the end users of the above-referenced NetWeaver product; moreover, Defendant SAP had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

38. Upon information and belief, Defendant SDL makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for electronic publishing that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States. For example, SDL sells and offers for sale enterprise content management systems (e.g., SDL Tridion R5)

that are especially configured for web-based editing and publishing, in accordance with one or more claims of the '629 patent to the injury of Ingeniador. Defendant SDL is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271. If Defendant SDL is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant SDL induces to infringe and/or whose infringement to which Defendant SDL contributes are the end users of the above-referenced SDL Tridion R5 product; moreover, Defendant SDL had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

39. Upon information and belief, Defendant SpringCM makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for electronic publishing that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States. For example, SpringCM sells and offers for sale enterprise content management systems (e.g., SpringCM Enterprise

Content Management) that are especially configured for web-based editing and publishing in accordance with one or more claims of the '629 patent to the injury of Ingeniador.  Defendant SpringCM is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271.   If Defendant SpringCM is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant SpringCM induces to infringe and/or whose infringement to which Defendant SpringCM contributes are the end users of the above-referenced SpringCM Enterprise Content Management product; moreover, Defendant SpringCM had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

## V.   COUNT I

### INFRINGEMENT OF THE '629 PATENT

40.   Ingeniador realleges and incorporates by reference the allegations set forth in paragraphs 24-40.

41.   Ingeniador is the owner of all right, title, and interest in the '629 patent, entitled "Publishing System for Intranet," duly and properly issued by the United States Patent and Trademark Office on January 24, 2006.

42.   Defendants have individually been and are directly infringing and/or inducing infringement of and/or contributorily

infringing the '629 patent by, among other things making, using, offering to sell or selling in the United States products and/or services which are covered by at least one of the claims of the '629 patent.

43. Ingeniador has no adequate remedy at law against Defendants' acts of infringement and Defendants' infringement will continue unless enjoined by this Court.

44. Ingeniador has suffered and will continue to suffer irreparable injury as a result of Defendants' infringement.

45. Ingeniador is in compliance with the requirements of 35 U.S.C. §287.

46. Ingeniador has been damaged by Defendants' infringement and will continue to be damaged until enjoined by this Court.

## VI.   DEMAND FOR JURY TRIAL

Ingeniador demands a trial by jury of any and all causes of action.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Ingeniador prays for the following relief:

A.   That each Defendant be adjudged to have infringed the '629 patent, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

B.   That each Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches,

parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the '629 patent;

C.   An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Ingeniador for the Defendants' past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

D.   An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

E.   That Defendants be directed to pay enhanced damages, including Ingeniador's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

F.   That Ingeniador have such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 26th day of August, 2011.

**Ferraiuoli LLC**
221 Plaza, Suite 403
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001

*S/Eugenio J. Torres-Oyola*
USDC No. 215505
E-mail: etorres@ferraiuoli.com

24

**REICHARD & ESCALERA**
MCS Plaza 255 Ponce de León Ave. Ste. 1,000
San Juan, PR 00917-1913
PO Box 364148
San Juan, PR 00936-4148
Tel. 787 777-8888 / Fax 787 765-4225
Counsellors@reichardescalera.com


*S/Rafael Escalera-Rodríguez*
E-mail: escalera@reichardescalera.com
matos@reichardescalera.com
U.S.D.C. No. 122,609


ATTORNEYS FOR PLAINTIFF
INGENIADOR, LLC