IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INGENIADOR, LLC,

                Plaintiff,

    v.

ALFRESCO SOFTWARE, INC., *et al.*

                Defendants.

Civil No.:  11-1840 (GAG)

**JOINT MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) BY DEFENDANTS MICROSOFT, HEWLETT-PACKARD, EMC, NUXEO, INFORMATICA, ORACLE, SAP AMERICA, AND LEXMARK INTERNATIONAL**

## <u>TABLE OF CONTENTS</u>

Page

I.  INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................ 2

III.  ARGUMENT ..................................................................................................... 5

   A.  To Avoid Dismissal, A Complaint Must Plead Facts
      That Raise The Right To Relief Beyond The Speculative Level ...................... 5

   B.  The Types of Patent Claims and Patent Infringement ........................................ 7

   C.  Plaintiff Fails to State a Claim for Inducing Infringement ................................ 9

   D.  Plaintiff Fails to State a Claim for Contributory Infringement ......................... 12

   E.  Plaintiff Fails to State a Claim for Direct Infringement .................................... 15

IV.  CONCLUSION ................................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

*ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*,
   501 F.3d 1307 (Fed. Cir. 2007) .................................................................................. 9

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ........................................................................ 1, 5, 7, 9, 10, 16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................. 1, 5, 7, 9, 10, 16

*Bender v. Motorola, Inc.*,
   2010 WL 726739 (N.D. Cal. Feb. 26, 2010) ........................................................... 11

*Brain Life, LLC v. Elektra Inc.*,
   Case No. 10-cv-1539, Order at 16, 19 (S.D. Cal. July 15, 2011) ........................... 10

*Catapano v. Wyeth Ayerst Pharms., Inc.*,
   88 F. Supp. 2d 27 (E.D.N.Y. 2000) ........................................................................ 12

*Centillion Data Syst., LLC v. Qwest Commc'ns Int'l, Inc.*,
   631 F.3d 1279 (Fed. Cir. 2011) .......................................................................... 8, 15

*Classen Immunotherapies, Inc. v. Biogen IDEC*,
   381 F. Supp. 2d 452 (D. Md. 2005) ........................................................................ 18

*DSU Medical Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006) ................................................................................ 9

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004) ................................................................................ 9

*Eidos Commc'ns, LLC v. Skype Tech. SA*,
   686 F. Supp. 2d 465 (D. Del. 2010) ......................................................................... 7

*Elan Microelecs. Corp. v. Apple, Inc.*,
   2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ....................................................... 16

*E-Pass Techs., Inc. v. 3Com Corp.*,
   473 F.3d 1213 (Fed. Cir. 2007) .............................................................................. 17

*Global Patent Holdings, LLC v. Panthers BRHC LLC*,
   586 F. Supp. 2d 1331 (S.D. Fla. 2008) .................................................................. 10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011) .............................................................................................. 9

*Halton Co. v. Streivor, Inc.*,
   2010 WL 2077203 (N.D. Cal. June 9, 2010) .......................................................... 10

*Joy Techs., Inc. v Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993) ...................................................................................... 8

*Lucent Techs., Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009) .............................................................................. 12

*MacNeill Engineering Co. v. Trisport, Ltd.*,
   59 F. Supp. 2d 199 (D. Mass. 1999) ...................................................................... 12

*Manville Sales Corp. v. Paramount Systems, Inc.*,
   917 F.2d 544 (Fed. Cir. 1990) .................................................................................. 9

*Medsquire LLC v. Spring Med. Sys. Inc.*,
   2011 WL 4101093 (C.D. Cal. Aug. 31, 2011) ....................................................... 16

*Mendenhall v. Cedarapids, Inc.*,
   5 F.3d 1557 (Fed. Cir. 1993) .................................................................................. 17

*Mercoid Corp. v. Minneapolis-Honeywell Regulator Co.*,
  320 U.S. 680 (1944).................................................................................................. 8
*NTP, Inc. v. Research In Motion, Ltd.*,
  418 F.3d 1282 (Fed. Cir. 2005) ............................................................................ 17
*Ocasio-Hernandez v. Fortuño-Burset*,
  640 F.3d 1 (1st Cir. 2011 ......................................................................................... 5
*Ormco Corp. v. Align Tech., Inc.*,
  463 F.3d 1299 (Fed. Cir. 2006)............................................................................. 17
*Peñalbert–Rosa v. Fortuño–Burset*,
  631 F.3d 592 (1st Cir. 2011)................................................................................... 6
*Realtime Data, LLC v. Stanley*,
  2010 U.S. Dist. LEXIS 58049 (E.D. Tex. May 7, 2010)...................................... 10
*RPost Holdings Inc. v. Goodmail Sys., Inc.*,
  Case No. Case No. CV-09-6668, Order at 5 (C.D. Cal. Feb. 4, 2010) ................. 11
*Sepúlveda–Villarini v. Dep't of Educ. of P.R.*,
  628 F.3d 25 (1st Cir. 2010)..................................................................................... 7
*Shearing v. Optical Radiation Corp.*,
  1994 WL 382444 (D. Nev. Mar. 25, 1994) .......................................................... 11
*Soto-Torres v. Fraticelli*,
  654 F.3d 153 (1st Cir. 2011)................................................................................ 6, 7
*Tech. Licensing Corp. v. Technicolor USA, Inc.*,
  2010 WL 4070208 (E.D. Cal. Oct. 18, 2010) ...................................................... 11
*UTStarcom, Inc. v. Starent Networks Corp.*,
  2005 WL 3299714 (N.D. Cal. Dec. 6, 2005) ........................................................ 17
*View Eng'g Inc. v. Robotic Vision Sys., Inc.*,
  208 F.3d 981 (Fed. Cir. 2000)............................................................................... 17
*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009).............................................................................. 13
*XPoint Techs., Inc. v. Microsoft Corp.*,
  730 F.Supp.2d 349 (D. Del. 2010) ........................................................................ 12

**Statutes**

35 U.S.C. § 112, ¶ 2.....................................................................................................2
35 U.S.C. § 112, ¶ 4.....................................................................................................3
35 U.S.C. § 271(a) ...............................................................................................1, 2, 7
35 U.S.C. § 271(b) ............................................................................................... passim
35 U.S.C. § 271(c) ............................................................................................... passim

**Rules**

Fed. R. Civ. P. 8 .........................................................................................................5, 8
Fed. R. Civ. P. 9(b) .......................................................................................................7
Fed. R. Civ. P. 12(b)(6)...................................................................................1, 2, 5, 19

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Microsoft Corporation, Hewlett-Packard Company, EMC Corporation, Nuxeo Corporation, Informatica Corporation, Oracle Corporation, SAP America, Inc., and Lexmark International, Inc. (hereafter the "Moving Defendants"), move the Court to dismiss the Complaint filed against them.

## I.      <u>INTRODUCTION</u>

The Complaint filed by Plaintiff Ingeniador, LLC fails to plead factual allegations sufficient to state a claim and show entitlement to relief, as required by Fed. R. Civ. P. 8 as interpreted by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff accuses each Defendant of inducing patent infringement under 35 U.S.C. § 271(b) and contributory patent infringement under 35 U.S.C. § 271(c).  These statutory provisions (collectively referred to as "indirect infringement," to distinguish "direct infringement" under 35 U.S.C. § 271(a)) impose liability for actions that do not themselves directly use a patented "invention," but only in limited, restricted situations.  For example, as the U.S. Supreme Court ruled last term, one cannot be liable for inducing another to infringe a patent unless one knows—not merely should know—that the acts being induced actually constitute infringement of the asserted patent.  But, as explained below, the Complaint fails to plead this actual knowledge element and other required factual elements of indirect patent infringement. For example, for no Defendant does this Complaint allege that Plaintiff contacted the Defendant pre-suit, mapped an entire patent claim to specific accused technology of that Defendant, and then the Defendant, believing its customers' use of the technology infringed, persisted anyway— or any equivalent factual allegation supporting this element of the cause of action.  Having failed to make the required factual allegations, Plaintiff should not be permitted to pursue any claim for indirect infringement.

The Complaint likewise lacks the factual allegations necessary to state a claim for direct patent infringement under 35 U.S.C. § 271(a), as explained below. Other than vague allegations and a non-limiting example provided for each Defendant, Plaintiff has not identified which "products, systems, platforms, and/or tools" allegedly infringe the patent. That makes it an overbroad and unrealistic task for any Defendant to analyze the claims, prepare defenses, respond to the Complaint, or fulfill any discovery preservation obligations.

Accordingly, the Moving Defendants request that the Court dismiss the Complaint against them pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.    <u>BACKGROUND</u>

This patent infringement suit is not brought by one who invented something and obtained a patent on it. Rather, Plaintiff is a non-practicing entity that allegedly acquired rights in the patent-in-suit shortly before filing this Complaint, but did not record any assignment of rights until after filing the Complaint. As noted, Plaintiff does not allege that it (or anyone else) explained its theory of infringement of this patent to any Defendant before filing this suit.

The Complaint alleges that sixteen separate Defendants infringe U.S. Patent No. 6,990,629 ("the '629 patent"). Despite the fact that the sixteen Defendants operate different businesses, provide different offerings and services, and are in some cases competitors, Plaintiff's infringement allegations are nearly identical for each Defendant.

The Patent Act requires that a patent conclude with "one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2. It is these claims (properly interpreted) which define the scope of the patent's protection, and thus patent "infringement" is measured against the claims. A

patent claim may be directed to a process (method), machine, manufacture (product or device), or composition of matter, *id*. § 101, or a combination of elements making up a system.

The asserted '629 patent (attached to the Complaint as Exhibit A) has two "independent" claims, with its remaining claims dependent on one of those two.  (Complaint, Dkt. No. 1, Ex. A at Cols. 11-14.)  *See* 35 U.S.C. § 112, ¶ 4 ("A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.")  Claim 1 is directed to a "method of controlling a web-based editing and publishing system comprising a network of client computers, network file server and a Light Weight Directory Access Protocol (LDAP) directory server . . .," and recites a number of steps.  (Complaint, Ex. A at Col. 11.)  The other independent claim, Claim 20, is a hybrid claim, coupling a combination of machines with some apparent method steps.  More specifically, Claim 20 is directed to a "computer network for web-based editing and publishing system comprising a network of client computers, network file server and a Light Weight Directory Access Protocol (LDAP) directory server . ..," but also recites some apparent method steps:  "and including the web-publishable information as part of the requested files displayed on the client computer for editing further parts of the files".  (*Id*. at Col. 14.)  Each of these independent claims recites numerous elements, each of which must be combined in the recited manner for there to be infringement of the claim.

For each Defendant, the Complaint contains a single paragraph that lists three independent causes of action—for direct infringement "and/or" inducing infringement "and/or" contributory infringement due to the making, using, selling, offering to sell, or importing of vaguely identified technology areas and classes of accused offerings.

The allegation against Oracle is exemplary:

> Upon information and belief, Defendant Oracle makes, uses, sells
> offers for sale, and imports products, systems, platforms, **and/or**

3

> tools for electronic publishing that embody one or more claims of
> the '629 patent **or** are especially configured for use in and
> constitute a material portion of the patented invention **and/or**
> indirectly infringed one or more claims of the '629 patent by way
> of inducing infringement by others **and/or** contributing to the
> infringement by others of the '629 patent in this judicial district
> and elsewhere in the United States.

(Complaint, at ¶ 36 (emphases added).)  Then, for each Defendant, the Complaint purports to

provide more specificity, but does so merely by vaguely identifying the nature of the one

exemplary offering, while failing to identify any facts showing how any patent claims are

allegedly infringed:

> For example, Oracle sells and offers for sale enterprise content
> management platforms (e.g., Oracle WebCenter) that are especially
> configured for web-based editing and publishing (e.g., webpage
> format) in accordance with one or more claims of the '629 patent
> to the injury of Ingeniador.  Defendant Oracle is thus liable for
> infringement of the '629 patent pursuant to 35 U.S.C. § 271.

(*Id*.)  Finally, Plaintiff proposes a fallback position that if it cannot prove direct infringement,

then it might rely on indirect infringement, but it does so only by reciting a few, but not all, of

the indirect-infringement elements, and fails to plead any facts showing how these elements are

allegedly met:

> If Defendant Oracle is not deemed to directly infringe the above-
> referenced claims of the '629 patent, those who Defendant Oracle
> induces to infringe and/or whose infringement to which Defendant
> Oracle contributes are the end users of the above-referenced Oracle
> WebCenter product; moreover, Defendant Oracle had knowledge
> of the '629 patent at least as early as the filing of the original
> complaint and is thus liable for infringement of one or more claims
> of the '629 patent by actively inducing infringement and/or is
> liable as a contributory infringer of one or more claims of the '629
> patent under 25 U.S.C. § 271.

(*Id*.)  The allegations against the other fifteen Defendants follow this same pattern.

On the basis of these perfunctory allegations, Plaintiff makes far-reaching demands for relief against the Defendants, including: (i) a permanent injunction; (ii) damages; and (iii) costs, interest, and attorneys' fees.  (*Id.* at pp. 23-24.)

## III.   ARGUMENT

### A.   To Avoid Dismissal, A Complaint Must Plead Facts That Raise The Right To Relief Beyond The Speculative Level

A complaint should be dismissed if it fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To satisfy minimal pleading requirements under Fed. R. Civ. P. 8, a plaintiff must provide "a short and plain statement of the claim **showing that the pleader is entitled to relief**, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly,* 550 U.S. at 555 (emphasis added) (internal quotation marks omitted).  A court must consider "the cumulative effect of the factual allegations," viewed in the light most favorable to the plaintiff, in evaluating a complaint's compliance with Rule 8.  *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 14 (1st Cir. 2011).  In *Twombly*, the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*; *see Ocasio-Hernandez*, 640 F.3d at 8.

In *Iqbal*, the Supreme Court elaborated on *Twombly*, explaining that it rested on two separate "working principles."  *Iqbal*, 129 S. Ct. at 1949.  The first is "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 1949-50. The second working principle is that even if a complaint alleges more than just legal conclusions, it still may not be sufficient:  "only a

complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (emphasis added).

Thus, under *Twombly* and *Iqbal*, Rule 8(a)(2) "requires a [complaint to provide a] showing, rather than a blanket assertion, of entitlement to relief." *Twombly,* 550 U.S. at 556 n.3. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1951. Further, although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Construing *Iqbal* and *Twombly*, the First Circuit[1] applies a two-prong approach to determine the sufficiency of a complaint. *Ocasio-Hernandez*, 640 F.3d at 12.

"The first prong is to identify the factual allegation and to identify statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory." *Soto-Torres v. Fraticelli*, 654 F.3d 153, 158 (1st Cir. 2011). "[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Peñalbert–Rosa v. Fortuño–Burset*, 631 F.3d 592, 595 (1st Cir. 2011). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Ocasio-Hernandez*, 640 F.3d at 12.

---

[1]  Because the sufficiency of a Complaint is not an issue unique to patent law, the Court of Appeals for the Federal Circuit applies regional circuit law, not its own law, to this issue. *See C & F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000).

"The second prong is to ask whether the facts alleged would 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Soto-Torres*, 654 F.3d at 159 (quoting *Iqbal*, 129 S. Ct. at 1949). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010).

While Rule 8 does not require the factual allegations in a complaint to be particularized or specific (*cf.* Fed. R. Civ. P. 9(b) (requiring fraud allegations to be stated "with particularity"); *Ocasio-Hernandez*, 640 F.3d at 12), in *Twombly*, the Supreme Court recognized the "potentially enormous expense of discovery" and stated that "[a] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558-559 (internal citation omitted). Moreover, "a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Vill. Of Lemont*, 520 F.3d 797, 802-803 (7th Cir. 2008) (citing *Twombly*).[2]

**B.      The Types of Patent Claims and Patent Infringement**

The patent statute defines distinct torts of direct infringement, inducing infringement and contributory infringement separately, and each tort has distinct elements and pleading requirements. *See* 35 U.S.C. § 271(a) (direct infringement); 35 U.S.C. § 271(b) (inducing infringement); 35 U.S.C. § 271(c) (contributory infringement).

As noted, patents may have distinct types of claims, including a "process" or "machine." *See* 35 U.S.C. § 101. The type of claim dictates the type of actions that may infringe the claim.

---

[2] *See also Eidos Commc'ns, LLC v. Skype Tech. SA*, 686 F. Supp. 2d 465, 469 (D. Del. 2010) ("Plaintiffs have not guided the course of discovery in this action by utilizing conditional language throughout their complaint.")

A process or method claim can be infringed directly only if someone actually performs the method.  *See Joy Techs., Inc. v Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993).  Thus, in *Joy Technologies*, the Federal Circuit refused to enjoin an adjudicated infringer from selling an industrial plant for desulfurizing flue gas produced from the combustion of coal, which plant was designed to be capable of performing the patented process, in part because sale of a machine cannot as a matter of law directly infringe a method claim.  *Id*. at 773-74.

A machine or system claim is infringed directly only when someone makes, uses, sells, or offers to sell or imports something having all of the elements recited in the patent claim, arranged in the claimed manner.  *See, e.g.*, *Centillion Data Syst., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1284, 1288 (Fed. Cir. 2011).  That is, a claim reciting a combination of parts comprising a system or device can be directly infringed only by making, using, selling, offering to sell, or importing an assembled and "functioning whole."  *Mercoid Corp. v. Minneapolis-Honeywell Regulator Co.*, 320 U.S. 680, 684 (1944).

As noted, the claims of the '629 patent asserted in this case are either method (process) claims or hybrid claims directed to a network of computers and servers, but also including apparent method steps.  (Complaint, Ex. A at Cols. 11-14.)  The asserted patent includes no "manufacture" (product or device) claims, and, in particular, no claims to a "computer readable medium" that include instructions for performing recited tasks.[3]  As a consequence, merely making or "selling" software, cannot, as a matter of law, directly infringe any claim of the asserted patent.

---

[3] A "computer-readable media" claim is one reciting a data storage device (e.g., a computer disk or hard drive) that contains program instructions for a computer to perform a particular process.  *See CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1373 (Fed. Cir. 2011).

### C.      Plaintiff Fails to State a Claim for Inducing Infringement

Section 271(b) identifies the tort of inducing infringement:  "whoever actively induces infringement of a patent shall be liable as an infringer."  The case law has expanded on this cryptic statutory language.  The inducement-of-infringement cause of action has several elements.  First, a different party than the alleged inducer must directly infringe the patent. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004).  Second, the alleged inducer must perform acts that actively induce the direct infringer to directly infringe. "[A]s was stated in *Manville Sales Corp. v. Paramount Systems, Inc.,* 917 F.2d 544, 554 (Fed. Cir. 1990), '[t]he plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts . . .'" *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*).  Third, the alleged inducer must have specific intent to encourage the direct infringer's infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2065, 2068 (2011); *ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007).

Plaintiff hypothetically pleads that "if" the Defendants are not found to directly infringe, then they should be found liable for inducing infringement of others.  The Complaint does not, however, adequately plead a single element of a claim for inducing infringement.  Instead, it merely lists the cause of action, falling far short of the Supreme Court's command that a complaint's legal conclusions "must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1951.

First, the Complaint does not allege a predicate act of direct infringement, even though "inducement to infringe can only arise in the presence of direct infringement." *Dynacore Holdings Corp.*, 363 F.3d at 1272.  The Complaint states only that Defendants are inducing "end users" of certain software.  However, that allegation does not plead facts making plausible that any "end user" directly infringes by using each and every computer and server in the hybrid

9

claim or practicing each and every step in the method claim.  In short, this allegation that Defendants induce infringement by "end users" is nothing more than a threadbare recital of one of the elements of a cause of action for inducing infringement.  This is an example of "ultimate legal conclusions [and] unadorned recitations of a cause-of-action's elements couched as factual assertions," not "allegations of discrete factual events such as the defendants questioning the plaintiffs and replacing the plaintiffs with new employees."  *Ocasio-Hernandez*, 640 F.3d at 14.

Applying *Twombly* and *Iqbal*, a court recently found that a nearly identical conclusory allegation—that the defendant actively induc[ed] direct infringement by other persons— specifically, [its] customers and partners"—is "insufficient" to state a claim for inducement. *Medsquire LLC v. Spring Med. Sys. Inc.*, 2011 WL 4101093, at *3-4 (C.D. Cal. Aug. 31, 2011)[4]; *see also Brain Life, LLC v. Elektra Inc.*, Case No. 10-cv-1539, Order at 16, 19 (S.D. Cal. July 15, 2011) (finding "little doubt" that an allegation of inducement is inadequate under *Iqbal* where its direct infringement allegation merely stated that "users and purchasers" of the defendant's product infringed the claimed method); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008) (allegation that defendant "had a specific intent to induce others to infringe" a patent does "not sufficiently allege[] a predicate finding of direct infringement"); *Halton Co. v. Streivor, Inc.,* 2010 WL 2077203, at *2 (N.D. Cal. June 9, 2010) (dismissing claims of indirect infringement where complaint did not name any entity other than the defendant as a direct infringer); *Realtime Data, LLC v. Stanley*, 2010 U.S. Dist. LEXIS 58049, at *14-15 (E.D. Tex. May 7, 2010) ("a complaint alleging indirect infringement [must, among other facts,] affirmatively . . . identify a direct infringer in reference to [] indirect

---

[4] For the Court's convenience, copies of all Westlaw, Lexis, and slip decisions cited in this motion are attached in alphabetical order as Exhibit 1.

infringement claims") (internal citations omitted); *Shearing v. Optical Radiation Corp.,* 1994 WL 382444, at *2 (D. Nev. Mar. 25, 1994) (dismissing indirect infringement claims where the complaint failed to identify the direct infringer).  As in all of these similar cases, the Complaint here does not adequately allege a predicate direct infringement, and therefore fails to state a claim for inducement under 35 U.S.C. § 271(b).

Second, the Complaint fails to identify any acts whatsoever that supposedly induced the unnamed alleged direct infringers.  *See RPost Holdings Inc. v. Goodmail Sys., Inc.*, Case No. Case No. CV-09-6668, Order at 5 (C.D. Cal. Feb. 4, 2010) (finding inducement allegation inadequate because, *inter alia*, it "does not state what acts by [defendants] induced or encouraged infringement by [others]").

Third, the Complaint fails to plead that Defendants possessed the predicate intent by inducing others to infringe with "knowledge that the induced acts constitute patent infringement." *Global-Tech*, 131 S. Ct. at 2068.  In fact, the Complaint does not even recite this element of inducing infringement, much less plead facts making such an allegation plausible.  As a result, the Complaint does not state a claim for inducing infringement.  *See Twombly,* 550 U.S. at 556 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief").  Courts regularly dismiss inducement claims when the plaintiff pleads, as Plaintiff has here, only that the defendant "performed acts . . . that infringe and induce others to infringe, holding that such a "conclusory, fact-barren allegation fails to state a claim for inducement to infringe under 35 U.S.C. § 271(b)." *Bender v. Motorola, Inc.*, 2010 WL 726739, at *4 (N.D. Cal. Feb. 26, 2010).[5]

---

[5] *See, e.g., Tech. Licensing Corp. v. Technicolor USA, Inc.*, 2010 WL 4070208, at *3 (E.D. Cal. Oct. 18, 2010) ("the facts as alleged do not show a plausible entitlement to relief" because,

There is simply no factual content from these allegations to infer that Plaintiff's inducement claim is plausible.  Plaintiff's naked legal conclusions of inducement fail.  As a result, Plaintiff's claim in the alternative that Defendants induce infringement should be dismissed.

### D.      Plaintiff Fails to State a Claim for Contributory Infringement

Pursuant to Section 271(c), an accused infringer may be liable for contributory infringement if it "[o]ffers to sell or sells within the United States or imports into the United States a component of a patented [device] . . ., or a material or apparatus for use in practicing a process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use . . . ." 35 U.S.C. § 271(c).

Like inducement, contributory infringement requires a predicate finding of direct infringement by a separate person, not the Defendant.  *Dynacore Holdings Corp.*, 363 F.3d at 1272.  Second, it requires at least knowledge of the patent.  *Global-Tech,* 131 S. Ct. at 2067-68; *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009).  Third, it requires that the defendant know that a component (or material or apparatus) it sells is especially made or especially adapted for use in an infringement of such patent.  *Id.; MacNeill Eng'g Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 201 (D. Mass. 1999).  Fourth, it requires "a showing that the article being used is not a staple item of commerce with no substantial noninfringing uses." *MacNeill Eng'g*, 59 F. Supp. 2d at 201.

---

in part, the plaintiff failed to allege "defendant's knowing inducement and intent to encourage infringement"); *XPoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 & n.10 (D. Del. 2010) (dismissing indirect infringement claim where plaintiff "resorts to a mere recitation of the elements for indirect infringement, which is insufficient"); *Catapano v. Wyeth Ayerst Pharms., Inc.*, 88 F. Supp. 2d 27, 30 (E.D.N.Y. 2000) (dismissing plaintiff's induced infringement claim because even alleging actual knowledge of the patent is insufficient to allege specific intent).

Plaintiff fails to even allege these elements of a claim for contributory patent infringement, as set forth in 35 U.S.C. § 271(c), much less allege any of the required facts sufficient to support such a claim.  First, as set forth above, the Complaint fails to plead a predicate finding of direct infringement.  The Complaint therefore fails to state a claim for contributory infringement under 35 U.S.C. § 271(c) for this same reason that it fails to state a claim for inducing infringement under 35 U.S.C. § 271(b).  *See*, *e.g.*, *Tech. Licensing*, 2010 WL 4070208, at *3; *Shearing*, 1994 WL 382444, at *2.

Second, the Complaint does not allege any facts identifying any "component" (or "material or apparatus") required by the statute, nor that such component (or material or apparatus) is "especially made or especially adapted for use in an infringement," nor that any Defendant knew that.  *See* 35 U.S.C. § 271(c).

Third, the Complaint does not allege any facts showing any Defendant-supplied "component" or "material or apparatus" is a "non-staple article" that lacks substantial non-infringing uses—much less facts to make such a conclusion plausible.  The statute defining contributory infringement contains this requirement, and it is a material element of the claim. *See* 35 U.S.C. § 271(c).  Under Section 271(c), "non-infringing uses are substantial when they are not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).  In *Vita-Mix*, the patent concerned consumer food blenders, and claimed a method of inserting a plunger into the body of the blender to prevent the formation of an air pocket around the moving blades.  The Federal Circuit assumed, in its discussion of contributory infringement, that the accused blenders were used by some customers in an infringing manner.  Nevertheless, the Court held as a matter of law that the sale of those blenders was not contributory infringement, because customers instead

could use those blenders in a (substantial) non-infringing manner, by actively stirring with a stir stick. *Id*. at 1327-28.

The critical elements lacking in Plaintiff's allegations are similar to those made by the plaintiff in *RPost Holdings Inc. v. Goodmail Systems, Inc.*:

- RPost identifies no component sold [defendants] that is a material part of Goodmail's accused CertifiedEmail Paper Suppression service.

- RPost states no facts from which it could be inferred that any such as-yet-unidentified component was especially made or adapted for the accused infringing use, or that AOL and Yahoo! knew that the combination for which such components were especially made was both patented and infringing.

- RPost states no facts from which it could be inferred that any such as-yet-unidentified component has no substantial noninfringing use.

Case No. CV-09-6668, Order at 3 (C.D. Cal. Feb. 4, 2010).[6]

Just as in *RPost*, for each of the above reasons, the Complaint fails to plead a claim for contributory infringement. Instead, Plaintiff's allegations are nothing more than labels and conclusions. *See Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitl[ement] to relief' requires more than labels and conclusions . . . "). Plaintiff's pleading of a mere conclusion of contributory infringement fails to make it even past the first *Twombly* prong by including facts, much less making the second hurdle of including sufficient facts to make the claim plausible.

---

[6] *See also Tech. Licensing*, 2010 WL 4070208, at *3 (finding complaint failed to plead contributory infringement because it did not explain "defendant's knowledge of a combination's infringement and lack of substantial non-infringing uses"); *Halton*, 2010 WL 2077203, at *2 (dismissing claims of contributory infringement where complaint failed to explain how any accused product was a "component of a patented machine ... constituting a material part of the [patented] invention" or that the accused product was not capable of "substantial noninfringing use").

Finally, the Complaint fails to plead any facts regarding the requisite state of mind to support any allegations for contributory infringement under 35 U.S. C. §271(c), which at least requires knowledge of the patent. *Global-Tech,* 131 S. Ct. at 2067-68.

For all of these reasons, the Court should dismiss Plaintiff's claim for contributory infringement as well.

### E.     Plaintiff Fails to State a Claim for Direct Infringement

Section 271(a) describes direct infringement: "Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."

The Complaint fails to state a claim for direct infringement for either set of claims in the asserted patent. And, the Complaint fails to provide proper notice to the Defendants for the purposes of preparing any Answers and defenses and to meet any discovery preservation obligations.

Hybrid Claims:  For a claim reciting a combination of machine elements, a defendant can infringe only if it makes, uses, sells, or offers to sell all of the elements recited in the patent claim combined in a functioning whole, here including all of the computers and servers recited in claim 20. *E.g.*, *Centillion Data Syst.*, 631 F.3d 1279 at 1284, 1288; *Mercoid Corp.*, 320 U.S. at 684 ("a patent on a combination is a patent on the assembled or functioning whole, not on the separate parts"). Plaintiff does not even purport to allege that the Defendants make, use, sell, offer to sell, or import the combined network of client computers and server computers required by Claim 20 and its dependent claims. Instead, Plaintiff alleges that Defendants directly infringe by making, using, selling, offering to sell, or importing an exemplary software (for example, Sharepoint for Microsoft and WebCenter for Oracle). This allegation is insufficient for several reasons.

15

"Merely naming a product and providing a conclusory statement that it infringes a patent is insufficient to meet the 'plausibility' standard set forth in *Twombly* and *Iqbal*." *Medsquire*, 2011 WL 4101093, at *3; *see also Elan Microelecs. Corp. v. Apple, Inc*., 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) (dismissing Apple's counterclaims against "touch sensitive input devices or touchpads, **including but not limited to** the Smart-Pad" under *Twombly* and *Iqbal*) (emphasis added).)  The complete disconnect between the exemplary offerings identified in the Complaint (software) and the required apparatus elements of the hybrid claims (computers) highlights the basis for Supreme Court's holdings in *Iqbal* and *Twombly*.  Here, Plaintiff is alleging direct infringement—and trying to open the gates of extensive discovery—by identifying software that cannot plausibly match with all of the required elements in these hybrid patent claims (including computers, among other things).

Plaintiff may point to the patent infringement pleading condoned by Form 18 to the Federal Rules of Civil Procedure.  However, that form pleading is limited to direct infringement, and to a patent for an "electric motor," which is a unitary machine not a combination of elements into a system.  Form 18 alleges that the defendant made, sold, and used the claimed electric motor.  Extending that pleading to a combination claim, the Complaint would need to plead that the defendant made, sold, or used the entire combination of parts recited in the claim assembled together as a functioning whole.  Plaintiff's Complaint has no such allegation.  Thus, even if Form 18 applies at all in the wake of *Twombly* and *Iqbal*, it does not save Plaintiff's Complaint.

If Plaintiff wished to plead direct infringement of the claims requiring a system of various computers, the Supreme Court standard required that it plead facts showing how the Defendants make, use, sell, offer to sell, or import each and every element of those claims.  It has failed to do so.

Method Claims:  A defendant can directly infringe a method claim only if it practices each and every step of the method.  *See NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005); *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1223 (Fed. Cir. 2007). The distribution of software or tools used by others to perform a patented method does not directly infringe a method patent claim.  *See Joy Techs.*, 6 F.3d at 774 ("the sale of equipment to perform a process is not a direct infringement of the process"); *UTStarcom, Inc. v. Starent Networks Corp.*, 2005 WL 3299714, at *3 (N.D. Cal. Dec. 6, 2005) ("The manufacture and sale of a device without more cannot directly infringe a method patent for a method that employs such devices; such a method patent is directly infringed only when the device is actually used in the claimed method.") (citing *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1579 (Fed. Cir. 1993)).  Nor does selling a product capable of being used in the patented manner directly infringe.  *See, e.g., Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1310-11 (Fed. Cir. 2006) (rejecting district court holding that a method claim would be infringed by selling dental position adjustment devices that are merely capable of infringing).

To the extent that Plaintiff is alleging infringement of its method claims, the Complaint's allegations that Defendants directly infringe by making, selling, or offering for sale software (such as, Defendant Microsoft's Sharepoint software) are therefore non sequiturs.  Plaintiff's Complaint does not allege facts that make a claim for direct infringement of the method claims by any Defendant plausible under the law.

Prior to suing for patent infringement, a plaintiff must "apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000).  As a result,

"[i]f challenged, a patent holder bringing an infringement claim must be able to demonstrate to the court and the alleged infringer exactly why it believed **before** filing suit that it had a reasonable chance of proving infringement." *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 457 (D. Md. 2005) (citing *View Eng'g*, 208 F.3d at 986) (emphasis added). Accordingly, there is no excuse for Plaintiff's failure to identify in the Complaint the facts supporting its claim for infringement.

In sum, while the Complaint parrots the words "make" and "use" from the language of the statute, it fails to allege facts supporting a conclusion that each Defendant itself makes, uses, sells, or offers to sell the entirety of the claimed system of computers, nor that each Defendant itself practices each and every step of the claimed method of controlling that system of computers.  Under the First Circuit's two-pronged approach, the direct infringement allegations here are nothing more than  conclusions of infringement.

Indeed, the vague exemplary references and conclusory allegations regarding "products, systems, platforms, **and/or** tools for electronic publishing" or "content management," *etc.*, are especially problematic given that such allegations clearly provide insufficient notice regarding the claims of the case, where the majority of Defendants offer numerous technologies and products with a multitude of functionalities—all of which cannot be at issue in this action.  The Complaint thus imposes an unreasonable burden on the Defendants to guess at the scope of the case for the purposes of analyzing the claims, answering the Complaint, and fulfilling any document preservation obligations.

As such, the Complaint's claims for direct infringement should also be dismissed.

IV.   **CONCLUSION**

For the foregoing reasons, the Moving Defendants respectfully request that Plaintiff's

Complaint be dismissed as to them under Fed. R. Civ. P. 12(b)(6) as it fails to state a claim upon

which relief can be granted.

Respectfully submitted this 3rd day of November, 2011.

| | |
|---|---|
| By:  /s/ Tomás A. Román-Santos<br>    Tomás A. Román-Santos (Bar No. 219806)<br>    FIDDLER GONZÁLEZ & RODRIGUEZ, PSC<br>    254 Munoz Rivera Ave., 6th Floor<br>    Hato Rey, Puerto Rico  00918<br>    Telephone:  (787) 759-3291<br>    E-mail:  taroman@fgrlaw.com<br><br>    Karen I. Boyd (admitted *pro hac vice*)<br>    TURNER BOYD LLP<br>    2570 W. El Camino Real, Suite 380<br>    Palo Alto, California  94040<br>    Tel. (650) 521-5930/Fax. (650) 521-5931<br>    E-mail:  boyd@turnerboyd.com<br><br>    *Attorneys for Defendant Nuxeo Corporation* | By:  /s/ Tomás A. Román-Santos<br>    Tomás A. Román-Santos (Bar No. 219806)<br>    FIDDLER GONZÁLEZ & RODRIGUEZ, PSC<br>    254 Munoz Rivera Ave., 6th Floor<br>    Hato Rey, Puerto Rico  00918<br>    Telephone:  (787) 759-3291<br>    E-mail:  taroman@fgrlaw.com<br><br>    Christopher Carraway (admitted *pro hac vice*)<br>    Scott E. Davis (admitted *pro hac vice*)<br>    Derrick W. Toddy (admitted *pro hac vice*)<br>    John D. Vandenberg (admitted *pro hac vice*)<br>    KLARQUIST SPARKMAN, LLP<br>    One World Trade Center<br>    121 S.W. Salmon Street, Suite 1600<br>    Portland, Oregon  97204<br>    Telephone:  (503) 595-5300<br>    E-mail:  chris.carraway@klarquist.com<br>            scott.davis@klarquist.com<br>            derrick.toddy@klarquist.com<br>            john.vandenberg@klarquist.com<br><br>    *Attorneys for Defendants Microsoft Corp. and Hewlett-Packard Co.* |
| By:  /s/ Diego A. Ramos (w/ permission by Tomás A. Román-Santos<br>    Diego A. Ramos (Bar No. 127513)<br>    FIDDLER, GONZALEZ & RODRIGUEZ, PSC<br>    P. O. Box 363507<br>    San Juan, P. R. 00936-3507<br>    Tel. 787-759-3162<br>    Fax 787-759-3123 | By:  /s/ Salvador J. Antonetti Stutts (w/ permission by Tomás A. Román-Santos<br>    Salvador J. Antonetti Stutts (Bar No. 215002)<br>    E-mail:  santonetti@oneillborges.com<br>    Mauricio O. Muñiz-Luciano (Bar No. 220914)<br>    E-mail:  mmuniz@oneillborges.com<br>    O'NEILL & BORGES<br>    American International Plaza |

E-mail: dramos@fgrlaw.com

Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
John P. Bovich (SBN 150688)
Email: jbovich@reedsmith.com
Jonah D. Mitchell (SBN 203511)
Email: jmitchell@reedsmith.com
Seth B. Herring (SBN 253907)
Email: sherring@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Tel.: 415-543-8700
Fax: 415-391-8269

*Attorneys for Defendant Informatica Corporation*

By:  /s/ Tomás A. Román-Santos
    Tomás A. Román-Santos (Bar No. 219806)
    FIDDLER GONZÁLEZ & RODRIGUEZ, PSC
    254 Munoz Rivera Ave., 6th Floor
    Hato Rey, Puerto Rico  00918
    Telephone:  (787) 759-3291
    E-mail:  taroman@fgrlaw.com

    Timothy C. Meece (admitted *pro hac vice*)
    Bryan Medlock, Jr. (admitted *pro hac vice*)
    Jason S. Shull (admitted *pro hac vice*)
    Audra Eidem-Heinze (admitted *pro hac vice*)
    Banner & Witcoff LLP
    10 South Wacker, Suite 3000
    Chicago, Illinois 60606
    Tel. (312) 463-5000/Fax. (312) 463-5001
    E-mail: tmeece@bannerwitcoff.com
        bmedlock@bannerwitcoff.com
        jshull@bannerwitcoff.com
        aheinze@bannerwitcoff.com

    *Attorneys for Defendant Lexmark International, Inc.*

250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Telephone:  (787) 764-8181

Jesse J. Jenner (admitted *pro hac vice*)
Khue V. Hoang (admitted *pro hac vice*)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York  10036-8704
Telephone:  (212) 596-9000

*Attorneys for Defendant EMC Corporation*

By:  /s/ Roberto C. Quiñones-Rivera (w/ permission by Tomás A. Román-Santos
    Roberto C. Quiñones-Rivera (Bar No. 211512)
    MCCONNELL VALDÉS LLC
    P.O. Box 364225
    San Juan, PR 00936-4225
    Tel: 787-250-2631
    Fax: 787-474-9201
    rcq@mcpvr.com

    Douglas E. Lumish (*pro hac admission to be submitted*)
    Jeffrey G. Homrig (*pro hac admission to be submitted*)
    Joseph B. Shear (*pro hac admission to be submitted*)
    KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
    101 California Street, Suite 2300
    San Francisco, CA 94111
    Tel: 415-421-6140
    Fax: 415-398-5030
    DLumish@kasowitz.com
    jhomrig@kasowitz.com
    jshear@kasowitz.com

    Patricia Young (*pro hac admission to be*

20

|  | *submitted*)<br>KASOWITZ, BENSON, TORRES & FRIEDMAN<br>LLP<br>1633 Broadway<br>New York, NY 10019<br>Tel: 212-506-1952<br>Fax: 212-506-1800<br>pyoung@kasowitz.com<br><br>*Attorneys for Defendant Oracle Corporation* |
|---|---|
|  | By: /s/ Alejandro Febres-Jorge (w/ permission by<br>Tomás A. Román-Santos<br>Oreste R. Ramos (Bar No. 216801)<br>oramos@pmalaw.com<br>Alejandro Febres-Jorge (Bar No. 228403)<br>afebres@pmalaw.com<br>PIETRANTONI MÉNDEZ & ÁLVAREZ LLC<br>Popular Center, 19th Floor<br>208 Ponce de León Ave.<br>San Juan, Puerto Rico 00918<br>Tel: (787) 274-1212<br>Fax: (787) 274-1470<br><br>*Attorneys for Defendant SAP America, Inc.* |

## CERTIFICATE OF SERVICE

I CERTIFY that today, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send electronic notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 3rd day of November, 2011.

*/s/ Tomás A. Román-Santos*
Tomás A. Román-Santos
USDC-PR No. 219806

**FIDDLER, GONZÁLEZ & RODRÍGUEZ, PSC**
P. O. Box 363507
San Juan, PR  00936-3507
Tel. (787) 759-3291
Fax: (787) 759-3109
E-mail: taroman@fgrlaw.com

1948-021
#857040.1

1