# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>ALFRESCO SOFTWARE, INC.;<br>INTERWOVEN, INC; BLACKBOARD,<br>INC.; BRIDGELINE DIGITAL, INC.; EMC<br>CORPORATION; HEWLETT-PACKARD<br>COMPANY; INFORMATICA<br>CORPORATION; COMPULINK<br>MANAGEMENT CENTER, INC.;<br>LEXMARK INTERNATIONAL, INC.;<br>MICROSOFT CORPORATION; NUXEO<br>CORPORATION; OBJECTIVE<br>CORPORATION USA, INC.; ORACLE<br>CORPORATION; SAP AMERICA, INC.;<br>SDL TRIDION, INC.; AND SPRINGCM<br>INC.<br><br>*Defendants.* | CIVIL ACTION NO.: 3:11-cv-01840-GAG |

## EMC'S MOTION TO DISMISS FOR IMPROPER JOINDER OR, IN THE ALTERNATIVE, TO SEVER AND TRANSFER <u>TO THE NORTHERN DISTRICT OF CALIFORNIA</u>

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION...................................................................................................... 1

II.     NATURE AND STAGE OF THE PROCEEDINGS.................................................. 1

III.    EMC SHOULD BE DISMISSED FROM
        THIS ACTION FOR IMPROPER JOINDER............................................................. 2

        A.      Joinder of Defendants Is Improper Because Ingeniador Has
                Failed to Demonstrate *Both* Prongs of Rule 20(a)(2) ................................. 2

        B.      Numerous Courts Across Various Circuits Have Found Misjoinder
                Under Rule20(a)(2) Where Defendants Are Unrelated ............................... 3

        C.      Under The Recently-Enacted "America Invents Act," Ingeniador
                Would Not Have Been Permitted to Join EMC with the Other Defendants ........... 7

IV.     EMC WILL BE SEVERELY PREJUDICED IF IT IS REQUIRED TO
        DEFEND ITSELF ALONGSIDE 15 UNRELATED DEFENDANTS.............................. 8

V.      IN THE ALTERNATIVE, INGENIADOR'S CLAIMS
        AGAINST EMC SHOULD BE SEVERED AND TRANSFERED
        TO THE NORTHERN DISTRICT OF CALIFORNIA.............................................. 10

        A.      The "Convenience" and "Availability" Factors Favor
                Transfer To the Northern District of California ................................... 11

                1.      The Northern District of California is more convenient for EMC
                        whereas Ingeniador's ties to Puerto Rico are tenuous................................ 12

                2.      Most (if not all) of EMC's potential witness are in the
                        Northern District of California whereas it is unlikely that
                        Ingeniador will call many witnesses located in Puerto Rico........................ 15

                3.      The majority of relevant documents are located in
                        the Northern District of California ........................................... 16

        B.      The Remaining Factors Are Neutral Or Favor Transfer....................................... 17

VI.     CONCLUSION......................................................................................................... 17

# TABLE OF AUTHORITIES

Page

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.,*
  600 F.3d 516, 521 (5th Cir. 2010) ..................................................................10

*Androphy v. Smith & Nephew, Inc.,*
  31 F. Supp. 2d 620 (N.D. Ill. 1998) ...............................................................5

*Arista Records LLC v. Does 1-4,*
  589 F. Supp. 2d 151 (D. Conn. 2008)...............................................................7

*Arista Records LLC v. Does 1-11,*
  No. 1:07-CV-2828, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008)......................7

*Astro–Med, Inc. v. Nihon Kohden Am., Inc.,*
  591 F.3d 1 (1st Cir. 2009) ............................................................................10

*Bear Creek Techs., Inc. v. RCN Commc'ns,*
  No. 2:11-cv-103, 2011 WL 3626787 (E.D. Va. Aug. 17, 2011) ........................6

*Children's Network, LLC v. Pixfusion LLC,*
  722 F. Supp. 2d 404 (S.D.N.Y. 2010) .............................................................6

*Coday v. Ashcraft & Gerel,*
  223 F.3d 1 (1st Cir. 2000) ....................................................................... 11, 17

*Cruz v. Bristol Myers Squibb Co. P.R.,*
  264 F.R.D. 22 (D.P.R. 2010).........................................................................3

*DIRECTV, Inc. v. Boggess,*
  300 F. Supp. 2d 444 (S.D. W.Va. 2004) ..........................................................7

*Don King Productions, Inc. v. Colon-Rosario,*
  561 F. Supp. 2d 189 (D.P.R. 2008) ........................................................2, 3, 6, 7

*EIT Holdings LLC v. Yelp!, Inc.,*
  No. C 10–05623, 2011 WL 2192820 (N.D. Cal. May 12, 2011)..........................4

*Foley v. United States,*
  No. 09-cv-239-P-S (Oct. 19, 2009) ..............................................................11

*Golden Scorpio Corp. v. Steel Horse Bar & Grill,*
  596 F. Supp. 2d 1282 (D. Ariz. 2009)........................................................... 4, 7

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) .................................................................. 12, 15, 16

*In re Hoffmann-La Roche*,
587 F.3d 1333, 1338 (Fed. Cir. 2009) ................................................................. 17

*In re TS Tech USA Corp.*,
551 F.3d 1315 (Fed. Cir. 2008) .......................................................................... 16, 17

*Multi-Tech Sys., Inc. v. Net2Phone, Inc.*,
No. 00-346 ......................................................................................................... 5

*Multibene Ingredients Oy Ltd. v. Sturm Foods Inc.*,
658 F. Supp. 2d 250 (D. Me. 2009) ..................................................................... 16

*MyMail, Ltd. v. America Online, Inc.*,
223 F.R.D. 455 (E.D. Tex. 2004) ....................................................................... 5, 8

*New Jersey Mach. Inc. v. Alford Indus., Inc.*,
No. 89-1879 (JCL), 1991 WL 340196 (D.N.J. Oct. 7, 1991),
*aff'd*, 983 F.2d 1087 (Fed. Cir. 1992) ................................................................. 6

*Optimum Power Solutions LLC v. Apple Inc.*,
3-11-cv-01509 (N.D. Cal. Sept. 20, 2011) ......................................................... 4

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
564 F. Supp. 1358 (D. Del. 1983) ..................................................................... 3, 5

*Pergo Inc. v. Alloc Inc.*,
262 F. Supp. 2d 122 (S.D.N.Y. 2003) ................................................................. 6

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
220 F.R.D. 415 (D. Del. 2004) ........................................................................... 5

*Rudd v. Lux Prods. Corp.*,
No. 09-cv-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011) .............................. 5

*SB Designs v. Reebok Int'l, Ltd.*,
305 F. Supp. 2d 888 (N.D. Ill. 2004) ................................................................. 7

*Sorensen v. DMS Holdings, Inc.*,
No. 08-cv-559, 2010 WL 4909615 (S.D. Cal. Nov. 24, 2010) ........................... 4

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*,
No. 10-CV-1101, 2010 U.S. Dist. LEXIS 90549 (N.D. Ill. Sept. 1, 2010) ........... 5

*Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22 (1988) ............................................................................................ 10, 11

*U.S. v. T.F.H. Publications, Inc.*,
  2010 WL 4181151 (W.D. Pa. Oct. 20, 2010) ...................................................................14

*WiAV Networks, LLC v. 3Com Corporation*,
  No. 10-03448, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) ................................................4

STATUTES

28 U.S.C. § 1404 ...................................................................................................................1, 10

Leahy-Smith America Invents Act, Pub. L. No. 112-029, § 19, 125 Stat. 284, 332 (2011)
  (codified at 28 U.S.C. § 299) ...........................................................................................7, 8

OTHER AUTHORITIES

7 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1651 (3d ed. 2005) ....................9

Fed. R. Civ. P. 20 .............................................................................................................passim

Fed. R. Civ. P. 21 .............................................................................................................1, 10

Gregory Thomas, *Ingeniador takes aim at Microsoft, Oracle, H-P in infringement suit*,
  http://patentexaminer.org/2011/09/ingeniador-takes-aim-at-microsoft-oracle-h-p-in-
  infringement-suit/ ..........................................................................................................14

H.R. Rep. No. 112-98 (2011) .................................................................................................8

Chief Judge Randall R. Rader, The State of Patent Litigation (Sept. 27, 2011)
  http://www.patentlyo.com/patent/2011/09/rader-patent-litigation.html ......................8

*Proceedings of Meeting of Advisory Committee on Rules for Civil Procedure of the Supreme Court of the
  United States* at 490-91 (Friday, November 15, 1935), available at
  http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Minutes/CV11-1935-min-
  Vol2.pdf .........................................................................................................................9

## I.      INTRODUCTION

Defendant EMC Corporation ("EMC") respectfully requests that the Court, pursuant to Federal Rules of Civil Procedure 20(a) and 21, dismiss the claims against EMC or, in the alternative, sever and transfer them to the Northern District of California pursuant to 28 U.S.C. § 1404.

Plaintiff Ingeniador, LLC ("Ingeniador") filed its complaint on August 26, 2011, alleging infringement of U.S. Patent No. 6,990,629 ("the '629 patent") by sixteen (16) unrelated defendants. Ingeniador's only basis for joining this disparate group of companies appears to be its allegation that the defendants' accused products infringe the same patent.  However, under Fed. R. Civ. P. 20(a)(2), joinder of multiple defendants in a single action is only appropriate if: (a) any right to relief is asserted against the defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and** (b) any question of law or fact common to all defendants will arise in the action.  Both prongs of this test must be met for joinder to be proper.  In the present case, at least the first prong of Rule 20(a)(2) is not satisfied because EMC is not in any way associated with the other defendants.  Moreover, the accused Documentum product utilizes unique, patented technologies that are unrelated to the other accused products.  As such, there is no right to relief arising out of the same transaction or occurrence, as required by Rule 20(a)(2).  Accordingly, EMC seeks dismissal for improper joinder.

Should the Court find that dismissal is not warranted, EMC requests in the alternative that the claims against it be severed from the instant action and transferred to the Northern District of California, where the vast majority of relevant documents and witnesses are located.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

Since Ingeniador filed its August 26 complaint, no answer has been filed, no Scheduling Conference has been set, and no discovery has been conducted.  This action is at its earliest stage and this motion is unquestionably timely.

III.    **EMC SHOULD BE DISMISSED FROM THIS ACTION FOR IMPROPER JOINDER**

As in any civil action, a plaintiff suing for patent infringement cannot join a group of unconnected persons in a single suit.  Fed. R. Civ. P. 20(a)(2).  In this case, Ingeniador has sued EMC along with 15 other companies that have no relationship to EMC and do not collaborate with EMC in the production or distribution of any accused product or service.  Indeed, in some instances other defendants actually compete with EMC in the document and content management markets.  Consequently, EMC is not acting jointly with any other defendant and has been improperly joined.

A.    **Joinder of Defendants Is Improper Because Ingeniador Has Failed to Demonstrate *Both* Prongs of Rule 20(a)(2)**

Rule 20 of the Federal Rules of Civil Procedure sets forth two conditions for permissive joinder:

> Persons . . . may be joined in one action as defendants *if*:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or ***arising out of the same transaction, occurrence***, or series of transactions or occurrences; ***and***
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).

Recognizing that Rule 20(a)(2) has two separate requirements, this Court – like many others – has recently held that both must be met in order for joinder to be proper.  For example, in *Don King Productions, Inc. v. Colon-Rosario*, 561 F. Supp. 2d 189, 190 (D.P.R. 2008), plaintiff brought suit against 37 defendants, alleging that each "willfully intercepted and/or received" communication of a closed-circuit broadcast event without permission, "in violation of its license for the exclusive exhibition" of the event.  In granting the defendants' motion to dismiss for misjoinder, this Court held that "both 'the transaction or occurrence' requirement and the 'common question of law or

fact' requirement [of Fed. R. Civ. P. 20(a)(2)] must be satisfied before joinder will be permitted." [1] *Id.* at 191 (internal citations omitted). The Court held that because "there was no allegation of concerted action among the defendants and there were disparate factual situations, 'it is reasonable to expect that each Defendant will present unique defenses.'" *Id.* at 192.

The facts here as to EMC are similar. Ingeniador does not allege any connection between EMC and any other defendant (nor is there any). Ingeniador does not seek joint, several, or in the alternative liability as to any of the defendants. To the contrary, Ingeniador alleges infringement by each defendant separately, thereby effectively conceding that the other defendants have nothing to do with EMC's accused product, just as EMC has nothing to do with the accused products of any other defendant. *See* Declaration of Brian DiSilvestro ("DiSilvestro Dec.") at ¶12. With no substantive commonality between EMC and the other defendants alleged, there can be no "same transaction or occurrence" as required under the second prong of Rule 20(a)(2). Consequently, EMC is improperly joined.

## B. Numerous Courts Across Various Circuits Have Found Misjoinder Under Rule20(a)(2) Where Defendants Are Unrelated

Courts throughout the country have long held that "[a]llegations of infringement against … unrelated parties based on different acts do not arise from the same transaction." *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371 (D. Del. 1983). The majority rule is that joinder of unrelated defendants in a civil action, where there is no

---

[1]    Rule 20(a)(1), which pertains to permissive joinder of plaintiffs, contains analogous subparts to Rule 20(a)(2). This Court similarly has held that *both* subparts apply in determining proper joinder:

> The plaintiffs' argument in support of continued joinder addresses only the first prong of Rule 20(a). Without referring to any statutory authority or case law whatsoever, and without citation to the *two*-pronged standard for joinder pursuant to Rule 20(a), the plaintiffs' rationale for joinder appears to rely on the possibility that their respective harms all arose from a shared "transaction or occurrence"- a termination program. . . . By focusing all of their attention on the alleged termination program the plaintiffs have failed to demonstrate sufficient questions of law or fact common to all plaintiffs to justify joinder in this action.

*Cruz v. Bristol Myers Squibb Co. P.R.*, 264 F.R.D. 22, 23-24 (D.P.R. 2010) (emphasis in original).

evidence of the defendants acting in concert, is improper under Rule 20(a)(2).  A number of recent decisions are summarized below:

**Arizona**: *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("allegations against multiple and unrelated defendants for acts of patent . . . infringement do not support joinder under Rule 20(a)" (citations omitted)) (severing a defendant for misjoinder).

**California**:  *Optimum Power Solutions LLC v. Apple Inc.*, 3-11-cv-01509 (N.D. Cal. Sept. 20, 2011) ("Courts have found that merely alleging a violation of the same patent or copyright is insufficient to permit a plaintiff to pursue claims against multiple defendants in a single suit. . . . [P]laintiff does not allege that defendants' infringement involved the 'same transaction, occurrence or series of transactions or occurrences.'") (dismissing claims against all defendants except one).

*EIT Holdings LLC v. Yelp!, Inc.*, No. C 10–05623, 2011 WL 2192820, at *2 (N.D. Cal. May 12, 2011) ("Plaintiff cannot escape the fact that it is suing unrelated defendants for their own independent acts of patent infringement.  In such situations, numerous courts have found that joinder is improper.") ("[P]roof of infringement necessarily would require proof of facts specific to each individual defendant and to each accused website.") (dismissing claims against all defendants except one).

*Sorensen v. DMS Holdings, Inc.*, No. 08-cv-559, 2010 WL 4909615, at *1 (S.D. Cal. Nov. 24, 2010) ("[A]lleging a common manufacturer and infringement of the same patent is not enough to support joinder where defendants are unrelated companies, selling different products.") (denying motion for joinder).

*WiAV Networks, LLC v. 3Com Corporation*, No. 10-03448, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010) ("[N]umerous courts have found that 'joinder is often improper where [multiple] competing businesses have allegedly infringed the same patent by selling different products.'" (citations omitted)) (dismissing all but one defendant).

**Delaware**: *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004) (The fact that defendants "may have infringed the same patents" is an "insufficient basis to join unrelated parties as defendants in the same lawsuit.") (discussing "risk of prejudice" to defendants) (granting motion for severance).

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction.") (dismissing attempt to join third party).

**Illinois**: *Rudd v. Lux Prods. Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("[A] party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent.") ("After researching the issue, the Court determines that *MyMail*'s approach is in the minority.") (granting motion to sever and transfer).

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10-CV-1101, 2010 U.S. Dist. LEXIS 90549, at *6 (N.D. Ill. Sept. 1, 2010) ("[J]oinder is often improper where [multiple] competing businesses have allegedly infringed the same patent by selling different products.") (granting motion to sever and transfer).

*Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) ("[Two defendants] are separate companies that independently design, manufacture and sell different products in competition with each other.  Clearly, the common transaction requirement has not been met as to the claims against [those defendants].") (severing for misjoinder).

**Minnesota**: *Multi-Tech Sys., Inc. v. Net2Phone, Inc.*, No. 00-346 ADM/RLE, 2000 WL 34494824, at *6 (D. Minn. Jun. 26, 2000) ("[W]here patent infringement claims are brought against multiple, unrelated defendants, courts have held joinder to be inappropriate pursuant to Rule 20.") (granting motions to sever).

**New Jersey**: *New Jersey Mach. Inc. v. Alford Indus., Inc.*, No. 89-1879 (JCL), 1991 WL 340196, at *2 (D.N.J. Oct. 7, 1991) ("[C]laims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant."), *aff'd*, 983 F.2d 1087 (Fed. Cir. 1992) (denying motion for joinder).

**New York**: *Children's Network, LLC v. Pixfusion LLC*, 722 F. Supp. 2d 404, 415 (S.D.N.Y. 2010) ("Joinder of unrelated parties into one action is generally inappropriate where, as here, the infringement of the same patent is alleged, but the products are different.") (denying motion to transfer, where reason for transfer would have been joinder).

*Pergo Inc. v. Alloc Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("[T]hat two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).") (granting motions to sever and transfer).

**Puerto Rico**: *Don King Productions, Inc. v. Colon-Rosario, et al.*, 561 F. Supp. 2d 189, 190 (D.P.R. 2008).  As discussed above, this Court found that dismissal of defendants from a case was proper where the unrelated defendants were improperly joined in a suit involving the alleged violation of a federal law relating to piracy of cable television.

**Virginia**: *Bear Creek Techs., Inc. v. RCN Commc'ns*, No. 2:11-cv-103, 2011 WL 3626787, at *5 (E.D. Va. Aug. 17, 2011) (denying joinder where defendants "are not related entities" and have no "legal or business relationships" to indicate coordinated action to infringe asserted claims) (dropping all but one defendant from the case).

When this issue has arisen in other intellectual property contexts, such as copyright and trademark matters, courts have likewise rejected the notion that infringement allegations based on the same intellectual property suffices to justify joinder of multiple defendants.  Courts have found no transactional relatedness where plaintiffs alleged that unrelated defendants independently violated

the same copyright, *see, e.g.*, *Arista Records LLC v. Does 1-11*, No. 1:07-CV-2828, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008), *discussed in Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 154-55 (D. Conn. 2008); or infringed the same trademark, *see, e.g.*, *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004); or intercepted the same broadcast or satellite signals, *see, e.g.*, *Don King Productions, Inc. v. Colon-Rosario*, 561 F. Supp. 2d 189 (D.P.R. 2008); *DIRECTV, Inc. v. Boggess*, 300 F. Supp. 2d 444 (S.D. W.Va. 2004).

### C.   Under The Recently-Enacted "America Invents Act," Ingeniador Would Not Have Been Permitted to Join EMC with the Other Defendants

Although this action was filed in the weeks prior to the enactment of the Leahy-Smith America Invents Act and is therefore not subject to that statute, the Act's "no joinder" provision for patent cases is an unqualified codification by Congress of what the vast majority of the judiciary has long held – that unrelated parties may not be joined absent satisfaction of both of the conditions set forth in Rule 20(a)(2).

The Leahy-Smith America Invents Act, Pub. L. No. 112-029, § 19, 125 Stat. 284, 332 (2011) (codified at 28 U.S.C. § 299), states that "*accused infringers may not be joined* in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, *based solely on allegations that they each have infringed the patent or patents in suit*." (emphasis added)  The legislative history of the bill confirms Congress' intention to codify the majority interpretation of Rule 20(a)(2), allowing defendants to be joined "only if: (1) relief is asserted against the parties, jointly, severally, or in the alternative, arising out of the same transaction regarding the manufacture, use, or importation of the accused product or process; and (2) questions of fact common to all of the defendants will arise in the action."  Section 299 further clarifies that joinder is <u>not</u> permitted if it is based solely on

allegations that the defendants have infringed the same patent(s).  H.R. Rep. No. 112-98, at 55 (2011).[2]

Ingeniador's failure to allege that EMC "jointly, severally or in the alternative" manufactured, used or sold its accused product in the "same transaction" as the other defendants fails the first prong of the statute, making joinder impermissible.  Thus, Ingeniador would have been in violation of the new statute by joining EMC in this action, had it been filed a mere three weeks later.[3]

Given the clear legislative intent to codify the prohibition against misjoinder in patent infringement cases – which mirrors the vast majority of decisions handed down by district courts nationwide[4] – the proper application of Rule 20(a)(2) requires EMC's dismissal from this action.

## IV.   EMC WILL BE SEVERELY PREJUDICED IF IT IS REQUIRED TO DEFEND ITSELF ALONGSIDE 15 UNRELATED DEFENDANTS

As a practical matter, even the most diligent and motivated jury would find it challenging (if not impossible) to juggle sixteen different infringement theories, sixteen separate defenses, and a large number of witnesses with respect to a multitude of accused products.  Such a situation is ripe for confusion and abuse.  For example, a plaintiff may easily convolute the facts merely by

---

[2]     The law adopts the majority construction of Rule 20(a) and discards the minority construction:

Section 299 legislatively abrogates the construction of Rule 20(a) adopted in *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004); [and certain cases in districts in Texas, Louisiana, and Kansas]—effectively conforming these courts' jurisprudence to that followed by a majority of jurisdictions.  *See generally Rudd v. Lux Products Corp.*, 2011 WL 148052 (N.D. Ill. January 12, 2011).

H.R. Rep. No. 112-98, at 55 n.61 (2011).

[3]     Ingeniador filed this action on August 26, 2011.  The Leahy-Smith America Invents Act was signed into law on September 16, 2011.

[4]     The joinder provision of the America Invents Act aligns with views recently expressed by the Federal Circuit.  Chief Judge Rader, in a September 27, 2011 address to the Eastern District of Texas Judicial Conference, offered "six ways to improve patent litigation," one of which is particularly notable here.  In point 3 of his list, which deals with transfer motions and joinder, Chief Judge Rader stated, "[T]he bar should again work with the bench to file cases or find venues that best suit the convenience of parties and logical distribution of these important cases.  Moreover, the trend towards an excess number of parties also unnecessarily multiplies the complexity of already-complex litigation."  *See* Chief Judge Randall R. Rader, The State of Patent Litigation (Sept. 27, 2011) http://www.patentlyo.com/patent/2011/09/rader-patent-litigation.html.  Declaration of Deborah V. Katz ("Katz Dec.") at ¶ 2, filed concurrently herewith.

suggesting—without ever needing to prove—that all defendants' accused products are related or infringe in the same manner.  With so many ingredients in the same pot, it does not take much stirring to jumble everything.

Proper application of Rule 20 is intended to minimize such confusion and preserve a defendant's due process rights.  Specifically, Rule 20 was designed to protect defendants from the prejudice and potential confusion of being forced to defend claims alongside unrelated parties with different products or services and differently nuanced strategies.  The Advisory Committee on the Federal Rules of Civil Procedure settled on Rule 20 after extensive debate, permitting joinder only if the ability of defendants to protect their individual interests is preserved.  7 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1651 (3d ed. 2005).  In commenting on the importance of protecting defendants, one committee member stated:

> I cannot possibly see any justification in compelling a single defendant to come into a lawsuit, with, perhaps, 20 others, and with as many different lawyers, and **saddle him [sic] the additional expense and trouble of having his attorney watch all of those others to be sure that something is not done in the suit by which he would be injuriously affected**.

*See Proceedings of Meeting of Advisory Committee on Rules for Civil Procedure of the Supreme Court of the United States* at 490-91 (Friday, November 15, 1935), available at http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Minutes/CV11-1935-min-Vol2.pdf (emphasis added).

Indeed, the notion of due process and fundamental fairness is implicit in the requirements of Rule 20.  As another commentator stated:

> I think the right of the defendant is to be sued **under circumstances that protect him**, and I think it would be an undue hardship to bring me as a sole connection with 25 or 30 other people with whom I have no connection whatever in a transaction to which I am not a party, because there is a common question of law involved.

*Id.* at 505 (emphasis added).

Because Ingeniador has not satisfied Rule 20(a)(2) in joining EMC with other defendants where there is no relationship between them and no common products, EMC should be dismissed from this action.[5]

## V.     IN THE ALTERNATIVE, INGENIADOR'S CLAIMS AGAINST EMC SHOULD BE SEVERED AND TRANSFERED TO THE NORTHERN DISTRICT OF CALIFORNIA

Although outright dismissal of EMC is warranted, in the alternative the Court may sever the claims as to EMC.  Fed. R. Civ. P. 21.  Should the Court do so, then EMC seeks transfer of the claims against it to the Northern District of California pursuant to 28 U.S.C. § 1404(a).  That district presents a more convenient forum for most of the witnesses expected to appear in this action, and the vast majority of relevant documents are located there as well.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964)); *Astro–Med, Inc. v. Nihon Kohden Am., Inc.,* 591 F.3d 1, 12 (1st Cir. 2009).  In determining whether to grant a motion to transfer under Section 1404(a), the United States Supreme Court has advised that district courts should consider both "private concerns" and "public-interest factors" in exercising their § 1404(a) discretion.  *Stewart,* 487 U.S. at 30–31.  That is to say, a court must balance the convenience interests of the litigants against the interest in the fair and efficient administration of justice.

The First Circuit set forth these factors as follows:

---

[5]     Even if the test in Rule 20(a)(2) somehow were satisfied here, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 521 (5th Cir. 2010) (citations omitted).  For example, "when different witnesses and documentary proof would be required" for each of plaintiff's claims against different defendants, it is appropriate to dismiss joined parties even if both prongs of Rule 20(a) are met.  *Id.* at 522.  It is proper for this Court to dismiss EMC from this action because requiring it to remain among the other defendants will unduly prejudice it and infringe upon its due process rights to a fair trial.

> Under § 1404(a), a district court may transfer any civil action to any other district where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In addition to the convenience of parties and witnesses, the factors to be considered by the court include the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction. *See Cianbro Corp. v. Curran-Lavoie, Inc.,* 814 F. 2d 7, 11 (1st Cir. 1987).

*Coday v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). EMC, as the party seeking transfer, bears the burden of proof. *Id.*

In this case, Ingeniador could have brought the claims against EMC in the Northern District of California. As evidenced below, EMC has a facility in Pleasanton, CA, which is in the Northern District. In fact, the vast majority of business related to the accused Documentum product takes place in the Pleasanton facility.

Moreover, a balance of the relevant factors set forth by the First Circuit strongly favors transfer of to the Northern District of California, particularly with respect to the nexus of witnesses, documentation and operations relevant to the accused product. In contrast, Ingeniador is an entity newly-established (ostensibly just for the purpose of bringing litigation) that appears to have only superficial connections to Puerto Rico.

## A. The "Convenience" and "Availability" Factors Favor Transfer To the Northern District of California

Each of the relevant "convenience" and "availability" factors enumerated by the First Circuit – including convenience of parties and witnesses, and availability of documents – weighs in favor of transferring the claims against EMC to the Northern District of California. Although there is a strong "presumption in favor of the plaintiff's choice of forum," it is by no means absolute, and "relevant considerations may outweigh this presumption in particular cases." *Coday v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000); *Foley v. United States*, No. 09-cv-239-P-S (Oct. 19, 2009); *see Stewart,* 487 U.S. at 29 (instructing courts "to adjudicate motions for transfer according to an

'individualized, case-by-case consideration of convenience and fairness'" (quoting *Van Dusen,* 376 U.S. at 622)).

The only EMC product accused of infringement in Ingeniador's complaint is Documentum. (D.I. 1, ¶ 28).  In order to meet its burden of proof on infringement, Ingeniador will necessarily seek discovery of documents and testimony relating to the design, development, operation, sales, and marketing of Documentum.[6]  As detailed below, the vast majority of such information is in or near Pleasanton, California.  *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." (citation omitted)).

### 1.    The Northern District of California is more convenient for EMC whereas Ingeniador's ties to Puerto Rico are tenuous

EMC's base of operations for its Documentum product is Pleasanton, CA, which is located in the Northern District of California.  As detailed in the accompanying declaration of Brian DiSilvestro, the Director of Business Development for Documentum, the core Documentum-related activities, including its design, development, sales and marketing, takes place at the Pleasanton, CA facility:

- The vast majority of day-to-day operations for the Documentum products, including sales, marketing, customer support, data center operations, and engineering, take place at Documentum's facilities in Pleasanton, CA.  (DiSilvestro Dec., ¶ 5).

- Documentum's documents are managed centrally in Documentum's infrastructure in Pleasanton, CA, including documents relating to sales, licensing, marketing, customer support, data center operations, and engineering, including source code, for the Documentum products.  (DiSilvestro Dec., ¶ 5).

- All customer data for Documentum's U.S. operations reside in Northern California and is managed primarily from within Northern California.  (DiSilvestro Dec., ¶ 4).

---

[6]    The accused product, "Documentum," shares its name with its original parent company, Documentum, which was wholly acquired by EMC in 2003.  (DiSilvestro Dec., ¶¶ 2, 4.)

- The following current employees work at EMC's Pleasanton, CA facility (DiSilvestro Dec., ¶¶ 2, 9-11):

    - Brian DiSilvestro – Director of Business Development for Documentum

    - Lalith Subramanian – Vice President, Technology & New Ventures for Documentum

    - John McCormick – Senior Director of Product Management / Marketing for Documentum

    - David Phar – Manager of Partner Sales for Documentum

- The following former employees are believed to reside in the Northern District of California (DiSilvestro Dec., ¶¶ 7-8):

    - Howard Shao – Documentum's co-founder

    - Razmik Abnous – one of Documentum's first engineers and Chief Technology Officer

Requiring EMC to litigate its case in Puerto Rico, while nearly all (if not all) of its relevant operations and personnel are in Northern California, would constitute a clear inconvenience to EMC.  For example, the individuals identified in Mr. DiSilvestro's declaration are corporate officers and managers who are instrumental in EMC's day-to-day operations.  Requiring them to travel to Puerto Rico would entail significant absences from work and would be very disruptive to EMC's business.

Ingeniador, on the other hand, has at best only tenuous and very newly formed ties to Puerto Rico.  Although it represents that it is a Puerto Rico limited liability company (D.I. 1, ¶ 6), it appears that Ingeniador was only formed about one year ago, on September 7, 2010.  (Cruz Dec. ¶ 2.)[7]  It also appears that Ingeniador has no Internet or commercial presence, other than this litigation.  (Katz Dec., ¶ 3.)   The '629 patent, which is the sole patent at issue in this suit, was transferred to Ingeniador by Schlumberger Technology Corporation (a multi-national company) in a transaction executed just three months ago, on July 22, 2011, and not recorded until September 20, 2011.  (Katz Dec., ¶ 4; *see also* D.I. 1, ¶ 23.)  There is no evidence that Ingeniador manufactures, sells

---

[7]        "Cruz Dec." refers to the Declaration of Ana T. Cruz, filed concurrently herewith.

or uses any products or services related to the technology claimed in this patent.  In fact, there is no evidence that Ingeniador makes or sells anything at all.

Ingeniador's registered address – 1607 Calle Colón, Suite 101, San Juan, Puerto Rico (D.I. 1, ¶ 6; Cruz Dec. Ex. A) – is associated with an individual named Marcos Polanco as well as several businesses, including ClearShore and Albedrío Partners.  (Katz Dec., ¶¶ 5-6, 16.)  There are also numerous web domain names registered to the 1607 Calle Colón, Suite 101 address, none of which relates to Ingeniador.  (Katz Dec. ¶¶ 5-6.)  *See generally* Gregory Thomas, *Ingeniador takes aim at Microsoft, Oracle, H-P in infringement suit*, Sept. 22, 2011, http://patentexaminer.org/2011/09/ingeniador-takes-aim-at-microsoft-oracle-h-p-in-infringement-suit/.  Ingeniador is not listed either with the Better Business Bureau of Southeast Florida and the Caribbean or with the Puerto Rico Chamber of Commerce.  (Katz Dec., ¶ 8.)  Not surprisingly, the top results from a Google search for "Ingeniador" relate either to this lawsuit or to other uses of the word, which means "inventor" or "innovator" in Spanish.  (Katz Dec., ¶ 3.)  In fact, as photographs taken of Ingeniador's registered address show, it appears to be a private residence, with no visible indications of commercial activity.  (León-Marrero Dec., ¶¶ 2-3.)[8]

Thus, Ingeniador does not appear to be a true business venture.  Rather, it appears to be an entity specifically formed to bring patent litigation.  Thus, requiring Ingeniador to pursue this action in California would have very little, if any, disruptive effect on its business.  *See, e.g., U.S. v. T.F.H. Publications, Inc.*, 2010 WL 4181151, *3 (W.D. Pa. Oct. 20, 2010) (finding "little deference" for plaintiff's choice of forum where plaintiff is "a recently-formed Pennsylvania litigation entity").

In view of these facts, this factor weighs heavily in favor of transfer.

---

[8] "León-Marrero Dec." refers to the Declaration of Claritza De León-Marrero, filed concurrently herewith.

      **2.**      **Most (if not all) of EMC's potential witness are in the Northern District of California whereas it is unlikely that Ingeniador will call many witnesses located in Puerto Rico**

The Federal Circuit has stated that "the convenience for and cost of attendance of witnesses" is an "important factor." *In re Genentech, Inc.*, 566 F.3d at 1343. As detailed above and in Mr. DiSilvestro's supporting declaration, the vast majority of witnesses that EMC may call are located in or near its facility in Northern California.

In contrast, it is unlikely that Ingeniador will have many (if any) witnesses who are based in Puerto Rico, besides perhaps Mr. Polanco (and it is not clear that he is likely to be a witness). In fact, it is reasonable to assume that Ingeniador will not rely on its own witnesses, as it does not allege the existence of any competing product or lost profits from any product it manufactures or has already licensed. *See generally* D.I. 1.

Thus, on balance, it is far more convenient for the vast majority of relevant witnesses to travel the short distance from their homes in the Pleasanton, CA area to any one of the Federal Courts in the Northern District of California than to travel to Puerto Rico. Thus, this factor weighs strongly in favor of transfer.

The Northern District of California is also somewhat more convenient for potential non-party witnesses, including the named inventors of the asserted patent. Messrs. Steven Heaney and Eric Brown, two of the three named inventors, appear to reside in the United Kingdom.[9] (Katz Dec., ¶¶ 9-10.) Jody Lynn DeStefanis, a patent attorney who participated in the prosecution of the '629 patent appears to reside in Massachusetts. (Katz Dec., ¶ 12.) While reaching either Puerto Rico or Northern California will involve considerable travel for these witnesses, it is notable that

---

[9]     It is unclear where the third named inventor, Nicolas James Williams, currently lives. (Katz Dec., ¶ 11.)

there are non-stop flights available from both London and Boston to San Francisco, whereas travel to San Juan from London would require a stop or connecting flights.  (Katz Dec., ¶ 13-16.)

    **3.**    **The majority of relevant documents are located in the Northern District of California**

Another factor – the availability of documentary evidence – also weighs in favor of transfer. When comparing "relative ease of access to sources of proof" afforded by two potential forums, the location of physical and documentary evidence is the predominant consideration, even when some evidence may be electronically stored and transferred.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320-1321 (Fed. Cir. 2008).  "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *Genentech*, 566 F.3d at 1345.  It is irrelevant that documents can be electronically stored and transmitted.  *Id.* at 1346.  *See also Multibene Ingredients Oy Ltd. v. Sturm Foods Inc.*, 658 F. Supp. 2d 250, 253 n.3 (D. Me. 2009) ("While this factor has become less significant with the increase of electronically-based data storage systems, it still must be given weight by the Court as the First Circuit has not held otherwise.").

Here, documents related to EMC Documentum are located at its facility in Northern California.  (DiSilvestro Dec., ¶ 5).  This includes documents relating to research and development, sales, marketing, customer support, operations, enterprise resource management, and engineering (effectively, all documents that may be reasonably relevant to any claim or issue in this case).  *Id.*

In contrast, Ingeniador's nascent existence, its lack of commercial presence, and its tenuous attachment to a patent bought from Schlumberger, all make it unlikely that Ingeniador will have many relevant documents to produce.

Thus, transfer to the Northern District of California will facilitate access to the primary sources of proof and maximize the convenience of the party bearing the greatest weight with respect to discovery (EMC).

-16-

### B.     The Remaining Factors Are Neutral Or Favor Transfer

In addition to the "convenience" and "availability" factors, the First Circuit also requires the consideration of "the possibility of consolidation; and the order in which the district court obtained jurisdiction." *Coday*, 223 F.3d at 11.

Here, there is no other action pending in a different jurisdiction, so this factor is neutral. Further, as described above, the connection of this litigation to this forum is weak.  The main connection to this district – Ingeniador's presence in Puerto Rico – is minimal and litigation-inspired.  The only other ostensible connection to this District, *i.e.,* the alleged nationwide sale of the EMC Documentum product, is not sufficient as a matter of law to make this a convenient forum. *In re Hoffmann-La Roche*, 587 F.3d 1333, 1338 (Fed. Cir. 2009); *TS Tech*, 551 F.3d at 1321.  Therefore, this militates in favor of transfer.

## VI.   CONCLUSION

For all the foregoing reasons, it is clear that EMC should not be joined with fifteen unrelated defendants in this action and, therefore, EMC respectfully requests that the Court dismiss EMC from the action based on misjoinder.  In the alternative, it is equally clear that Ingeniador was formed to manufacture a reason to bring this action here, but that does not make this district a convenient forum for this dispute.  Analysis of the private and public factors shows that Northern California is clearly more convenient and, therefore, EMC respectfully requests that the Court sever and transfer the claims against it to the Northern District of California.

O'NEILL & BORGES

s/ Salvador J. Antonetti Stutts
Salvador J. Antonetti Stutts
USDC-PR No. 215002
santonetti@oneillborges.com

s/ Mauricio O. Muñiz-Luciano
Mauricio O. Muñiz-Luciano
USDC-PR No. 220914
mmuniz@oneillborges.com

s/Vanessa Carballido Clerch
Vanessa Carballido Clerch
USDC-PR No. 226506
vanessa.carballido@oneillborges.com

O'NEILL & BORGES
American International Plaza
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Tel. 787-764-8181

*Attorneys for Defendant*
*EMC Corporation*

*Of Counsel:*

ROPES & GRAY LLP
Jesse J. Jenner
Khue V. Hoang
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9000