**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| INGENIADOR, LLC, | CIVIL NO. 11-1840-GAG |
| Plaintiff, | |
| vs. | Patent Infringement |
| ALFRESCO SOFTWARE, INC., et al., | |
| Defendants. | |

**DEFENDANT ALFRESCO SOFTWARE, INC.'S MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6), OR ALTERNATIVELY TO DISMISS OR SEVER FOR
IMPROPER JOINDER**

TO THE HONORABLE COURT:

Defendant Alfresco Software, Inc. ("Alfresco") hereby moves the Court to dismiss the

Complaint of Ingeniador, LLC ("Ingeniador") as to Alfresco pursuant to Fed. R. Civ. P. 12(b)(6),

and alternatively moves the Court to dismiss, or in the alternative, sever, the claims against it

pursuant to Fed. R. Civ. P. 20 and 21.

**I.     INTRODUCTION**

For the reasons set forth herein and in the Joint Motion to Dismiss filed by eight of

Alfresco's co-defendants (the "Joint 12(b)(6) Motion")[1], which in the interest of brevity and

efficiency are hereby incorporated by reference in this motion, Alfresco requests that the Court

dismiss the claims against Alfresco pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff

Ingeniador's Complaint (the "Complaint") fails to plead factual allegations necessary to support

---

[1] Joint Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants Microsoft, Hewlett-Packard, EMC, Nuxeo, Informatica, Oracle, SAP America, and Lexmark International (Dkt. No. 96).

its claims of patent infringement, and therefore fails to state a claim on which any relief may be granted.

Alternatively, Alfresco requests that the Court dismiss, or in the alternative, sever, the claims against it pursuant to Fed. R. Civ. P. 20 and 21 for the reasons set forth herein and in Sections III and IV of the Motion to Dismiss for Improper Joinder filed by Defendant EMC Corporation ("EMC Misjoinder Motion")[2], which are hereby incorporated by reference in this motion in the interest of brevity and efficiency.  In particular, Ingeniador's joinder of Alfresco as a defendant in this case fails to comply with Fed. R. Civ. P. 20(a)(2), which requires, in order to join parties as defendants, that "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action." (emphasis added).  Here, Ingeniador does not seek joint and/or several liability with respect to any of the defendants.  Furthermore, Alfresco and its products are not at all related to the other defendants in the case, and therefore any right to relief cannot have arisen out of the same transaction, occurrence, or series of transactions or occurrences.

## II.    FACTS

Ingeniador brought this suit alleging infringement of U.S. Patent No. 6,990,629 (the "'629 patent") against sixteen completely unrelated defendants that provide different products and services.  The two Alfresco products identified by Ingeniador are not common to any other defendant and Ingeniador makes no such allegation.  Rather, Ingeniador points to a unique product or two for each defendant.  Furthermore, Ingeniador does not seek joint and/or several liability and does not allege that its right to relief from Alfresco and any other defendant arises out of the same transaction or occurrence.

---

[2] EMC's Motion to Dismiss for Improper Joinder or, in the Alternative, to Sever and Transfer to the Northern District of California (Dkt. 99).

US2008 3068230.4

Similar to the infringement allegations directed towards each of the defendants, the single paragraph asserting patent infringement against Alfresco consists of threadbare recitals of elements of the stated causes of action and mere conclusory statements regarding two Alfresco products.

First, Ingeniador recites elements of patent infringement:

> Upon information and belief, Defendant Alfresco makes, uses, sells, offers for sale, or imports a content management product for different types of document and image files, which embodies one or more claims of the '629 patent and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States.

(Complaint, at ¶ 24.)

Then Ingeniador vaguely characterizes functionality of two Alfresco products and summarily states that the functionality is "in accordance" with the '629 patent, but does not provide with any specificity factual allegations that demonstrate how the products infringe:

> Particularly, Alfresco's Document Management ("DM") product allows a network user to create, access, and/or modify files while its also infringing Web Content Management ("WCM") product serves as a shared environment for enterprise customers in accordance with one or more claims of the '629 patent to the injury of Ingeniador. Alfresco is thus liable for infringement of the '629 patent pursuant to 35 U.S.C. § 271.

(*Id.*)

The third and final portion of Ingeniador's allegations against Alfresco alleges in the alternative indirect infringement of the '629 patent.  However, Ingeniador fails to recite all of the required elements for indirect infringement and does not plead factual allegations necessary to support its indirect infringement allegations:

> If Defendant Alfresco is not deemed to directly infringe the above-referenced claims of the '629 patent, those who Defendant Alfresco induces to infringe and/or whose infringement to which Defendant

US2008 3068230.4

> Alfresco contributes are the end users of the above-referenced DM and WCM products; moreover, Defendant Alfresco had knowledge of the '629 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '629 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '629 patent under 25 U.S.C. § 271.

(*Id.*)

For example, inducement of infringement under 35 U.S.C. § 271(b) requires knowledge that the induced acts infringe the asserted patent.  Ingeniador fails to plead this element and has made no factual allegations to support this required element.  In addition, Ingeniador has made no allegation that it demonstrated to Alfresco, prior to the filing of this suit, that an Alfresco product or service meets every limitation of a claim of the '629 patent and that Alfresco continued to sell its products or services after learning of the information.

## III.    ARGUMENT

### A.    Ingeniador Fails to State a Claim Upon Which Relief Can Be Granted.

Ingeniador's Complaint as to Alfresco should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Ingeniador's patent infringement allegations fail to state a claim upon which relief may be granted.  Under *Ashcroft v. Iqbal*, a complaint must provide more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  129 S.Ct. 1937, 556 U.S. 7 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As demonstrated above, Ingeniador's claims are nothing more than threadbare recitals of elements for direct and indirect patent infringement and mere conclusory statements about two Alfresco products.  For all of its infringement claims, Ingeniador fails to allege facts sufficient to demonstrate how any single claim of the '629 patent has been infringed, and in the case of indirect infringement failed even to plead all of the required elements.  Therefore, Ingeniador's Complaint as to Alfresco fails to state a claim upon which relief can be granted, and the claims against Alfresco should be dismissed.

To streamline these issues for the Court, Alfresco has incorporated above the arguments of the Joint 12(b)(6) Motion in support of this motion to dismiss.  Alfresco notes that the analysis of Ingeniador's allegation directed to Oracle on pages 3-4 of the Joint 12(b)(6) Motion is exemplary of and applicable to each of the allegations directed to individual defendants, including Alfresco.[3]

For at least these reasons, the Court should dismiss Ingeniador's Complaint as to Alfresco pursuant to Fed. R. Civ. P. 12(b)(6).

**B.    Ingeniador Improperly Joined Alfresco as a Defendant.**

In the alternative, Ingeniador's claims against Alfresco should be dismissed or severed for improper joinder under Fed. R. Civ. P. 20(a)(2) and 21.  As discussed above, Fed. R. Civ. P. 20(a)(2) requires, to join parties as defendants, that "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; ***and*** (B) any question of law or fact common to all defendants will arise in the action." (emphasis added).  The requirements of both subsections (A) and (B) must be met.  *Don King Productions, Inc. v. Colon-Rosario*, 561 F.Supp.2d 189, 191 (D.P.R. 2008).

In this case, however, at least Fed. R. Civ. P. 20(a)(2)(A) is not met.  Ingeniador does not seek joint and/or several liability and does not allege that its right to relief from Alfresco and any other defendant arises out of the same transaction or occurrence.  Ingeniador's allegations are directed to sixteen unrelated defendants and identifies exemplary accused product(s) unique to each defendant.  For Alfresco, Ingeniador points to Alfresco's Document Management and Web Content Management products, but makes no allegation that these products are related to any other defendant in any way.  (Complaint, at ¶ 24.)  Since the exemplary accused products for

---

[3] Although Ingeniador's allegations directed to Alfresco name two products, the analysis in the 12(b)(6) Motion remains entirely applicable to Alfresco.

US2008 3068230.4

each defendant are unique, the details of Ingeniador's infringement claims directed to each defendant and each defendant's non-infringement defenses will vary significantly.  Therefore, Ingeniador's claims against Alfresco should be dismissed or, in the alternative, severed from this case.

To streamline these issues for the Court, Alfresco has incorporated above the arguments of Sections III and IV of the EMC Misjoinder Motion in support of this motion to dismiss or sever.  As described with respect to EMC in Section IV of the EMC Misjoinder Motion, Alfresco would also be significantly prejudiced by being forced to defend itself in a case with fifteen unrelated defendants.

In the event that the Court decides not to dismiss claims against Alfresco, Alfresco requests the Court to sever the claims against it pursuant to Fed. R. Civ. P. 21.  While other defendants, including EMC in the EMC Misjoinder Motion, seek a transfer of venue in the event that the Court severs the claims against them, at this time Alfresco does not seek a transfer in the event the Court severs the claims against it.

## IV.    CONCLUSION

For the reasons stated herein and the reasons set forth in the Joint 12(b)(6) Motion and in sections III and IV of the EMC Misjoinder Motion, both incorporated herein by reference, Alfresco respectfully requests that the Court dismiss Ingeniador's Complaint as to Alfresco pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.  Alternatively, Alfresco requests that the Court dismiss, or in the alternative, sever, the claims against it pursuant to Fed. R. Civ. P. 20 and 21.

**WHEREFORE**, Alfresco respectfully requests that the Court dismiss Ingeniador's Complaint as to Alfresco pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon

US2008 3068230.4

which relief can be granted.  Alternatively, Alfresco requests that the Court dismiss, or in the

alternative, sever, the claims against it pursuant to Fed. R. Civ. P. 20 and 21.

     Respectfully submitted.

     In San Juan, Puerto Rico, this 7th day of December, 2011.

McCONNELL VALDÉS LLC
*Attorneys for* Alfresco Software, Inc.
270 Muñoz Rivera Avenue
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Tel: (787) 250-5813
Fax: (787) 474-9207

s/ Roberto C. Quiñones
USDC-PR No. 211512
rcq@mvpr.com

s/ Eduardo A. Zayas-Marxuach
USDC-PR No. 216112
ezm@mcvpr.com

Steven Gardner (admitted *pro hac vice*)
E. Danielle Thompson Williams (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON  LLP**
1001 West Fourth Street
Winston-Salem, North Carolina 27101
(336) 607-7300
(336) 607-7500 (fax)
Email: sgardner@kilpatricktownsend.com
Email: dtwilliams@kilpatricktownsend.com

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on this same date I filed this document electronically with the Clerk of the Court using CM/ECF system which will send notification of such filing to counsel of record.

DATED:  December 7, 2011.

/s/ Eduardo A. Zayas-Marxuach
Eduardo A. Zayas-Marxuach
USDC-PR No. 216112

US2008 3068230.4