IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC,<br><br>    Plaintiff,<br><br>    v.,<br><br>ALFRESCO SOFTWARE, INC., *et al.*,<br><br>    Defendants. | CIVIL NO. 11-1840 (GAG) |

**OMNIBUS MOTION FOR LEAVE TO REPLY TO PLAINTIFF'S MOTIONS IN OPPOSITION AND REQUEST FOR EXTENSION OF TIME TO REPLY**

TO THE HONORABLE COURT:

Defendants Microsoft Corporation ("Microsoft"), Hewlett-Packard Company ("HP"), EMC Corporation ("EMC"), Nuxeo Corporation ("Nuxeo"), Informatica Corporation ("Informatica"), Oracle Corporation ("Oracle"), SAP America, Inc. ("SAP America"), Lexmark International, Inc. ("Lexmark"), Blackboard Inc. ("Blackboard"), Interwoven, Inc. ("Interwoven"), SDL Tridion, Inc. ("SDL Tridion"), Alfresco Software, Inc. ("Alfresco"), Compulink Management Center, Inc. ("Compulink"), and SpringCM ("SpringCM") (hereafter the "Moving Defendants"),[1] respectfully move for leave to reply to Plaintiff's motions in opposition (Docket Nos. 165, 166, 167 and 168) and for a brief fifteen (15) working-days enlargement of time to file them, until January 20th, 2012, for the reasons set forth below:

---

[1] All defendants that have specially appeared in the instant matter hereby continue to do so without submitting to the jurisdiction or venue of the Court, and reserving any and all available defenses in law or fact.

**Omnibus Motion for Leave to Reply and for Extension of Time**
Ingeniador LLC v. Alfresco Software, Inc., et al.
Civil No. 11-1840 (GAG)
Page 2 of 10

---

## I.      Introduction

1. On November 3rd, 2011, Microsoft, HP, EMC, Nuxeo, Informatica, Oracle, SAP America, and Lexmark filed a joint motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, Docket No. 96.[2]

2. On November 4th, 2011, EMC filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 20(a) and 21 or, in the alternative, requesting severance and transfer to the Northern District of California pursuant to 28 U.S.C. § 1404. See, Docket No. 99.[3]

3. On November 7th, 2011, Blackboard filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 21. See, Docket No. 106.

4. On November 7th, 2011, Interwoven filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2). See, Docket No. 110.

5. On November 7th, 2011, Compulink filed three separate motions to dismiss, one under Federal Rule of Civil Procedure 12(b)(6) (Docket No. 111), another for lack of personal jurisdiction and improper venue (Docket No. 116) and the other to dismiss for misjoinder or, in the alternative, to sever and transfer to the United States District Court for the Central District of California (Docket No. 117).

6. On November 7th, 2011, SpringCM filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). (Docket No. 114). In the alternative, SpringCM joined the motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Nos. 114,

---

[2] This motion was later joined by: Interwoven (Docket No. 112) and SpringCM (Docket No. 114).

[3] This motion was later partially joined by: Microsoft and HP (Docket No. 107), SpringCM (Docket No. 114), Lexmark (Docket No. 118), Informatica (Docket No. 129) and SAP America (Docket No. 148).

**Omnibus Motion for Leave to Reply and for Extension of Time**
Ingeniador LLC v. Alfresco Software, Inc., et al.
Civil No. 11-1840 (GAG)
Page 3 of 10

---

96). SpringCM also moved in the alternative to dismiss for misjoinder or to sever and transfer this case to the Northern District of Illinois. (Docket No. 114). For the purposes of its misjoinder motion, SpringCM joined the similar motion filed by EMC Corporation. See, Docket No. 99.

    7.    On November 11th, 2011, Oracle filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 20(a) and 21 or, in the alternative, to sever the claims brought against it by Plaintiff. See, Docket No. 137.

    8.    On November 14th, 2011, SDL Tridion filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), or alternatively to dismiss or sever based on misjoinder, or further alternatively to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). See, Docket No. 139.

    9.    On December 7th, 2011, Alfresco filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and alternatively moving the Court to dismiss, or in the alternative, sever, the claims against it pursuant to Federal Rules of Civil Procedure 20 and 21. See, Docket No. 153.

    10.    This Court originally granted Plaintiff until December 1st, 2011 to respond to all motions to dismiss (Docket Nos. 123 and 134), but upon Plaintiff's request for an extension that term was further enlarged until December 16th, 2011 (Docket Nos. 142 and 144).

    11.    On December 16th, 2011, Plaintiff filed, among other requests, an omnibus motion in opposition to the motions to dismiss and joinders filed under docket numbers 96, 111, 112, 114, 139 and 153, respectively (see, Docket No. 165), an omnibus motion in opposition to the motions filed under docket numbers 99, 114 and 117 (see, Docket No. 166), an omnibus motion

**Omnibus Motion for Leave to Reply and for Extension of Time**
Ingeniador LLC v. Alfresco Software, Inc., et al.
Civil No. 11-1840 (GAG)
Page 4 of 10

in opposition to the motions filed under docket numbers 106, 110, 114, 116 and 139, respectively (see, Docket No. 167), and another one titled "brief in opposition" to the motions filed under docket numbers 99, 106, 107, 114, 117, 118, 129, 137, 139, 148 (see, Docket No. 168).

12. Three (3) of Plaintiff's recently filed four (4) motions in opposition exceed the 15-page limit allowed by Local Rule 7(d). It requested and this Court has granted Plaintiff leave for the filing of those excess pages. See, Docket Nos. 164 and 169.

13. Also, most of these motions in opposition filed by Plaintiff contain multiple exhibits, including a group of them filed in the Spanish language, and for which Plaintiff requested a thirty-day extension to submit certified translations to the English language. See, Docket No. 163. This Court has granted such request allowing Plaintiff to file such certified translations on or before **January 15th, 2012**. See, Docket No. 170.

## II.     Request for leave to Reply and for brief Enlargement of Time

14. The Moving Defendants believe Plaintiff's motions in opposition warrant the benefit of particularized replies to complete and set the record straight before resolution for, among others, the following reasons:

> a) Microsoft, Hewlett-Packard, EMC, Nuxeo, Informatica, Oracle, SAP America, Lexmark and Alfresco request leave to file a reply in support of their motion to dismiss under Fed. R. Civ. P. 12(b)(6), among other things, to refute Ingeniador's argument that the Federal Circuit's decision in McZeal v. Spring Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007) or

**Omnibus Motion for Leave to Reply and for Extension of Time**
Ingeniador LLC v. Alfresco Software, Inc., et al.
Civil No. 11-1840 (GAG)
Page 5 of 10

"Form 18" of the Federal Rules of Civil Procedure trump the Supreme Court's decisions in Iqbal and Twombly or otherwise control the outcome of the motion. This group of defendants' reply also would refute Ingeniador's argument that its insufficient pleading of indirect infringement is somehow mooted by the defendants' knowledge of the patent that necessarily arose when the Complaint was served. The reply also would refute Ingeniador's argument that the motion seeks an early claim construction, which it most certainly does not. Finally, the reply will address Ingeniador's request for leave to amend its complaint.

b) EMC's reply will address Ingeniador's broad mischaracterization of joinder law, its inaccurate and misleading analysis of cases applying such law, its one-sided and unproven "analysis" of EMC's accused product, and its numerous newly asserted allegations against EMC, including a declaration of a technical expert that identifies, for the first time, Ingeniador's positions with respect to the accused products and the protocols that allegedly infringe it.

With respect to Ingeniador's Brief In Opposition to Motions to Dismiss for Improper Joinder (Docket No. 168), for the same reasons as stated above, Oracle, Alfresco and SAP America join in that portion of EMC's request to seek leave to reply.

**Omnibus Motion for Leave to Reply and for Extension of Time**
Ingeniador LLC v. Alfresco Software, Inc., et al.
Civil No. 11-1840 (GAG)
Page 6 of 10

---

c) Blackboard requests leave to reply to its motion to dismiss for lack of personal jurisdiction in order to demonstrate that the minimum contacts test is not met by having a single employee in Puerto Rico and no sales of the accused products, and to respond to the allegation that it is sufficient for the exercise of personal jurisdiction that an educational institution in Puerto Rico offers access to software not sold in Puerto Rico or directed at Puerto Rico. Blackboard further intends to demonstrate that its accused Enterprise Content Management software is distinct from the other defendants' accused products in order to properly reply in support of its motion for improper joinder since it will be impractical and a waste of the Court's resources to litigate Blackboard's accused products at the same time as distinct products of the other defendants.

d) SDL Tridion requests leave to reply in support of its motion to dismiss for lack of personal jurisdiction in order to demonstrate the fallacy of Ingeniador's contentions that specific jurisdiction exists merely because SDL Tridion's website is accessible from Puerto Rico, and that customers to which SDL Tridion may have made sales outside of Puerto Rico (*e.g.*, in Europe) happen to do business in Puerto Rico.

e) SpringCM seeks leave to reply to Plaintiff's assertions that the Court has specific personal jurisdiction over SpringCM because its customers may

**Omnibus Motion for Leave to Reply and for Extension of Time**
Ingeniador LLC v. Alfresco Software, Inc., et al.
Civil No. 11-1840 (GAG)
Page 7 of 10

do business in Puerto Rico, the EchoSign website is accessible from Puerto Rico, or for any other reasons set forth in Plaintiff's response.

Having joined, in the alternative, the motions to dismiss under Fed. R. Civ. P. 12(b)(6) and to dismiss for misjoinder or to sever and transfer (see, Docket Nos. 96, 99 and 114), SpringCM requests leave to reply in support of these motions for the same reasons expressed above.

f) Compulink seeks leave to file replies in further support of its three motions to dismiss. With respect to its Rule 12(b)(6) motion, Compulink's reply will address the points set forth above in paragraph 14(a). Concerning its motion to dismiss for lack of personal jurisdiction and improper venue, its reply will show that, contrary to Ingeniador's contention, the fact that Compulink's business activity in Puerto Rico is *de minimis* is material in determining that personal jurisdiction does not exist. Compulink also will show that a 2004 press release relating to a Puerto Rico company using Laserfiche software, before the '629 patent issued, is irrelevant to determine personal jurisdiction. Regarding its motion to dismiss for misjoinder or, in the alternative, to sever and transfer, Compulink will demonstrate that the liberal view of the joinder rules which is advocated by Ingeniador is contrary to the applicable law and relevant facts. Moreover, it will refute Ingeniador's arguments that the events giving rise to this lawsuit and the claims asserted by Ingeniador are

Case 3:11-cv-01840-GAG   Document 173   Filed 12/20/11   Page 8 of 10

**Omnibus Motion for Leave to Reply and for Extension of Time**
Ingeniador LLC v. Alfresco Software, Inc., et al.
Civil No. 11-1840 (GAG)
Page 8 of 10

sufficiently related. The number of defendants and different accused systems at issue confirm that the claims are not sufficiently related, and Ingeniador's conclusory statements and supporting declaration as to the alleged commonality between the accused products do not establish the required relationship between the events and claims in this case. Compulink will also refute Ingeniador's arguments that the AIA has no applicability to the current motion. Further, this reply will demonstrate that Ingeniador's arguments regarding the factors relating to transfer and its choice of forum are unsupported factually and legally.

g) Finally, Interwoven will demonstrate in reply that neither the listing of a distributor –with a presence in multiple jurisdictions– on Interwoven's parent company's website nor the presence in Puerto Rico of certain of Interwoven's parent company's customers is sufficient to find specific personal jurisdiction over Interwoven for the infringement of the patent-in-suit by an Interwoven product.

15. All of the above-detailed considerations, alone, merit replies in the instant matter. However, Local Rule 7(c) provides that the Moving Defendants may not respond to the Plaintiff's oppositions unless leave is first granted by the Court.

16. Therefore, in order to reply, the Moving Defendants must pray for leave within seven (7) days – including weekends, state and federal holidays – after service of the Plaintiff's

**Omnibus Motion for Leave to Reply and for Extension of Time**
Ingeniador LLC v. Alfresco Software, Inc., et al.
Civil No. 11-1840 (GAG)
Page 9 of 10

---

December 16th, 2011 oppositions. See, Rule 6(a) of the Federal Rules of Civil Procedure; see also, Local Rule 7(c).

17.     Local Rule 5(e), in turn, commands that "[p]arties receiving service by electronic means are entitled to three (3) additional days to respond pursuant to Fed.R.Civ.P. 6(d)." Therefore, the Moving Defendants would have until Tuesday, December 27, 2010 to file any Reply.

18.     Pursuant to these rules, the Moving Defendants request leave to reply to Plaintiff's motions in opposition (Docket Nos. 165, 166, 167 and 168). Nevertheless, in light of the upcoming Christmas and New Year holidays, and provided that it would not negatively affect the timing for the resolution of the pending dispositive motions as set forth below, the Moving Defendants respectfully request a brief extension of just fifteen (15) additional working-days to file their respective replies, **until January 20th, 2012**.[4]

19.     The short period requested by the Moving Defendants shall not unduly burden the Plaintiff or delay proceedings in this matter, particularly given that the official record for the resolution of these motions would not be completed until the expiration of the extension, for the filing of the certified translations of the exhibits submitted in Spanish, on January 15, 2012 (actually January 17th, as the 15th is a Sunday and Monday, January 16th is Dr. Martin Luther King, Jr.'s holiday). Thus, the additional time requested entail but only three (3) additional working-days from the time-period established by this Court for the completion of the record on the part of Plaintiff, and will certainly allow the Moving Defendants to have a modest amount of

---

[4] The following four (4) days are holidays observed by the Court and its dependencies: December 26th, 2011; January 2nd, 2012; January 6th, 2012; and January 16th, 2012. See, Notices from the Clerk Nos. 10-22 and 11-17.

**Omnibus Motion for Leave to Reply and for Extension of Time**
Ingeniador LLC v. Alfresco Software, Inc., et al.
Civil No. 11-1840 (GAG)
Page 10 of 10

---

time to consider those English translations. Also, this extension will allow the defendants to coordinate amongst themselves with respect to arguments to be made jointly in the replies, promoting efficiencies for the benefit of the process, this Court and all involved parties.

**WHEREFORE**, the Moving Defendants pray that this Court grant them leave to file their replies to Plaintiff's motions in opposition (Docket Nos. 165, 166, 167 and 168) and to allow for such process to be done according to the brief enlargement requested until **January 20th, 2012**.

**I CERTIFY** that today, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send electronic notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of December, 2011.

**FIDDLER, GONZÁLEZ & RODRÍGUEZ, PSC**

**On behalf of and by authorization of the Moving Defendants**

P. O. Box 363507
San Juan, PR 00936-3507
Tel. (787) 759-3291
Fax: (787) 759-3109

*/s/ Tomás A. Román-Santos*
Tomás A. Román-Santos
USDC-PR No. 219806
E-mail: taroman@fgrlaw.com

#861904.1