IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC<br><br>            Plaintiffs,<br><br>    v.<br><br>ALFRESCO SOFTWARE, INC.; INTERWOVEN, INC; BLACKBOARD, INC.; BRIDGELINE DIGITAL, INC.; EMC CORPORATION; HEWLETT-PACKARD COMPANY; INFORMATICA CORPORATION; COMPULINK MANAGEMENT CENTER, INC.; LEXMARK INTERNATIONAL, INC.; MICROSOFT CORPORATION; MUXEO CORPORATION; OBJECTIVE CORPORATION USA, INC.; ORACLE CORPORATION; SAP AMERICA, INC.; SDL TRIDION, INC.; AND SPRINGCM INC.,<br><br>            Defendants. | Civil Action No. 3:11-cv-01840-GAG |

**MOTION TO STRIKE EMC'S REPLY BRIEF AS TO TRANSFER OF VENUE, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE SURREPLY AS TO EMC'S AND SPRINGCM'S REPLY BRIEF, AND FOR LEAVE TO FILE SURREPLY AS TO COMPULINK'S ANALOGOUS MOTION**

**COMES NOW**, Plaintiff **Ingeniador, LLC**, through the undersigned legal representation, and very respectfully states and prays as follows:

1. On January 17, 2012, Defendant EMC filed its reply to Ingeniador's Motion in Opposition to Transfer of Venue. See Docket No. 183.

2. Nevertheless, EMC did not request this Honorable Court's authorization before filing its reply brief.[1] In doing so, EMC failed to comply with the plain provisions of Local

---

[1] On December 20, 2011, all Defendants in the above-captioned case collectively filed an "Omnibus Motion for Leave to Reply to Plaintiff's Motion in Opposition and Request for Extension of Time to Reply". See Docket No. 173. In said motion, each defendant requested leave to respond to specific motions

1

Rule 7 (c), which states that "***with prior leave*** of Court and within seven (7) days of the service of any objection to a motion, the moving party may file a reply memorandum, which shall not exceed ten (10) pages in length and which shall be strictly confined to replying to new matters raised in the objection or opposing memorandum." In light of the aforementioned, Ingeniador moves this Court to strike EMC's motion from the record and disregard it on its face.

3. In tandem with EMC, on even date co-defendant Compulink filed an analogous motion replying to Ingeniador's Opposition to Transfer of Venue. See Docket No. 195.

4. On said Reply, Compulink improperly accuses Ingeniador of making incorrect representations to this Honorable Court, while it calls into question and attempts to defy the decisions of the binding legal authorities discussed by Ingeniador in its Opposition to Transfer of Venue.

5. Considering the above and examples herein, Ingeniador understands that a concise Sur-Reply is essential to set the record straight as to Defendants' incorrect interpretation of the binding legal authorities, which will, in turn, aid this Honorable Court in resolving the issues presented in the case at bar.

---

and arguments filed by Ingeniador as they deemed applicable. In Section II, paragraph 14 (b), found at page 5 of the omnibus motion, EMC declares that its reply:

> will address Ingeniador's broad mischaracterization of joinder law, its inaccurate and misleading analysis of cases applying such law, its one-sided and unproven "analysis" of EMC's accused product, and its numerous newly asserted allegations against EMC, including a declaration of a technical expert that identifies, for the first time, Ingeniador's positions with respect to the accused products and the protocols that allegedly infringe it. With respect to Ingeniador's Brief In Opposition to Motions to Dismiss for Improper Joinder (Docket No. 168), for the same reasons as stated above, Oracle, Alfresco and SAP America join in that portion of EMC's request to seek leave to reply.

As it glaringly transpires from the aforementioned, EMC did not request leave to address Ingeniador's Opposition to Transfer of Venue.

6. It is worth noting that EMC's motion shares the same flaws Compulink's motion has. Consequently, should this Court decide not to strike EMC's motion, Ingeniador respectfully requests leave to file a Sur-reply as to EMC and SpringCM, who joined EMC's Reply (Docket No. 191).

7. As the docket of this case attests, on January 17, 2012, and approximately 30 days from the date in which Ingeniador filed its oppositions to Defendants' dispositive motions, the majority of the 15 Defendants in this action filed several motions totaling 16 filings with regard to a variety of issues. Ingeniador is already working on its Sur-Replies but will need and respectfully requests 30 days, until February 23, 2012 to file the corresponding Sur-Reply and to properly and responsibly address all of the issue brought forth by Defendants.

8. This request is made in good faith and will not cause undue prejudice to the parties herein, nor will it delay the proceedings.

**WHEREFORE**, Ingeniador respectfully requests this Honorable Court: (1) to strike EMC's reply to Ingeniador's Opposition to Transfer of Venue; or (2) in the alternative, if EMC's motion is not stricken, to grant a leave to surreply; (3) to grant Ingeniador leave to sur-reply to SpringCM's and Compulink's respective motion; and, (4) to grant it 30 days until February 23, 2012 to submit the corresponding Sur-Replies.

**I HEREBY CERTIFY** that on this same date, copy of this motion was filed with the Clerk of the Court, using the CM/ECF System which will send notification of such filling to the attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 24th day of January, 2012.

*Attorneys for* **Ingeniador, LLC**

**Ferraiuoli LLC**
221 Plaza, 4th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001

*S/Eugenio J. Torres-Oyola*
**Eugenio J. Torres-Oyola**
USDC No. 215505
E-mail: etorres@ferraiuoli.com

*S/Katherine González Valentín*
**Katherine González-Valentín**
USDC No. 214411
kgonzalez@ferraiuoli.com