IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC<br><br>        Plaintiffs,<br><br>v.<br><br>ALFRESCO SOFTWARE, INC. *et al.*<br><br>        Defendants. | Civil Action No. 3:11-cv-01840-GAG<br><br><br>JURY TRIAL DEMANDED<br><br><br>PATENT INFRINGEMENT |

**MOTION FOR LEAVE TO SUR-REPLY TO INTERWOVEN, INC., BLACKBOARD, INC., COMPULINK MANAGEMENT CENTER, INC., AND SPRINGCM'S REPLIES TO OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff INGENIADOR, LLC (hereinafter "Plaintiff" or "Ingeniador"), through the undersigned legal representation, and very respectfully, states and prays as follows:

1. On January 17, 2012, Defendants Interwoven, Inc. (hereinafter "Interwoven"), Blackboard, Inc. (hereinafter "Blackboard"), Compulink Management Center, Inc. (hereinafter "Compulink") and SpringCM (hereinafter "SpringCM") each filed a Reply to Opposition to Motion to Dismiss for Lack of Personal Jurisdiction (*See* Dockets No. 187; 185, 188 and 191, respectively) (hereinafter the "Replies").

2. Ingeniador has evaluated the Replies and their applicable legal arguments and has concluded that a brief Sur-Reply is warranted for those four Replies.[1]

3. Defendant Interwoven (*See* Docket No. 187) has argued that their website is not an interactive website and that jurisdiction cannot be acquired through the same. Ingeniador must file a brief Sur-Reply to address Interwoven's incorrect allegations and to provide

---

[1] Pursuant to Local Rules 5(e) and 7(c) of the Local Rules for the United States District Court, District of Puerto Rico, and Rule 6(d) of the Federal Rules of Civil Procedure, the deadline to file Sur-Replies would be January 27, 2012.

additional support of the interactivity of Interwoven's website and how Puerto Rico customers have access to its products directly from its website.

4.   In addition, Ingeniador must rectify Defendant Blackboard's erroneous and misplaced interpretation of First Circuit case law regarding personal jurisdiction (*See* Docket No. 185) since First Circuit law is not the binding precedent in patent infringement cases for personal jurisdiction issues. Moreover, the First Circuit case Blackboard cites is clearly distinguishable from the case at bar.  Therefore, leave is warranted to file a Sur-Reply to address Blackboard's erroneous assertions regarding personal jurisdiction.

5.   Defendant Compulink (*See* Docket No. 188) argues that specific personal jurisdiction cannot be acquired over Compulink for the selling of the infringing product prior to the issuance of the patent.  A brief Sur-Reply is essential to rectify that Compulink's allegations concerning the issuance of the patent are irrelevant as to the jurisdictional issue and to establish how the information provided by Ingeniador thus far is sufficient to merit a jurisdictional discovery hearing.

6.   Regarding defendant SpringCM (*See* Docket No. 191), a Sur-Reply is warranted to briefly set the record straight and reveal information showing that SpringCM's infringing product is available to Puerto Rico customers from its interactive website. In addition, Ingeniador must discuss how this fact proves sufficient to merit a jurisdictional discovery hearing.

7.   Based on the above examples, Ingeniador respectfully submits that a Sur-Reply is merited in response to the Replies and will contribute to the simplification of the case and resolution of the personal jurisdiction controversy.

8.	As the docket of this case attests, on January 17, 2012, and approximately 30 days from the date in which Ingeniador filed its oppositions to Defendants' dispositive motions, the majority of the 15 Defendants in this action filed several motions totaling 16 filings with regard to a variety of issues.  Ingeniador is already working on its Sur-Replies but will need and respectfully requests 30 days, until February 23, 2012 to file the corresponding Replies and to properly and responsibly address all of the issue brought forth by Defendants.

9.	This request is made in good faith and will not cause undue prejudice to the parties herein, nor will it delay the proceedings.

**WHEREFORE**, it is respectfully requested from this Honorable Court to grant Ingeniador leave to Sur-Reply to the Replies until February 23, 2012.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on January 24, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record.

*Attorneys for* **Ingeniador, LLC**

**Ferraiuoli LLC**
221 Plaza, 4th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001

*S/Eugenio J. Torres-Oyola*
**Eugenio J. Torres-Oyola**
USDC No. 215505
etorres@ferraiuoli.com

*S/Katherine González Valentín*
**Katherine Gonzalez-Valentín**
USDC-PR No. 214411
kgonzalez@ferraiuoli.com

3