### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC | Civil Action No. 3:11-cv-01840-GAG |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| ALFRESCO SOFTWARE, INC. *et al.* | |
| Defendants. | PATENT INFRINGEMENT |

### MOTION FOR LEAVE TO SUR-REPLY AS TO DISPOSITIVE MOTION UNDER RULE 12(B)(6)

TO THE HONORABLE COURT:

COMES NOW, Plaintiff INGENIADOR, LLC (hereinafter "Plaintiff" or "Ingeniador"), through the undersigned legal representation, and very respectfully states and prays as follows:

1. On January 17, 2012, Defendants Microsoft Corporation, Hewlett-Packard Company, EMC Corporation, Nuxeo Corporation, Informatica Corporation, Oracle Corporation, Lexmark International, Inc., Alfresco Software, Inc., Interwoven, Inc., Compulink Management Center, Inc., and SDL Tridion, Inc. filed several Replies in an attempt to support their Motions to Dismiss under Rule 12(b)(6). (Dockets No. 182, 186, 189, and 190) (hereinafter "Defendants' Replies").

2. Having evaluated Defendants' Replies and the legal arguments therein, Ingeniador has concluded that a brief Sur-Reply is warranted to clarify several misstatements and mischaracterizations made by the Defendants for the first time in the aforementioned Replies.

3. Defendants' Replies includes various misstatements and mischaracterizations as to the subject matter of the present case and the jurisprudence cited by Ingeniador in the course of these proceedings. For example, Defendants argue in their Replies that they do not address

the nature and scope of the claims in the '629 patent, in response to Ingeniador´s Opposition. This highlights the impermissibility and untimeliness of Defendants' characterizations in their Motions to Dismiss pursuant to Rule 12(b)(6). Nonetheless, Defendants yet continue to qualify all claims in the ´629 patent as "method claims." Similarly, Defendants continue to cite authority applying infringement tests for method patents. Concise arguments are required to explain why Defendants´ assertions are improper under U.S. patent law.

4.  Defendants' allegations which further demonstrate the need for a Sur-Reply include, for example: (1) Defendants' mischaracterization of Ingeniador´s pleadings, specifically the pleadings dealing with the identification of Defendants' infringing products and the pleadings asserting indirect infringement; (2) Ingeniador´s alleged lack of reliance on "Form 18" to establish indirect infringement; (3) misstatements of law, particularly regarding the scope and relevance of the Federal Circuit's holding in the *McZeal* case; (4) misstatements of fact, such as the date of the most recent revision of "Form 18"; (5) mischaracterizations regarding the different infringement standards for design patents and utility patents; and, (6) Defendants' novel allegation that a different pleading standard applies to allegations made on information and belief.[1]

5.  For the reasons set forth above, Ingeniador respectfully submits that a Sur-Reply is necessary and will contribute to the simplification of the case by means of a well-warranted denial of Defendants' Motion to Dismiss.

6.  As the docket of this case attests, on January 17, 2012, and approximately 30 days from the date in which Ingeniador filed its oppositions to Defendants' dispositive motions, the majority of the 15 Defendants in this action filed several motions totaling 16 filings with regard

---

[1] To the extent Ingeniador has not actually requested leave to amend the complaint, it is unnecessary to address Defendants' arguments with, perhaps, the exception of making some clarifications in the Sur-Reply. Ingeniador also wishes to clarify that no request for leave to amend the complaint has been filed. Thus, arguments in support of an amendment would be presented in due course, if such an amendment is deemed necessary.

to a variety of issues. Ingeniador is already working on its Sur-Replies but will need and respectfully requests 30 days, until February 23, 2012 to file the corresponding Sur-Reply and to properly and responsibly address all of the new matters and/or issues brought forth by Defendants.

**WHEREFORE**, it is respectfully requested from this Honorable Court to grant Ingeniador leave to Sur-Reply to the Defendants' Replies, until February 23, 2012.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on January 24, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record.

*Attorneys for* **Ingeniador, LLC**

**Ferraiuoli LLC**
221 Plaza, 4th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001

*S/Eugenio J. Torres-Oyola*
**Eugenio J. Torres-Oyola**
USDC No. 215505
etorres@ferraiuoli.com

*S/Katherine González Valentín*
**Katherine Gonzalez-Valentín**
USDC-PR No. 214411
kgonzalez@ferraiuoli.com