**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| INGENIADOR, LLC | Civil Action No. 3:11-cv-01840-GAG |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| ALFRESCO SOFTWARE, INC. *et al.* | |
| Defendants. | PATENT INFRINGEMENT |

<u>**MOTION FOR LEAVE TO FILE SUR-REPLY AS TO MOTIONS TO DISMISS FOR
IMPROPER JOINDER AND/OR MOTIONS TO SEVER**</u>

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Ingeniador, LLC (hereinafter "Plaintiff" or "Ingeniador"), through the undersigned legal representation, and very respectfully states and prays as follows:

1.      On January 17, 2012, Defendants Microsoft Corporation, Hewlett-Packard Company, EMC Corporation, Informatica Corporation, Oracle Corporation, Lexmark International, Inc., Alfresco Software, Inc., Interwoven, Inc., Compulink Management Center, Inc., Blackboard, Inc., SpringCM, Inc., and SDL Tridion, Inc. filed several Replies in an attempt to support their Motions to Dismiss and/or Sever for Misjoinder.  (Dockets No. 184, 190, 191, 192, and 194) (hereinafter "Defendants' Replies").

2.      Having evaluated Defendants' Replies and the legal arguments therein, Ingeniador has concluded that a brief Sur-Reply is warranted to clarify several misstatements and mischaracterizations made by the Defendants for the first time in the aforementioned Replies.

3.      Defendants' Replies include various misstatements and mischaracterizations as to the facts of the present case and the pertinent law cited by Ingeniador in the course of these proceedings.  For example, Defendants incorrectly argue in their Replies that Ingeniador relies

1

on a "minority approach" for its interpretation of the joinder standard set forth in Rule 20.  Yet, Defendants do not cite First Circuit authority to support such characterization.  Because what case law does exist suggests the First Circuit would apply a liberal and flexible approach to Rule 20, Ingeniador's arguments will help explain why the Defendants are incorrect.

4.       Defendants make a series of allegations regarding the technical declaration submitted by Dr. José Luis Cruz, which unjustly criticize Dr. Cruz and further demonstrate the need for a Sur-Reply.  For example, the Defendants maintain their position that each of their products is unique, even though all the accused products are implementations of Enterprise Content Management ("ECM") and are, by their own admission, competitors.  (*See* Docket No. 194, p. 3).  Concise arguments are needed in order to clarify that the Defendants' publicly-available literature demonstrates the similarity among the accused products.

5.       Defendants attempt to distinguish the decision in *Arista Records LLC v. Does 1-27*, albeit unsuccessfully.  For example, Defendants assert that since the facts of *Arista Records* involve copyright infringement through a shared network, it is inapplicable to the case at hand.  Arguments are needed to clarify the holding of *Arista Records*, which is not only applicable, but whose analogy in fact supports the joinder of Defendants in the present case.

6.       Defendants directly accuse Ingeniador of making "sweeping and dangerously inaccurate statements" regarding the use of LDAP in the Defendants' products (*See* Docket No. 184, p. 7).  Ingeniador's description of the Defendants' products is based on publicly-available information, and each Defendant prominently states the use of the LDAP protocol in its product's description.  (*See* Docket No. 168, pp. 7-9).  For example, arguments are needed to briefly discuss the nature of the LDAP protocol, which will in turn demonstrate the functional similarity within the Defendants' products.

7.      In addition to misstating and mischaracterizing relevant aspects of the present case, Defendants have opted to ignore relevant authority bearing on the applicability of Rule 20. For example, Defendants unsurprisingly avoid an extensive discussion of this Court's decision in *Don King Productions, Inc. v. Colon-Rosario*.  The *Don King* case deals with a particular type of wrongdoing unrelated to patent law, which the Court considered was not amenable for joinder.  Since this decision constituted a mainstay in the Defendants' Motions to Dismiss, further arguments will help demonstrate that, far from applying a "minority approach," Ingeniador has properly joined the Defendants in accordance with a liberal and flexible approach that the First Circuit would apply.

8.      Lastly, the Defendants choose to ignore Ingeniador's discussion of the "logical relationship" test cited by authority within the First Circuit.  For example, arguments are needed to clarify that the "logical relationship" test applied by First Circuit authority in other contexts (i.e., "transaction or occurrence" in compulsory counterclaims pursuant to Rule 13), is frequently interpreted as the "transaction or occurrence" language of Rule 20.

9.      For the reasons set forth above, Ingeniador respectfully submits that a Sur-Reply is necessary and will contribute to the simplification of the case by means of a well-warranted denial of Defendants' Motions to Dismiss and/or Sever.

10. As the docket of this case attests, on January 17, 2012, and approximately thirty (30) days from the date in which Ingeniador filed its oppositions to Defendants' dispositive motions, the majority of the fifteen (15) Defendants in this action filed several motions totaling sixteen (16) filings with regard to a variety of issues.  Ingeniador is already working on its Sur-Replies but will need and respectfully requests thirty (30) days, (until February 23, 2012) to file the corresponding Sur-Reply and to properly and responsibly address all of the issues brought forth by Defendants.

**WHEREFORE**, it is respectfully requested from this Honorable Court to grant Ingeniador leave to Sur-Reply to the Defendants' Replies, until February 23, 2012.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on January 24, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record.

*Attorneys for* **Ingeniador, LLC**

**Ferraiuoli LLC**
221 Plaza, 4th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001

*S/Eugenio J. Torres-Oyola*
**Eugenio J. Torres-Oyola**
USDC No. 215505
etorres@ferraiuoli.com

*S/Katherine González Valentín*
**Katherine Gonzalez-Valentín**
USDC-PR No. 214411
kgonzalez@ferraiuoli.com