IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC<br><br>        Plaintiffs,<br><br>v.<br><br>ALFRESCO SOFTWARE, INC.; INTERWOVEN, INC; BLACKBOARD, INC.; BRIDGELINE DIGITAL, INC.; EMC CORPORATION; HEWLETT-PACKARD COMPANY; INFORMATICA CORPORATION; COMPULINK MANAGEMENT CENTER, INC.; LEXMARK INTERNATIONAL, INC.; MICROSOFT CORPORATION; MUXEO CORPORATION; OBJECTIVE CORPORATION USA, INC.; ORACLE CORPORATION; SDL TRIDION, INC.; AND SPRINGCM INC.,<br><br>        Defendants. | Civil Action No. 3:11-cv-01840-GAG |

**SURREPLY TO EMC'S, SPRINGCM'S AND COMPULINK'S REPLY BRIEF AS TO TRANSFER OF VENUE (DOCKETS NO. 183, 191 AND 195, RESPECTIVELY)**

COMES NOW, Plaintiff, **Ingeniador, LLC**, through the undersigned legal representation and very respectfully, states and prays as follows:

**I.   INTRODUCTION**

On January 17, 2012, Codefendants EMC and Compulink filed their replies to Ingeniador's opposition to transfer of venue. See Docket Nos. 183 and 195, respectively. Also, without submitting any independent argument, Codefendant SpringCM joined EMC's motion. See Docket No. 191. On January 24, 2012, Ingeniador requested this

1

Court's authorization to sur-reply to Codefendants' reply briefs, see Docket No. 203. Said petition was granted on January 25, 2012. See Docket No. 207[1].

It is worth noting that the vast majority of the arguments advanced by Compulink and EMC (and SpringCM therewith) in their replies are, in truth, a mere rehash of their original motions requesting transfer. They reflect virtually identical recitations of the woes and tribulations that Codefendants would allegedly endure if the instant case is not removed to their purported jurisdictions, in clear contravention of Local Rule 7(c). Ingeniador will not follow suit and it will, on the contrary, circumscribe the following motion to address those few new or refashioned arguments contained in the replies.

## II.   ARGUMENT

### A. DEFENDANTS FAILED TO REBUT THE BINDING PRINCIPLE ARTICULATED BY THE FEDERAL CIRCUIT: THERE IS NO ROOM FOR VENUE INQUIRIES ONCE THE ISSUE OF PERSONAL JURISDICTION HAS BEEN SETTLED.

In their replies, Codefendants conveniently ignore the fact that venue and jurisdiction are coextensive in patent cases against corporate defendants, inasmuch as it has been repeatedly declared that venue in a patent action against a corporate defendant exists whenever there is personal jurisdiction. See Trintec Industries, Inc. v. Pedre Promotional Products, Inc., 395 F.3d 1275, 1280 (Fed. Cir. 2005); VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed.Cir.1990); HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1306 (Fed.Cir.1999); see also, explicit languages of 28 U.S.C.A. §§ 1400 (b) and 1391. Consequently, the instant controversy can be easily disposed of with the following syllogism: Codefendants are corporations; this Honorable

---

[1] To the extent the request to strike EMC's reply appears to be pending resolution, Ingeniador hereby incorporates by reference its request and supporting arguments regarding the same.

Court possesses jurisdiction over them; *ergo*, venue is proper and no separate venue inquiry is necessary. Trintec Industries, Inc., 395 F.3d at 1280.

The principle previously articulated tackles the venue controversy without need of further elaborations. However, Ingeniador believes it is still important to set the record straight with regard to Codefendants' unavailing propositions.

**B. CASES LIKE THE ONE AT HAND FOSTER PUERTO RICO'S PUBLIC POLICY WHICH AIMS TO PROMOTE A KNOWLEDGE-BASED ECONOMY BY ENCOURAGING THE DEVELOPMENT AND PROTECTION OF SCIENTIFIC ADVANCES; THEREFORE, THERE IS A MANIFEST LOCALIZED INTEREST THAT DETERS THE PURPORTED TRANSFERS OF VENUE.**

In their motions, Codefendants claim, *inter alia*, that Ingeniador has no local interest in trying this case in the District of Puerto Rico. They further condescendingly contend that, since this Honorable Court rarely handles a patent case, whereas the North and Central Districts of California are both experienced on these matters, the balance tilts in favor of the requested transfers before presumably better equipped judges. These contentions are defeated by one major factor: the public policy of the Government and the people of Puerto Rico in promoting a knowledge-based economy within the island and the desire of imbedding in the citizenship the awareness of the importance of scientific developments and their protection. To achieve those legitimate and laudable aims, the prosecution and defense of patents and the progress of patent law indisputably represent a driving force, more so when the patent holder is a Puerto Rico corporation.

On this regard, the Government of Puerto Rico has specifically declared that:

The public policy regarding the economic development of Puerto Rico requires reorienting our economy with a futuristic vision and tempering it according to the global economic trends and to the advances in science

3

> and technology. As part of that vision, it is important to protect and support the traditional sectors of agriculture, manufacturing, tourism, service and cooperation. However, given the globalization of the economy, and the formation of regional economic blocs, it is essential to promote modern economic development initiatives which will diversify our economy to make it increasingly competitive.
>
> The most recent economic studies show that if Puerto Rico is interested in competing in the new global economy it must direct its efforts to encourage and develop a knowledge-based economy. This is so, because the new global economic engine will revolve around knowledge assets, such as science, technology and research. Countries like Ireland, Singapore, Chile and Taiwan, among others, have already made significant investments in science and technology research and in manufacturing of high technology. More importantly, studies have shown a positive correlation between the intensity of investment in science and technology and the productivity of a country. (Our translation).

Statement of Purpose of Act No. 214 of August 18, 2004 for the Creation of the Puerto Rico Science, Technology and Research Trust.

From the foregoing discussion, it arises clearly that the prosecution of the present case in the District Court of Puerto Rico can serve as a catalyst to promote the public policy of the government of Puerto Rico towards scientific progress and a knowledge-based economy by means of the development of patents and the advancement of patent law. This court is more than prepared for this task. Moreover, Codefendants' admission that patent cases are not uncommon in neither the North or the Central Districts of California proffer additional ground to conclude that there would be no particular localized interest in those jurisdictions to entertain the case *sub-judice*, thereby weighing against the pretended transfers.

    **C. THE STANDARD FOR TRANSFER OF VENUE DISCUSSED BY INGENIADOR IN ITS OPPOSITION APPLIES TO PATENT CASES JUST AS IT APPLIES TO CASES DEALING WITH OTHER SUBSTANTIVE ISSUES.**

Codefendants contend Ingeniador's reliance on cases such as Arroyo-Perez v. Demir Group Int'l, 733 F. Supp. 2d 314 (D.P.R. 2010) and Roman Martinez v. Potter, 383 F. Supp. 2d 300, 302 (D.P.R. 2005) to discuss the standard that this Honorable Court has previously followed and applied when addressing petitions of transfer of venue is misplaced. Codefendants base their disagreement on the fact that those were Title VII cases, unrelated to the substantive issues of the above-captioned case. However, nowhere does Ingeniador's previous motion reveal any intention to intertwine one thing with the other. The decisions cited by Ingeniador, although substantively tied to other matters, dealt specifically with Section 1404 of Title 28 of the United States Code, 28 U.S.C. § 1404, the exact same procedural controversy now before this Honorable Court for consideration. Ingeniador strictly confined its discussion to the standard for a transfer of venue in this jurisdiction, as it has been framed by this Honorable Court, as it applies to the instant facts and circumstances; nothing more, nothing less. Therefore, Codefendants' opposition is utterly inapposite.

Defendants also contend that the factors of "consolidation" and "order in which the district court obtained jurisdiction" do not apply in the case at bar because there are no pending related actions in other jurisdictions. Nevertheless, they again fail to recognize that if the purported transfers were to take place, piecemeal litigation will ensue, leading, precisely, to some other "related actions in other jurisdictions". In such a case, these factors would apply. Thereafter, it would be imperative to bring to mind that in the above-captioned case the complaint has been filed; Defendants have been served; several dispositive motions have been filed in this case by the majority, if not all, Defendants; Ingeniador has responded; Defendants have replied; and Ingeniador is

5

currently sur-replying. The proceedings are, hence, much more advanced in this jurisdiction than in any other potential venue.

In addition, Ingeniador is forced to contest Defendants' allegation that the only cost that Ingeniador would bear if this case is transferred to different districts would be "the travel expense of its attorneys". This overly simplistic characterization overlooks the fact that Ingeniador would be forced to retain local counsel in jurisdictions where attorney's fees are much more expensive than in Puerto Rico and that it would be forced to start and prosecute replicated cases in different districts, with the multiplicity of costs that this entails. Codefendants' assertion is nonsensical and does not hold water. Those burdens should not be imposed upon a Puerto Rican corporation by a district court sitting in Puerto Rico.

Moreover, Compulink's reliance in Kosher v. Lumbermens Mut. Cas. Co., 330 U.S. 518 (1947); In re Microsoft Corp., 2010 U.S. App. LEXIS 2312 (Fed. Cir. Nov. 8, 2010); and In re Zimmer, 609 F. 3d 1378 (Fed. Cir. 2010) is erroneous and misguided. The facts in Kosher are very different and specific, for it was a derivative suit brought forth by a shareholder in the state he resided regarding the internal affairs of a foreign corporation.  As stated by the Supreme Court therein, the rules followed in said case do not apply to other cases. Kosher, at page 526.  On the other hand, Ingeniador is a resident of this forum.  The Supreme Court in said case recognized that, in ordinary actions, "the residence of the suitor [in this case, Ingeniador]… is a fact of high importance." Id. at page 525.

The facts in the Microsoft, supra, a case that cannot be cited as a precedent,  are also clearly distinguishable from the case at bar.  In that case, the selected forum was the

6

state of residence of a fictitious subsidiary. Ingeniador is not a fictitious subsidiary. As demonstrated on numerous occasions, Ingeniador is a bona-fide corporation organized under the laws of Puerto Rico and is the rightful owner of Patent '629.

Codefendants' reliance on Zimmer is also misplaced. The patent holder in that case was not from the state where the action was filed (Texas); it was from Michigan. In clear contrast, Ingeniador is the patent holder and is organized under the laws of Puerto Rico and registered in the Puerto Rico Department of State.

Cleary, Codefendants have not brought forth any sound legal argument warranting the transfer of this case elsewhere.

**WHEREFORE**, it is respectfully requested that this Honorable Court deny Defendants motions for transfer of venue and grant Ingeniador the expected deference in its choice of forum.

**I HEREBY CERTIFY**: that on this same date, copy of this motion was filed with the Clerk of the Court, using the CM/ECF System which will send notification of such filling to the attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 6th day of February, 2012.

*Attorneys for* **Ingeniador, LLC**

**Ferraiuoli LLC**
221 Plaza, 4th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001

*S/Eugenio J. Torres-Oyola*

**Eugenio J. Torres-Oyola**
USDC No. 215505
E-mail: etorres@ferraiuoli.com

*S/Katherine González Valentín*
**Katherine González-Valentín**
USDC No. 214411
kgonzalez@ferraiuoli.com

*S/ Cristina Arenas Solís*
**Cristina Arenas Solís**
USDC No. 223511
carenas@ferraiuoli.com


**REICHARD & ESCALERA**
MCS Plaza 255 Ponce de León Ave. Ste. 1,000
San Juan, PR 00917-1913
PO Box 364148
San Juan, PR 00936-4148
Tel. 787 777-8888 / Fax 787 765-4225
Counsellors@reichardescalera.com

**Rafael Escalera-Rodríguez**
E-mail: escalera@reichardescalera.com
matos@reichardescalera.com
U.S.D.C. No. 122,609