IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC<br><br>    Plaintiff,<br><br>v.<br><br>ALFRESCO SOFTWARE, INC., ET AL.<br><br>    Defendants. | C.A. No. 3-11-1840 (GAG) |

**PLAINTIFF INGENIADOR, LLC'S SUR-REPLY IN OPPOSITION TO MOTIONS TO DISMISS FOR IMPROPER JOINDER AND/OR MOTIONS TO SEVER:**

**SUR-REPLY IN SUPPORT OF RESPONSES TO DOCKET NOS.
99, 106, 107, 114, 117, 118, 129, 137, 139, 148**

COMES NOW, Plaintiff Ingeniador, LLC, (hereinafter "Plaintiff" or "Ingeniador") through the undersigned legal representation and very respectfully, states and prays as follows:

## I. INTRODUCTION

Ingeniador files this sur-reply pursuant to the Court's granting Ingeniador's motion for leave to do so. Dkt. No. 210. This sur-reply supports the omnibus response that Ingeniador filed (Dkt. No. 168) in response to certain defendants' motions that sought dismissal or severance claiming misjoinder under Rule 20 of the Federal Rules of Civil Procedure ("Rule 20"). Defendants' replies show the same deficiencies as the opening motions. They rely on just one line of authority, on one side of the divide on Rule 20 prior to enactment of the America Invents Act ("AIA"). Defendants' replies return to the same theme, failing to recognize authority within the First Circuit that shows that the "transaction or occurrence" language would be interpreted broadly and flexibly under a "logical relationship" test. Under that test, applying how authority in this Circuit shows it should be applied in an infringement case, Ingeniador's position prevails, and Defendants' motions should be denied.

Defendants' replies also take issue with Ingeniador's securing expert technical information as part of its opposition to Defendants' narrow Rule 20 joinder argument (*e.g.*, Dkt. No. 184 at 2 n.2). Yet it is because of Defendants' arguments that Ingeniador had to take such effort. Defendants' strident position against this general technical information shows Defendants mistake the purpose of the simple pleading rules: a "simple statement" is all Rule 8 requires to state a claim for patent infringement. Dr. Cruz's declaration nevertheless explains in general terms the technical feature of the accused products, the basic technical functionality, and an infringement approach. Ingeniador was not required to set forth detailed infringement theories just to prove the highly flexible, liberal test for joinder is met. And though Defendants fault Ingeniador for not addressing an alternative argument of "joint, several, or in the alternative" language of Rule 20, Ingeniador named the defendants severally and relied on the transaction or occurrence language, as does the Rule 20 case law on which all parties relied. Indeed, Ingeniador applies the very analysis that all the cases apply in analyzing the Rule 20 transaction and occurrence language. In sum, neither the AIA, effective and controlling only *after* this case was filed, nor First Circuit authority, requires the Court to sever these cases and create the inefficiencies and strain on judicial resources that Defendants' arguments would create.

## II.     FACTUAL BACKGROUND

The replies pending before the Court on the misjoinder issue, to which this sur-reply responds, include: Dkt. No. 184 (Reply of EMC Corporation); Dkt. No. 191 (joinder of SpringCM in the Reply of EMC Corporation); Dkt. No. 192 (Notice of Joinder in EMC Corporation Reply (Dkt. No. 184), by Alfresco Software, Inc.,[1] Blackboard, Inc., Hewlett-Packard Company, Informatica Corporation, Lexmark International, Inc., Microsoft Corporation,

---

[1] Ingeniador indicated in its omnibus response that although the motion of Defendant Alfresco Software, Inc. ("Alfresco") had not been filed at the time of the Court's order extending the time to respond to December 16, 2011, that the global response should be construed as addressing those arguments as well. Alfresco treated the response as such, as it how now filed a reply by joining in the reply of Defendants EMC Corporation. *See* Dkt. No. 192 (notice of joinder).

Oracle Corporation); Dkt. No. 194 (Reply of Compulink Management Center, Inc.); Dkt. No. 190 (SDL Tridon, incorporating by reference argument of EMC corporation at pages 2-6 of Dkt. No. 184 on misjoinder).[2]  Ingeniador refers to all these moving Defendants and their replies globally as "Defendants," but will identify specific arguments in the more substantive Compulink and EMC replies, for example, where appropriate.

### III. ARGUMENT

#### A. Defendants' Continued Reliance On One Line of Authority Does Not Preclude This Court From Finding Compliance with Rule 20.

Though Defendants criticize Ingeniador for not distinguishing each and every one of their cases cited, Ingeniador never claimed that there was only one line of authority on the Rule 20 joinder issue that it was obliged to follow. Defendants' cases fall on one side of a divide in authority in how courts approach Rule 20. Ingeniador does not dispute that before the AIA went into effect there were competing lines of authority on how to interpret and apply Rule 20 in a patent infringement case. Ingeniador does rely on that other lines of cases, including cases decided after the AIA that confirm Defendants' position,[3] but does so because of (i) Supreme Court authority requiring a broad interpretation for "transaction or occurrence" and (ii) authority in this Circuit, and in the First Circuit, showing likewise. Ingeniador also demonstrated that no

---

[2] Defendant SAP America, Inc., which also moved for dismissal/severance on grounds of misjoinder (Dkt. No. 148), was dismissed and did not file a reply.

[3] *See, e.g.*, *Softview LLC v. Apple Inc*., No. 10–389, 2011 WL 4571793, at *1-2 (D. Del. Sept. 30, 2011) (decision post-AIA; granting motion to amend to add additional defendants as timely pursuant to scheduling order; no risk of juror confusion); *see also Softview LLC v. Apple Inc*., CA 10-389-LPS, 2011 WL 6100421, at *1 (D. Del. Dec. 7, 2011) (denying reconsideration: "as Defendants concede, 'this new section 299 applies to civil actions 'commenced on or after the date of the enactment of this Act.'…Accordingly, even crediting Defendants' argument that the new statutory provision "clarifies" the application of Rule 20(a) (2)(A) in circumstances such as those presented here, the new provision is not "an intervening change in controlling law." Likewise, Defendants' reference to district court decisions that were issued subsequent to briefing on SoftView's motion to amend (although prior to the Court's issuance of its September 30, 2011 Order) do not constitute "an intervening change in controlling law.").

3

on-point precedential authority from this District requires this Court to follow the narrow approach that Defendants advocate based on cases from other jurisdictions.  What authority is in this Circuit concerning interpretation of transaction or occurrence language, such as in Rule 13, shows this Circuit would apply a broader interpretation of "transaction or occurrence" than Defendants propose.

### 1. The Logical Relationship Test To Analogous Rule 13 Requires Only Related Events and Common Operative Facts—And *Arista Records* Proves This Point.

The First Circuit has referred to the more flexible, broader logical relationship test in the analogous circumstance of the compulsory counterclaim rule that uses the same "transaction or occurrence" framework as Rule 20 does.  *See United States v. Hall*, 434 F.3d 42, 54 (1st Cir. 2006) (in money laundering case: "The term transaction 'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'") (citing *Moore v. N.Y. Cotton Exchange,* 270 U.S. 593, 610 (1926)). *See also Pujol v. Shearson American Express, Inc*., 877 F.2d 132 (1st Cir. 1989) (noting rules aimed at achieving economies of scale, including Rule 20); Ingeniador Response, Dkt. No. 168, at 14-17 (describing relationship between Rule 13 and same language in Rule 20).

The approach is not unusual but in fact widespread, akin to a general rule of how courts apply a comparable analysis to Rule 20 as they do to Federal Rule of Civil Procedure 13 ("Rule 13"), the compulsory counterclaim rule.  Indeed, the First Circuit recognizes this as the primary test applied for "transaction or occurrence" in the Rule 13 context.  *McCaffrey v. Rex Motor Transp., Inc*., 672 F.2d 246, 248 (1st Cir. 1982)  ("This so-called "logical relationship" test enjoys "by far the widest acceptance among the courts") (quoting 6 Wright & Miller, supra, s 1410, at 48); *see also* 7 Charles Alan Wright, *et al*., Federal Practice & Procedure § 1653 (3d ed.2010) (noting that in addressing Rule 20's same transaction requirement, courts have followed something akin to "logical relationship test"…"developed as a judicial gloss on the words 'transaction or occurrence' used in the compulsory-counterclaim provision in Rule 13(a)").

Applying this approach to Rule 20 means permitting "all ***reasonably related claims*** for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *In re Prempro Prods. Liab. Litig.,* 591 F.3d 613, 622 (8th Cir.), *cert. denied*, 131 S. Ct. 474 (2010) (emphasis added). This approach clearly requires rejecting a per se rule and requiring allowing a broad spectrum of "reasonably related claims" to be joined together. Defendants say nothing to the contrary. Instead, they criticize Ingeniador for not distinguishing cases—cases that are not even binding on this Court. Yet Defendants then attempt to distance themselves from the most applicable authority, authority in this Circuit that supports Ingeniador's position such as *Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 251 (D. Me. 2008). Defendants attempt to distinguish *Arista Records* despite its similarity to the procedural and factual circumstances of this case for patent infringement: It too is a case concerning infringement, albeit for copyright, and it includes an analogous transaction or occurrence type scenario as here. Defendants incorrectly state that the case is distinguishable, and of no moment here, because the district court's order in that case—reversing an order of a Magistrate Judge to ***permit*** joinder of 27 Doe defendants in that case—is not persuasive. They argue this even though the decision is from this Circuit and in an infringement case, only because the 27 defendants were engaged as peers in a shared network. *See, e.g.*, Dkt. No. 194 (Compulink reply) at 6.

But the importance of *Arista Records* is the analogy it offers for how that approach in an infringement case applies here as well. It applies given the nature of the one asserted patent, and these particular defendants, who make and sell accused functionally similar Enterprise Content Management ("ECM") software solutions, which integrates with a standard protocol, the Light Weight Directory Access Protocol (LDAP) directory used for distributed directory services. In *Arista Records* as well, the fact that all the various defendants infringed the same protected material, as Ingeniador alleges here, was identified as supporting the liberal policy for joinder. 584 F. Supp. 2d at 251 (noting pleading that alleged many of the various individual defendants "infringed the same copyrighted sound recording or different copyrighted sound recordings from

5

the same artist"). As *Arista Records* proves, it is the very nature of a logical relationship test that results in similarities between the two Rule 20 prongs. A "logical relationship," i.e., one that is based on "reasonably related" events, may be found in certain cases, as here, because there is a particular type of overlapping, common question of fact. This is a consequence of the fact that the logical relationship test is defined in terms of what "operative facts" are involved. *See Hanley v. First Investors Corp.,* 151 F.R.D. 76, 78 (E.D. Tex.1993) ("Whether a particular factual situation constitutes a transaction, occurrence, or series of transactions or occurrences for purposes of Rule 20, the court looks to see *if the operative facts are logically related*.") (emphasis added) (citing *Mosley v. General Motors Corp.,* 497 F.2d 1330 (8th Cir. 1974)); *see also Bafus v. Aspen Realty, Inc.,* CV-04-121-S-BLW, 2006 WL 318779, at *5 (D. Idaho Feb. 8, 2006) (same). Here, the operative facts arise out of the nature of this particular technology and the type of claims being asserted against particular products: these particular defendants, who make and sell accused functionally similar Enterprise Content Management ("ECM") software solutions, which integrates with a standard protocol, the Light Weight Directory Access Protocol (LDAP) directory used for distributed directory services. Insofar as those related facts as to all defendants may overlap to some extent with the second prong of Rule 20 – a common question of fact – that does not preclude finding that the logical relationship test is met because there are related operative facts.

In short, Defendants' disagreement with *Arista Records*'s application to this case is a matter of just disagreement with Ingeniador's infringement theory and how the accused products function vis-à-vis that infringement theory. It is unsurprising that Defendants disagree with Ingeniador's infringement approach at this very early stage of the case. But the viability of Ingeniador's theory is ultimately for a jury to decide, not defendants, and not in the very premature stage of a case as determining Rule 20 permissive joinder.[4]

---

[4] The primary case on which their opening motions relied to attempt to foreclose any reliance on the more liberal divide for Rule 20, *Don King Prods., Inc. v. Colon-Rosario*, 561 F. Supp. 2d 189 (D.P.R. 2008), is

(Continued . . .)

Lastly, EMC includes supplemental authority (Dkt. No. 202) to support the misjoinder arguments, but that case includes different precedent and different arguments—and under Fourth Circuit law. There, there was nothing but a judicial economy argument. Dkt. No. 202-1 at 3 (noting plaintiff raised only judicial economy arguments). The plaintiff made no argument, and apparently had no argument to present to that court, for how the transaction or occurrence test was met in light of technical realities about the asserted claims and the accused products to meet the transaction or occurrence test.

### B. Defendants Mischaracterize The Purpose Of Ingeniador's Technical Expert's Declaration.

The EMC reply takes issue with the declaration of Dr. Cruz, as does the CompuLink Reply, with the latter deriding the notion of having any technical declaration at all at this stage of this case—particularly one identifying the commonalities for purposes of a transaction or occurrence. Yet, by the same token, CompuLink improperly criticizes Ingeniador for not having performed a complete infringement analysis by which every claim element of claim 20 is charted against the accused products. *See* Dkt. No. 194 at 9 n.6. Indeed, now is not the time, "without a shred of discovery" as Compulink notes, to require such a level of analysis to prove Ingeniador's infringement case at this time.

In light of Defendants' joinder challenge, Ingeniador demonstrated what the analysis from Dr. Cruz how, at this very preliminary stage and based on public documents, the type of transaction or occurrence paradigm on which Ingeniador relied to join these Defendants is met. Defendants attack Dr. Cruz's analysis, as a "gross and inaccurate oversimplification" (*e.g.,* Dkt.

---

(. . . continued)

little mentioned in reply. In reply, the decision becomes just a source for stating Rule 20 as being a two-pronged test, which Ingeniador does not dispute which Ingeniador noted in its opposing brief—and arguing that Ingeniador distinguished only because it involved 37 defendants. But that was not the only factor. The resolution in that case flowed from a line of cases addressing a specific type of infringement and a series of cases involving DirectTV and followed those authorities that had already addressed the very same issue—and many times.

No. 184 at 7), but claiming the analysis is a simplistic infringement theory serves no purposes in a Rule 20 analysis. Even on a motion to dismiss for failure to state a claim a court does not decide the merit of the claims. *See Cintron-Arbolay v. Cordero-Lopez*, 716 F. Supp. 2d 163, 166 (D.P.R. 2010) ("…the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. *Parker v. Hurley,* 514 F.3d 87, 90 (1st Cir. 2008)"). Thus, Defendants' attack on the merit of approach to the alleged infringement case is irrelevant for purposes of Rule 20. For this very reason, Ingeniador argued that if after discovery is well underway and the evidence shows, unlike now, extreme divergence from Ingeniador's basis for joining them in the first place, then procedures such as separate trials exist to address that issue. But the record cannot support that request now so early on, as several other courts have likewise recognized. *See, e.g., Softview LLC v. Apple Inc*., No. 10–389, 2011 WL 4571793, at *1-2 (D. Del. Sept. 30, 2011); Cf. Arista Records*, 584 F. Supp. 2d at 241 (noting that efficiencies that would not exist if cases were severed, making it appropriate to join several Doe Defendants in one lawsuit for copyright infringement).

### C. Any Potential Prejudice Remains An Unknown, Unproven Factor.

As in their opening motions, Defendants' claims of prejudice are speculative and premature. The EMC reply (Dkt. No. 184), includes no rejoinder at all to Ingeniador's demonstrating how courts find that the judicial economy and efficiency gained in cases such as this one dictate that no severance is required: a defendant may make a request for separate trials later in the case *See, e.g., Arista Records*, 584 F. Supp. 2d at 251 (rejecting misjoinder argument; noting Rule 21 authority for remedy "to break up this one lawsuit into individual causes of action" was not practical). The Compulink reply (Dkt. No. 194 at 10) focuses here again on infringement issues. What Compulink argues as a section on prejudice is again a challenge to Ingeniador's technical information and evidence and a disagreement with this general infringement approach at this time, based on the public documents and analysis of them prior to filing suit. Compulink cannot argue prejudice based on a non-infringement theory, when a Rule 20 misjoinder motion cannot preview or judge the merits.

**D. The SDL Tridion Reply by Incorporation by Reference Should Be Disregarded.**

Although Defendant SDL Tridion attempts to incorporate by reference another defendant's arguments, via its filing at Dkt. No. 190, Ingeniador stands by its position as earlier stated in its opposition. Dkt. No. 168 at 3. The SDL Tridion motion is so conclusory that it cannot rise to the level of substantive argument in support of misjoinder. A reply incorporating by reference another defendant's reply briefs does not cure that omission of an undeveloped, conclusory argument. *See United States v. Perez-Velazquez*, 488 F. Supp. 2d 82, 87 (D.P.R. 2007) (citing *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[A] litigant has an obligation to 'spell out its arguments squarely and distinctly, or else forever hold its peace.'"); *see also United States v. San Juan Bay Marina*, 239 F.3d 400, 408 (1st Cir. 2001) ("these sort of overbroad arguments, unsupported by specifics, amount to a waiver of the issue") (cited and quoted in *Perez-Velazquez*, 488 F. Supp. 2d at 87).

## IV. CONCLUSION

Ingeniador properly joined Defendants, and did so in keeping with a flexible approach of reasonably related events and operative facts that the First Circuit would recognize based on its interpretations of "transaction or occurrence" under the analogous Rule 13. Ingeniador respectfully requests that the Court deny Defendants' Motions for Misjoinder and their seeking severance on that basis.

**WHEREFORE**, it is respectfully requested that this Honorable Court deny Defendants unwarranted motions to dismiss for misjoinder and/or severance.

**I HEREBY CERTIFY**: that on this same date, copy of this motion was filed with the Clerk of the Court, using the CM/ECF System which will send notification of such filling to the attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 6th day of February, 2012.

*Attorneys for* **Ingeniador, LLC**

**Ferraiuoli LLC**
221 Plaza, 4th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001

*S/Eugenio J. Torres-Oyola*
**Eugenio J. Torres-Oyola**
USDC No. 215505
E-mail: etorres@ferraiuoli.com

*S/Cristina Arenas Solís*
**Cristina Arenas Solís**
USDC No. 223511
E-mail: carenas@ferraiuoli.com


**REICHARD & ESCALERA**
MCS Plaza 255 Ponce de León Ave. Ste. 1,000
San Juan, PR 00917-1913
PO Box 364148
San Juan, PR 00936-4148
Tel. 787 777-8888 / Fax 787 765-4225
Counsellors@reichardescalera.com

**Rafael Escalera-Rodríguez**
E-mail: escalera@reichardescalera.com

10

matos@reichardescalera.com
U.S.D.C. No. 122,609
