IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC | Civil Action No. 3:11-cv-01840-GAG |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| ALFRESCO SOFTWARE, INC. *et al.* | |
| Defendants. | PATENT INFRINGEMENT |

**PLAINTIFF INGENIADOR LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' HEWLETT-PACKARD, MICROSOFT, EMC, NUXEO, INFORMATICA, ORACLE, INTERWOVEN, SAP, LEXMARK, COMPULINK, SPRINGCM, SDL TRIDION, AND ALFRESCO'S MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff **Ingeniador, LLC** (hereinafter "Ingeniador"), through the undersigned legal representation and very respectfully, states and prays as follows:

**I. Defendants' interpretation of *McZeal* is incorrect and its application would eviscerate Fed. R. Civ. P. 84.**

Rather than Ingeniador seeking an exemption for patent cases from the Supreme Court's requirements in *Iqbal*, it is the Defendants' erroneous interpretation which would operate to improperly expand the holding in *Iqbal* by judicially amending Rule 84. The Defendants' interpretation is incorrect because *Iqbal* did not create an exemption to Rule 84. Neither did *Iqbal* overrule *McZeal*.

In *McZeal*, the Federal Circuit had the opportunity to interpret Form 18 in light of *Twombly*. In its decision, the Court cited Form 18 to illustrate the standard for pleading patent infringement causes of action pursuant to *Twombly* and the Federal Rules of Civil Procedure. *McZeal* 501 F.3d at 1356. Specifically relying on Form 18, the Federal Circuit held "[i]t logically follows that a patentee need only plead facts sufficient to place the alleged infringer on

notice as to what he must defend." *McZeal*, citing *Twombly*, 127 S. Ct. at 1971.  In *McZeal*, the Federal Circuit held that a complaint alleging patent infringement is sufficient under the *Twombly* standard if it:

> (1) asserts that the plaintiff owns the patent at issue; (2) names the defendants; (3) states that the defendant infringed the patent; (4) describes, in general terms, the means by which the patent was infringed; and (5) identifies the specific parts of patent law that are implicated.

*Id*. at 1355-56.  According to *McZeal*, fulfilling each of these elements is sufficient to put the defendant on notice and permit the action to survive a motion pursuant to Fed. R. Civ. P. 12(b)(6).  *See* 501 F.3d at 1357.  Nothing more is required.  *Id*.  Ingeniador has pled these elements and therefore meets the *Twombly* standard.

Although the particular facts in *McZeal* included a *pro se* plaintiff, the Federal Circuit acknowledged that, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" and ultimately relied on Form 18 in reversing the district court.  *McZeal*, 501 F.3d at 1356.  Thus, regardless of whether a plaintiff appears *pro se* or is a "corporate entity represented by counsel" (D. 182 at p. 7), the pleading standard set forth in *Twombly* must be met.  There is simply no basis for Defendants to conclude that Form 18 would be sufficient for *pro se* plaintiffs but not sufficient for plaintiffs represented by counsel. Moreover, Defendants set forth no persuasive or binding authority that would support their proposition that Form 18 is not available to all plaintiffs in federal court.

Defendants ask this Court to ignore *McZeal* by characterizing this as a "pre-*Iqbal*" case, thus implying that *Iqbal* set a whole new different standard for pleading causes of action in federal court.  This is not the case.  *Iqbal* merely extended *Twombly* to all civil cases.  It did not attempt to impose new pleading standards.  Specifically, in *Iqbal*, the Supreme Court stated:

"[u]nder *Twombly*'s construction of Rule 8, we conclude that the respondent's complaint [fails to state a claim." *Iqbal*, 129 S. Ct. at 1950-51. Furthermore, the Court clarified that, "[o]ur decision in *Twombly* expounded the pleading standard 'in all civil actions[.]'"). Thus, by conforming to *McZeal* and Form 18, Ingeniador satisfies the Federal Rules, the Federal Circuit's application of *Twombly* and, consequently, of *Iqbal*.

For the reasons set forth above, Ingeniador does not ask that this Court recognize a non-existent and unnecessary exemption for patent cases of the requirements set forth by the Supreme Court and the Federal Rules of Civil Procedure. Form 18 meets the requirements of *Twombly*, as the Federal Circuit concluded in *McZeal*. Therefore, Ingeniador's compliance with Form 18 suffices under *Iqbal*.

**II.   Defendants' rationale as to the sufficiency of the information set forth in Form 18 is contrary to First Circuit precedent.**

Although the present case arises under the patent laws, because Defendants' motions are procedural in character, analysis is governed by the law of the First Circuit, rather than the Federal Circuit. *InvestmentSignals v. Irrisoft*, 2011 WL 3320525 (D.N.H.), 2011 DNH 124, at 1 (2011). (Internal quotes omitted); see *McZeal*, 501 F.3d at 1355-56. Therefore, in-Circuit precedent bearing on the sufficiency of patent infringement pleadings should dictate the governing rule. The Court in *InvestmentSignals,* the sole First Circuit decision on the sufficiency of Rule 18 for pleading patent infringement, denied a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). The Court's decision in *InvestmentSignals* specifically concluded that Form 18 suffices to plead causes of action for direct patent infringement. 2011 WL 3320525 at 1-2.

Defendants concede that the holding in *InvestmentSignals* supports Ingeniador's position. (D. 182 at p. 7). However, the Court's formulation of the issue in *InvestmentSignals* and its conclusion are so transparent that the decision does not leave room to entertain

3

conflicting characterizations:

> The court of appeals for this circuit has yet to address the specific question posed by plaintiff's motion: Whether the Supreme Court's recent opinions clarifying the pleading requirements imposed by Rule 8(a) have altered the traditionally accepted means of pleading patent claims and counterclaims? While several district courts have considered the question there is a decided lack of agreement as to the correct answer. Having considered the issue, the court concludes that the better-reasoned view holds that as long as patent claims and counterclaims meet the minimal pleading standards modeled in Form 18, they adequately state viable causes of action.
> <u>This Court agrees with the Federal Circuit and those district courts that have held that a party alleging direct infringement need only comply with Form18</u>.

*InvestmentSignals*, 2011 WL 3320525 at 1-2. (Emphasis added).

### III. **Defendants seek an exception from both the Federal Rules of Civil Procedure (including Form 18) and First Circuit precedent interpreting the sufficiency of Form 18 for pleading direct patent infringement.**

Instead of Ingeniador seeking an exemption from the pleading standards set forth by the Supreme Court in *Twombly* and *Iqbal*, it is actually the Defendants who seek an exemption from the Federal Rules of Civil Procedure, which include Form 18 in their Appendix. Rule 84 plainly states that, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." The Defendants contend that Rule 84, like Form 18, was somehow judicially altered by *Iqbal*. In practical terms, the Defendants' interpretation would qualify the clear instructions and terms used by the drafters of Rule 84. As a result, Defendants would rather have this Court interpret the unequivocal instructions and terms set forth by Congress as "[t]he forms in the Appendix *at times* suffice under these rules and *at times* illustrate the simplicity and brevity that these rules contemplate." Therefore, it is the Defendants who seek to be exempted from the applicable legal standard.

Moreover, the Supreme Court's decision in *Twombly* stressed the relevance and

4

purpose of the forms which accompany the text of the Federal Rules. For example, as the *Twombly* Court noted, "[t]his lack of notice contrasts sharply with the model form for pleading negligence, Form 9 … A defendant wishing to prepare an answer in the simple fact pattern laid out in Form 9 would know what to answer …") Thus, despite the Defendants' efforts to question the suitability of Form 18 for pleading patent infringement cases (*See* D. 182 at p. 7), the Supreme Court continues to recognize both the text and the objectives of the model forms.

The interpretation that the Defendants seek to advance is not only contrary to First Circuit precedent and the plain text of Rule 84, but also contradicts the reasoning in *Twombly* and *McZeal*. The federal judiciary cannot rewrite or amend the plain language of Rule 84 or any other Federal Rule. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) ("Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement of Rule 9(b). But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation. In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery....").

More recently, specifically in 2002, the Supreme Court elaborated on this principle and noted, "[a] requirement of greater specificity for particular claims is a result that must be obtained by the process of amending the Federal Rules, and not by judicial interpretation. Furthermore, Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema,* 534 U.S. 506, 515 (2002). (Internal citations omitted).

> IV. **Defendant's attempt to characterize the example given by Form 18 as dated and simplistic is not only irrelevant, but also incorrect.**

Defendants dedicate a substantial portion of their Reply to imply that Ingeniador's reliance on Form 18 is "misplaced," as this form was allegedly introduced in 1938 and last amended in 1963. (D. 182 at p. 8). Although a rule of law does not lose pertinence merely by virtue of the passing of time, Defendants are also incorrect regarding these dates. The Federal Rules of Civil Procedure were last updated in the year 2007.[1] "The Forms accompanying the Federal Rules were updated in 2007. At the time of the Federal Circuit's ruling in *McZeal*, the patent infringement pleading form was numbered 'Form 16.' Today, the same form is numbered 'Form 18.'" *Realtime Data, LLC*, 2010 U.S. Dist. LEXIS 58049, at *8 n.2.

Once again, Defendants seem to qualify the relevance of Form 18 by alleging that it "may be perfectly adequate" for the "narrow" example it recites. (D. 182 at p 8). Defendants then attempt to distinguish the example given in the text of Rule 18 (i.e., an "electric motor") as a "single relatively simple patent against a single product." *Id.* The example utilized by the drafters of Form 18 is ultimately irrelevant. Moreover, to limit the scope and applicability of Form 18 because Defendants may consider an "electrical motor" as inherently "simple" (a debatable proposition) would frustrate the very same "simplicity" and "brevity" that the rules seek to promote. Fed. R. Civ. P. 84. Lastly, in light of the fact that Form 18 only mentions an "invention in an electric motor," it is unclear what the Defendants' bases are for alleging that Form 18 relates to a "single relatively simple patent." Form 18 neither includes nor discloses exemplary claims of the patent for the electric motor cited in the example. Defendants' characterization of the *underlying patent* for the invention cited in the example of Form 18 is a conclusory statement without any factual basis. These are the very same type of statements used

---

[1] "[a]s amended Dec. 27, 1946, eff. Mar. 19, 1948; Apr. 30, 2007, eff. Dec.1, 2007.)" Fed. R. Civ. P. 84.

in Defendants' main allegations against Ingeniador.  (D. 182 at p. 4).

## V.  Ingeniador's Complaint Satisfies *Iqbal* Even Absent Rule 84 and *McZeal*.

Assuming, *arguendo*, that the Defendants were correct in their interpretation overruling *McZeal* and that the plain text of Rule 84 was somehow amended by judicial interpretation, Ingeniador's Complaint still satisfies the "plausible inference" standard outlined in *Iqbal*. The *Iqbal* Court acknowledges that its pleading requirements are flexible and context-specific. *See Iqbal*, 129 S. Ct. at 1950 ("Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Ingeniador's Complaint satisfies *Iqbal* by alleging that,

> Upon information and belief, Defendant Laserfiche makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools for web-based editing and publishing that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent in this judicial district and elsewhere in the United States.  For example, Laserfiche sells and offers for sale a platform which enables a user to access and modify metadata for documents stored in a repository (e.g., Laserfiche Rio), in accordance with one or more claims of the '629 patent to the injury of Ingeniador.

Complaint at ¶ 31.  Thus, contrary to the Defendants' assertions, Ingeniador goes beyond the pleading requirements set forth by *Iqbal* and lists an exemplary infringing product for each Defendant by its trade name. (D. 186 at p. 3).  That is, contrary to the Defendants allegations[2],

---

[2] Defendant Compulink argues that allegations "upon information and belief" have been held insufficient to support a claim.  However, *In re Papst* dealt with a barebones complaint which stated no facts as to the alleged infringement. ("A complaint must include 'some information' about the circumstances giving rise to the claims, and yet the


Ingeniador did identify at least an exemplary infringing product for each Defendant named in the Complaint. (D. 186 at p. 5).

Even if Ingeniador had not identified an exemplary infringing product in its Complaint, Defendants would still have sufficient notice of the claims asserted against them, as the allegations of infringement do not stand alone. The infringement allegations included in the Complaint must be assessed in light of the patent in suit and, particularly, its claims. Ingeniador currently asserts a single patent, totaling only twenty-five (25) claims. And even if the number of claims were considered to be unduly burdensome for the Defendants, the patent-in-suit attached to the Complaint provides extensive support for each claim element, as part of its Specification and Drawings. Because the Defendants have failed to properly assess the patent-in-suit, which is part of the allegations in Ingeniador's Complaint, the Defendants have failed to show a lack of facial plausibility of the properly alleged liability facts for patent infringement. *See Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

### VI. Ingeniador's Sole Patent-in-Suit is a Utility Patent, Not Subject to the Infringement Standard Set Forth for Design Patents.

There is only one patent asserted in the Complaint, the '629 patent. The '629 patent is a

---

proposed amended complaint fails to include any such information." 585 F. Supp. 2d 32, 35.)  Ingeniador's complaint states facts, such as the specific product offered by each Defendant and how each product is configured in a way that infringes the '629 patent. Furthermore, the only court that has cited *In re Papst* distinguished its holding ("The court in *In re Papst*, dismissed a 'barebones' complaint for failure to state a claim where the plaintiff asserted a need to investigate whether the defendant had infringed the patents in suit and sought to amend the complaint only to state that 'upon information and belief' the defendant infringed. The court noted that a complaint must include 'some information' about the circumstances giving rise to the claims, and found that the plaintiff failed to include **any information**. Here, Edge's Amended Complaint contains information about the circumstances giving rise to the claims and identifies specific examples of trading activities that are being accused of infringement." *Edge Capture, L.L.C. v. Barclays Bank*, 2011 WL 494573, N.D.Ill., 2011, January 31, 2011, at 2). {Internal quotes omitted} {Emphasis ours}

utility patent.  Nonetheless, the Defendants cite an unpublished opinion by the Federal Circuit which involved a design patent[3], instead of a utility patent.  The Court noted that, "[f]orm 18 is a sample pleading for patent infringement, but is not tailored to design patents . . ."  *Colida v. Nokia, Inc.,* 347 Fed.Appx. 568, 571 n. 2 (Fed.Cir. 2009).

Facing a similar argument from Defendants, a district court has recently concluded that "[i]t need not address that issue in the present context," and relied on the fact that "the Complaint before this Court alleges literal infringement, and does not involve a design patent, such Complaint is sufficient to withstand a challenge under Rule 12(b)(6), so long as it closely tracks Form 18."  *W.L. Gore & Associates, Inc. v. Medtronic, Inc.* 778 F.Supp.2d 667, 676 (2011).  Therefore, this Court must not entertain arguments as to the alleged unsuitability of Form 18 for a hypothetical cause of action stemming from the infringement of a hypothetical design patent which is not in play in this case.

### VII. The Defendants' arguments as to the alleged infringement (direct and indirect) confuse the burdens of pleading and persuasion.

Defendants essentially request this Court to rule on the merits of the infringement claims through a 12(b)(6) Motion to Dismiss.  Defendants specifically allege: "there is a complete disconnect between the exemplary offerings identified in the Complaint (software) and the required apparatus elements of the hybrid claims (computers)…" (D. 182 at pp. 8-9).  The fact that such statement is incorrect is of no interest at this stage, as it is plagued with untimely conclusions regarding the scope of the claims (e.g., "apparatus elements," "hybrid claims").

At the heart of these characterizations is the Defendants' disregard of the distinct

---

[3] The infringement tests for utility patents and design patents are fundamentally different.  As the Federal Circuit has held, the test for determining whether a *design patent* has been infringed is "the ordinary observer test."  Under this test, "[t]he patentee must establish that an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design."  *Richardson v. Stanley Works, Inc.,* 597 F.3d 1288, 1295 (Fed. Cir. 2010).

difference between the burden of pleading and the burden of persuasion for patent infringement cases. A plaintiff's burden is much lower at the pleading stage. However, instead of legal authority ruling on the sufficiency of allegations at the pleading stage, Defendants rely on decisions adjudicating the issues on the merits. *See Centillion Data Syst.* (Summary Judgment); *NTP, Inc.* (Verdict); *E-Pass Techs., Inc.* (Summary Judgment); *Joy Tech.,* (Verdict); *UTStarcom, Inc.* (Summary Judgment); *Mendenhall* (Judgment); and *Ormco Corp.* (Summary Judgment).

### VIII.   CONCLUSION

For the reasons stated in Ingeniador's Opposition and in this Sur-Reply, Ingeniador respectfully requests that the Court deny the Defendants' Motion pursuant to Fed. R. Civ. P. 12(b)(6).

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on February 6, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record.

*Attorneys for* **Ingeniador, LLC**
**Ferraiuoli LLC**
221 Plaza, 4th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001

*S/Eugenio J. Torres-Oyola*
**Eugenio J. Torres-Oyola**
USDC No. 215505
etorres@ferraiuoli.com
*S/Cristina Arenas Solís*
**Cristina Arenas Solís**
**USDC-PR 223511**
carenas@ferraiuoli.com