## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC | Civil Action No. 3:11-cv-01840-GAG |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| ALFRESCO SOFTWARE, INC. *et al.* | |
| Defendants. | PATENT INFRINGEMENT |

**OMNIBUS SUR-REPLY TO BLACKBOARD, INC., INTERWOVEN, INC., COMPULINK MANAGEMENT CENTER, INC. AND SPRINGCM'S REPLIES TO OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Docket Nos. 185, 187, 188 and 191, respectively)**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff INGENIADOR, LLC (hereinafter "Plaintiff" or "Ingeniador"), through the undersigned legal representation, and very respectfully, states and prays as follows:

### I.   Introduction

Defendants Blackboard, Inc. (hereinafter "Blackboard"), Interwoven, Inc. (hereinafter "Interwoven"), SpringCM (hereinafter "SpringCM") and Compulink Management Center, Inc. (hereinafter "Compulink") filed their respective replies to Ingeniador's omnibus opposition to their motions to dismiss. *See* Docket Nos. 185, 187, 188 and 191, respectively. Herein, Ingeniador addresses all of their contentions regarding personal jurisdiction and reiterates that this Honorable Court has personal jurisdiction over them.

### A.   BLACKBOARD

Blackboard´s request for dismissal must be denied because its arguments in its Reply (Docket No. 185) are fatally flawed in two essential aspects. First, Blackboard bases its arguments on the requisites for specific jurisdiction, although Ingeniador has clearly demonstrated that this Honorable Court has general jurisdiction. In addition, Blackboard´s personal jurisdiction argument is based on <u>Cossaboon v. Maine Medical Center</u>, 600 F. 3d 25

(1st Cir. 2010), although DC Circuit law and not First Circuit law is controlling precedent for the issue at bar.  In any case Cossaboon does not support defendants' contentions. As will be discussed in further detail below, this Honorable Court should deny Blackboard´s Motion to Dismiss, for it has personal jurisdiction over said defendant.

Blackboard alleges that its declaration that the infringing product (Enterprise Document Manager Suite) is not sold in Puerto Rico is sufficient to defeat this Honorable Court's personal jurisdiction.  Nevertheless, this argument is irrelevant because, even if true, personal jurisdiction exists even if the cause of action is unrelated to Blackboard's contacts with Puerto Rico when there are otherwise continuous and systematic contacts of Blackboard with the state.

Although Blackboard has feebly argued that it does not have minimum contacts with Puerto Rico, it has admitted that it has one employee and more than a dozen customers in Puerto Rico (16 to be exact).  Moreover, it is well known that the "contacts" necessary to sustain personal jurisdiction need not always be physical contacts.  Baickner-McKee, Steven, William M. Janssen and John B. Corr, Federal Civil Rules Handbook 2012, Section 2.4, page 12.  The Supreme Court has clearly established that "so long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S. Ct. 2174 (1984).  Ingeniador has evinced, and Blackboard has confirmed, that Blackboard has purposefully directed its efforts toward residents of Puerto Rico by selling its products to more than a dozen customers and has made an unknown number of attempts to sell its products to other Puerto Rico residents.  As such, Blackboard has sufficient contacts with Puerto Rico so that this Honorable Court can exercise personal jurisdiction over said defendant.

2

In addition, Blackboard bases its entire Reply on Cossabboon, which is a First Circuit case. Blackboard's reliance on that case is erroneous and defeats its only argument. Primarily, it is beyond dispute that the controlling law concerning jurisdictional issues in patent infringement claims is not the regional circuit court, but that of the Federal Circuit Court of Appeals. Nuance Comm. v. Royal Sovereign Corp., 21 F. 3d 1558, 1561 (Fed. Cir. 1994); Akro Corp. v. Luker, 45 F. 3d 1541, 1543 (Fed. Cir. 1995); Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F. 3d 1558, 1561 n. 4(Fed. Cir. 1994).

Moreover, Cossaboon is clearly distinguishable from the case at bar. In Cossaboon, Plaintiff (from New Hampshire) brought a medical malpractice suit in New Hampshire against a Maine hospital for damages suffered in said hospital. At first glance, this case is not analogous to the case at bar. Ingeniador suffered the injury in Puerto Rico because, in a patent litigation case, the injury occurs at the location where the infringing activity directly impacts the interest of the patentee, a Puerto Rico corporation. Beverly Hills Fan, *supra*. In Cossaboon, Plaintiff was unable to establish minimum contacts between the Maine hospital and New Hampshire. The Maine hospital did not employ any physicians or healthcare professionals to provide services in New Hampshire. On the other hand, Blackboard has admitted that it has one employee in Puerto Rico. In addition, and more importantly, the Maine hospital did not treat patients in New Hampshire. Blackboard on the other hand, has admittedly more than a dozen customers in Puerto Rico. Although Blackboard refuses to admit it, the facts in the case at bar are clearly different from those in Cossaboon, and are sufficient to establish general personal jurisdiction over Blackboard. Any other analyses by Blackboard regarding the Cossaboon decision must be disregarded for they are irrelevant to the case at bar. The Court in Cossaboon addressed the issues mentioned by Blackboard because it had to go deeper into the analysis of

3

minimum contacts, for they were lacking.  This is unnecessary herein since Ingeniador has been able to certainly establish Blackboard's minimum contacts with Puerto Rico.

Furthermore, Blackboard's reliance in Lee v. UPS, 731 F. Supp. 2d 194 (D.P.R. 2010), is erroneous and misguided.  This Honorable Court dismissed said case against UPS because the injury occurred outside of Puerto Rico.  In the case at bar, the contrary has occurred.  As stated above, the injury occurred in Puerto Rico.  *See* Beverly Hills Fan, supra.  As such, Puerto Rico has a heightened interest in protecting its resident who has suffered an injury within this jurisdiction.

It is clear that Blackboard lacks any arguments warranting dismissal for lack of personal jurisdiction.  Moreover, Ingeniador has clearly demonstrated that Blackboard has more than minimum contacts with this jurisdiction, making this Honorable Court's exercise of personal jurisdiction over it, proper.  At a minimum, Ingeniador has advanced facts (which Blackboard has confirmed) that make this a colorable claim that would entitle Ingeniador to jurisdictional discovery, more so when the threshold Ingeniador must surpass to merit limited discovery is relatively low, as thoroughly discussed in Ingeniador's Omnibus Motion in Opposition to Defendants Blackboard Inc., Interwoven, Inc., SpringCM, Compulink Management Center and SDL Tridion Inc.'s Motions to Dismiss based on Lack of Personal Jurisdiction (Docket No. 167, pages 18-20).  "The First Circuit has held that 'a diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of *in personam* jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense.'"  Group of Former Employees of Sprague Caribe v. American Annuity Group, Inc., 388 F. Supp. 2d 3, 5 (D.P.R. 2005) (allowing plaintiff to conduct 30 days of jurisdictional discovery) (citing Sunview Condominium Ass'n v. Flexel Int'l, Ltd., 116 F.3d

962, 964 (1st Cir.1997)). In making said determination, "wide latitude must be accorded to the plaintiff to establish the minimum contacts with Puerto Rico and that defendant." *Id*.

### B.  INTERWOVEN

Interwoven's Reply (Docket No. 187) is based on the allegation that its infringing product, iManage WorkSite, is not being sold in Puerto Rico and that it is not targeted to Puerto Rico costumers. This statement is false. Interwoven's infringing product is available to Puerto Rico costumers through an interactive website, which allows said costumers to download Interwoven's infringing product. (See **Exhibit 1**).

As such and contrary to what Interwoven has alleged in its Reply (Docket No. 187), it does target Puerto Rico through a distributor's, reseller's or agent's interactive website. Therefore, Interwoven can reasonably predict that its goods might reach Puerto Rico. This set of facts clearly qualifies Interwoven under the "stream of commerce" doctrine, thoroughly discussed in Ingeniador's opposition to Defendants' motion to dismiss for lack of personal jurisdiction (Docket No. 167, pages 9-11). Interwoven cannot avoid the unavoidable: this Honorable Court can exercise personal jurisdiction over it because its products, either directly or virtually, are available for purchase to Puerto Rico costumers.

In the alternative, this Honorable Court should grant Ingeniador its request for jurisdictional discovery. Ingeniador has established that Interwoven is currently targeting Puerto Rico costumers. This showing makes Ingeniador's claim more than colorable for the existence of personal jurisdiction. Discovery would include, but would not be limited to, Jason Smith's testimony, who, under penalty of perjury, has stated that he is "responsible for the sales, marketing, and advertising of all of Interwoven's products in all of North America**, including Puerto Rico**." (Emphasis ours) (Docket No. 187-1, page 2). This clearly validates and reinforces Ingeniador's argument that this Honorable Court has personal jurisdiction over

5

Interwoven through the "stream of commerce" doctrine because Interwoven has purposefully availed itself of the benefits of conducting business in Puerto Rico, for it has an employee who is in charge of sales, marketing, and advertising of its products in Puerto Rico.

### C. COMPULINK

In its Reply (Docket No. 188), Compulink has incorrectly argued that Ingeniador has made no showing to establish that the 2004 Lasefiche and Fuller Brush press release relates to the infringement of the '629 patent. However, Ingeniador's Complaint does unequivocally allege that Compulink d/b/a Laserfiche "makes, uses, sells, offers for sale, and imports products, systems, platforms, and/or tools…that embody one or more claims of the '629 patent or are especially configured for use in and constitute a material portion of the patented invention and/or indirectly infringes one or more claims of the '629 patent by way of inducing infringement by others and/or contributing to the infringement by others of the '629 patent." *See* Docket No. 1, page 13, ¶ 31. The above-quoted language supports the allegation that Compulink, through Laserfiche and its products, is infringing Ingeniador's patent rights. In connection with this allegation, Ingeniador has provided clear and convincing evidence establishing that Laserfiche has sold products in Puerto Rico to Fuller Brush since 2004; thus, supporting the finding of specific personal jurisdiction.

Compulink contends that personal jurisdiction cannot be established through the evidence presented by Ingeniador because the press release pre-dates the issuance date of the '629 patent. This argument proves nothing. "The fact that they [the activities which pre-date the '629 patent issuance] may have occurred before the grant of the patent is irrelevant since they do show that Core-Vent engaged in substantial activities in the state. It is jurisdiction that is at issue, not liability for patent infringement." Genetic Venting Systems, Inc v. Core-Vent, Corp., 123 F.3d 1455, 1458 (Fed.Cir. 1997). The uncontestable truth is that this Honorable Court possesses

specific personal jurisdiction over Compulink since, at least 2004, when it publicly announced the selling of its products through its d/b/a Laserfiche.  With these actions, personal jurisdiction was acquired over Compulink in Puerto Rico.  The patent issuance date is irrelevant for the vesting of personal jurisdiction.

Compulink states in its Reply that the exercise of specific personal jurisdiction requires a three-prong test. That test is already met.  We commence with a showing that Compulink has purposefully directed its activities towards the residents in the forum, a fact established through evidence of sales of the Laserfiche product in Puerto Rico.  The second prong of the test requires that the claim being made by Ingeniador "arises out of or relates to" Compulink's activities within the forum.  Ingeniador is alleging that Laserfiche is selling infringing products in Puerto Rico; therefore, its claim relates to the evidence regarding the existence of personal jurisdiction provided thus far.  Finally, the exercise of personal jurisdiction over Compulink is "reasonable and fair" since they have done business in Puerto Rico since 2004 and with said actions have voluntarily subjected themselves to the laws and court systems of the Commonwealth of Puerto Rico.  They cannot reasonably argue the contrary now.  *See* 3D Systems, Inc. v. Darotech Laboratories, Inc., et al.,160 F.3d 1373, 1378 (Fed. Cir. 1998); Akro Corp. v. Luker, 45 F.3d 1541, 1545-46 (Fed.Cir. 1995) (*citing* Burger King, 471 U.S. at 471-76.

Notwithstanding the above, Ingeniador sustains that it has been diligent and has argued a colorable case of personal jurisdiction in our forum upon Compulink.  If however, this Honorable Court is still not satisfied, Ingeniador believes it has plead sufficiently to at least be awarded an opportunity to conduct a brief and limited jurisdictional discovery regarding the matter of personal jurisdiction over Compulink. With this additional discovery, Ingeniador is certain that it will discover additional evidence to establish that Compulink continues to provide

services and products to residents of Puerto Rico and that the exercise of personal jurisdiction in this case is warranted and fair.

### D. SPRINGCM

In its Reply, defendant SpringCM (Docket No. 191) did not deny that its website is an interactive website. So much so, that it advertises in its website that any customer, including Puerto Rico customers, can immediately download a 14-day free trial of its products, including the infringing product, and if they like it, they can purchase it once the free trial is over. *See* **Exhibits 2 and 3**, print screen SpringCM website and its welcome to the services. When customers do in fact request the products and services offered by SpringCM through their website, SpringCM requires them to provide their personal information. *See* **Exhibits 4 and 5**, print screen SpringCM ready to purchase and download additional products. As per our previously discussed case law, SpringCM's interactive website is by itself enough to confer this Honorable Court personal jurisdiction over SpringCM. *See* Trintec Indus. v. Pedre Promotional Prods., 395 F.3d 1275, 1281 (Fed. Cir. 2005) (an interactive, "transaction-oriented website (as opposed to an "essentially passive" website)" alone, or with little else, can confer personal jurisdiction over a defendant in a patent infringement claim); Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 890 (6th Cir.2002) ("A defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state.") As such, it is Ingeniador's position that this Honorable Court can exercise personal jurisdiction over SpringCM based upon the fact that it specifically intends to interact with Puerto Rico residents so as to allow them to purchase and download its products through its website instantly.

In the alternative, Ingeniador is entitled to additional jurisdictional discovery, should this Honorable Court determine that the evidence presented by Ingeniador is not sufficient to

8

establish personal jurisdiction over SpringCM, for it has sufficiently plead the necessary colorable case standard required for the same.  *See* Group of Former Employees of Sprague Caribe v. American Annuity Group, Inc., 388 F. Supp. at 5. The jurisdictional discovery will reveal that SpringCM does target Puerto Rico residents as potential customers and that it does so by offering to provide its services and products directly through its interactive website, including the infringing products. The discovery will also reveal that SpringCM already has Puerto Rico customers using its online products and services thereby establishing that the exercise of personal jurisdiction over SpringCM is appropriate and reasonable.

**WHEREFORE**, it is respectfully requested that this Honorable Court DENY defendants' Motions to Dismiss for Lack of Personal Jurisdiction or, in the alternative, that the Court allows for jurisdictional discovery.

**I HEREBY CERTIFY**: that on this same date, copy of this motion was filed with the Clerk of the Court, using the CM/ECF System which will send notification of such filling to the attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 6th day of February, 2012.

*Attorneys for* **Ingeniador, LLC**

**Ferraiuoli LLC**
221 Plaza, 4th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001

*S/Eugenio J. Torres-Oyola*
**Eugenio J. Torres-Oyola**
USDC No. 215505
etorres@ferraiuoli.com

*S/Katherine González Valentín*

9

**Katherine Gonzalez-Valentín**
USDC-PR No. 214411
kgonzalez@ferraiuoli.com

*S/Cristina Arenas Solís*
**Cristina Arenas Solís**
USDC-PR No. 223511
carenas@ferraiuoli.com


**REICHARD & ESCALERA**
MCS Plaza 255 Ponce de León Ave. Ste. 1,000
San Juan, PR 00917-1913
PO Box 364148
San Juan, PR 00936-4148
Tel. 787 777-8888 / Fax 787 765-4225
Counsellors@reichardescalera.com

**Rafael Escalera-Rodríguez**
E-mail: escalera@reichardescalera.com
matos@reichardescalera.com
U.S.D.C. No. 122,609