IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC, | |
| Plaintiff, | |
| v. | CIV. NO.: 11-1840 (GAG) |
| INTERWOVEN, | |
| Defendant. | |

## OPINION AND ORDER

Ingeniador, LLC ("Plaintiff") brings this complaint against

Alfresco Software, Inc. ("Alfresco"), Interwoven, Inc.

("Interwoven"), Blackboard, Inc. ("Blackboard"), Bridgeline

Digital, Inc. ("Bridgeline"), EMC Corp. ("EMC"), Hewlett-

Packard Co. ("HP"), Informatica Corp. ("Informatica"),

Compulink Management Center, Inc. ("Compulink"), Lexmark

International, Inc. ("Lexmark"), Microsoft Corp. ("Microsoft"),

Nuxeo Corp. ("Nuxeo"), Objective Corp. USA, Inc.

("Objective"), Oracle Corp. ("Oracle"), SAP America, Inc.

("SAP"), SDL Tridion, Inc. ("Tridion"), and SpringCM, Inc.

("SpringCM") (collectively "Defendants"), alleging patent

infringement under 35 U.S.C. § 271.  Plaintiff seeks to enjoin

Defendants from infringing and profiting from its patent, as

well as to recover damages, attorney's fees and costs.  (See

Docket No. 1 ¶ 1.)  The complaint was filed in federal court

based on this court's federal question jurisdiction, 28 U.S.C. §

1331, and its patent law jurisdiction, 28 U.S.C. § 1338(a).  Prior

to this opinion and order, the court granted the dismissal of

Objective (Docket No. 161), SAP (Docket No. 178), Oracle

(Docket No. 224), Microsoft (Docket No. 232), SpringCM

(Docket No. 240), HP (Docket No. 251) and Interwoven

(Docket No. 253).   Default judgment was entered against Bridgeline (Docket No. 235).   The remaining parties filed various motions to dismiss.

Presently before the court are numerous motions to dismiss for lack of personal jurisdiction, failure to state a claim, and improper joinder, as well as motions to transfer the case to other jurisdictions.

## I.   Background and Procedural History

In its complaint, Plaintiff alleges Defendants infringed on its patented publishing system for the internet.  (See Docket No. 1 ¶ 23.)  The U.S. Patent and Trademark Office issued U.S. Patent No. 6,990,629 (the "629 Patent") to Schlumberger Technology Corporation.   Schlumberger Technology Corporation later assigned the 629 Patent to Plaintiff.  (See id. ¶ 23.) Plaintiff asserts each defendant sells products that either

directly or indirectly infringe upon the 629 Patent, or contribute to a third party's infringement of the 629 Patent. (See Docket No. 1 ¶¶ 23-39.) As Defendants assert differing reasons for dismissal, the facts particular to each defendant will be discussed in the pertinent section.

## A. Personal Jurisdiction

Blackboard (Docket No. 106), Interwoven (Docket No. 110), SpringCM (Docket No. 114), Compulink (Docket No. 116) and Tridion (Docket No. 139) each filed a motions to dismiss for lack of personal jurisdiction within the forum of Puerto Rico. Ingeniador opposed these motions (Docket No. 167). Replies were filed by Blackboard (Docket No. 185), Interwoven (Docket No. 187), Compulink (Docket No. 188), Tridion (Docket No. 190) and SpringCM (Docket No. 191). Ingeniador filed a sur-reply to all replies except that of Tridion's (Docket

No. 215).  For the reasons stated below the court **GRANTS**
these motions to dismiss for lack of personal jurisdiction.

### B.  Failure to State a Claim

Microsoft, HP, EMC, Nuxeo, Informatica, Oracle, SAP, and
Lexmark filed a motion to dismiss for failure to state a claim
(Docket No. 96).  That motion was joined by Interwoven
(Docket No. 122) and SpringCM (Docket No. 114).  Compulink
(Docket No. 111), Tridion (Docket No. 139), and Alfresco
(Docket No. 153) filed separate motions to dismiss
incorporating similar arguments.  These motions were opposed
by Plaintiff (Docket No. 165).  Defendants Nuxeo, Informatica,
Oracle, HP, Lexmark, SAP, Microsoft and EMC replied (Docket
No. 182) and Interwoven joined (Docket No. 200).  Compulink
and Tridion filed reply briefs (Docket Nos. 186 & 190
respectfully).  Plaintiff filed a sur-reply (Docket No. 213).  The

court previously ruled it did not have personal jurisdiction over Interwoven, Compulink, and Tridion.  Accordingly, these motion (Docket Nos. 122, 111, & 139, respectively) are found to be **MOOT**.  The court **GRANTS** the motions to dismiss filed by Microsoft, HP, EMC, Nuxeo, Informatica, Oracle, SAP, Lexmark, and Alfresco (Docket No. 96).

### C.  Improper Joinder

EMC filed a motion to dismiss for improper joinder under Rule 20 (Docket No. 99).  The motion was joined by SpringCM (Docket No. 114) and partially joined by Lexmark (Docket No. 121), Microsoft (Docket No. 107), HP (Docket No. 107), Informatica (Docket No. 132) and SAP (Docket No. 150). Blackboard (Docket No. 106), Compulink (Docket No. 117), Oracle (Docket No. 137) and Tridion (Docket No. 139) also filed motions to dismiss for improper joinder.  Ingeniador filed an

opposition to all such motions (Docket No. 168).  Replies were
filed by EMC (Docket No. 184), SpringCM (Docket No. 191),
and Compulink (Docket No. 194).  Ingeniador filed a sur-reply
(Docket No. 212).  However, Defendants have been dismissed
due to lack of personal jurisdiction or for Plaintiff's failure to
state a claim.   Accordingly, the court finds all motions for
improper joinder to be **MOOT**.

### D.  Transfer of Venue

EMC (Docket No. 99), SpringCM (Docket No. 114) and
Compulink (Docket No. 117) filed motions to transfer to the
Northern District of California, the Northern District of Illinois
and the Central District of California, respectively.   Plaintiff
opposed all these motions (Docket No. 166).  Each defendant
filed a reply brief: EMC (Docket No. 183), SpringCM (Docket
No. 191), and Compulink (Docket Nos. 194 & 195).  Plaintiff

filed a sur-reply (Docket No. 211).  For the reasons previously discussed, the court finds the motions to transfer (Docket Nos. 99, 114 & 117) to be **MOOT**.

## II. Personal Jurisdiction

### A. Legal Standard

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 471-72 (1985) (citing <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 319 (1945)) (internal quotations marks omitted).  A court is without authority to adjudicate a case when the court does not have personal jurisdiction over the parties.   <u>See Marcinkowska v. IMG Worldwide, Inc.</u>, 342 Fed. Appx. 632, 635 (Fed. Cir. 2009).  Personal jurisdiction comes in two forms:

general and specific.  See Nuance Commc'ns, Inc. v. Abbyy

Software House, 626 F.3d 1222, 1230 (Fed. Cir. 2010).  When

dealing with patent infringement cases, it is the law of the

Federal Circuit which controls, rather than the law of the

regional Circuit Court.  See id. (citing Akro Corp. v. Luker, 45

F.3d 1541, 1543 (Fed. Cir. 1995)).

   The plaintiff has the burden of proving the court has

jurisdiction over the defendants.  See also Touchcom, Inc. v.

Bereskin & Parr, 574 F.3d 1403, 1410 (Fed. Cir. 2009).  When, as

in this case, the parties have not conducted jurisdictional

discovery, the plaintiff must only make a *prima facie* showing

that the defendants are subject to personal jurisdiction.  See

Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201

(Fed. Cir. 2003).  "Personal jurisdiction over an out-of-state

defendant is appropriate if the relevant state's long-arm statute

permits the assertion of jurisdiction without violating federal

due process."  3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d

1373, 1376–77 (Fed. Cir. 1998).  A federal court is required to

first analyze whether the state's long-arm statute would

require the defendant to appear in a state court.  See Radio Sys.

Corp. v. Accession, Inc., 638 F.3d 785, 788-89 (Fed. Cir. 2011).

If the forum state has jurisdiction over the defendant, then the

the court must then ensure that holding jurisdiction over the

defendant in the forum state does not offend constitutional due

process.  See id.  Due process requires the court to hold it does

not have jurisdiction if doing so offends the "traditional

notions of fair play and substantial justice."  Int'l Shoe, 326 U.S.

at 316.

     In the present case, the court need only determine whether

due process would permit the court to assert jurisdiction over

each defendant because Puerto Rico's long-arm statute extends to the limits of constitutional bounds.  See Carreras v. PMG Collins, LLC, 660 F.3d 549, 552 (1st Cir. 2011).  Therefore, the court focuses its analysis on whether the exercise of personal jurisdiction in this case is constitutionally permissible.

The standard for general *in personam* jurisdiction is considerably more stringent than the standard for specific *in personam* jurisdiction.  See Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1018 (Fed. Cir. 2009).  In order to have general jurisdiction over a defendant, the court must find the defendant to have 'continuous and systematic' activities in the forum state.  See Marcinkowska, 342 Fed. Appx. at 635 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984)).  The existence of property,

offices, or businesses within the forum state supports a finding of general jurisdiction over a corporation. See Marcinkowska, 342 Fed. Appx. at 635.  In Helicopteros, the Supreme Court found no general jurisdiction in Texas over a foreign company that sent a representative to Houston, and had purchased helicopters, spare parts, and accessories from Texas.  See Helicopteros, 466 U.S. at 411.   The company had sent representatives to Texas to train as pilots, management and maintenance personal to receive training, and monies transferred from a Houston bank account.  See id.  However, the company was never authorized to do business in Texas, never had an agent to accept service of process in Texas, and never sold a product that reached Texas or even solicited business from Texas.  See id.  The Court ultimately held the Texas court could not assert general jurisdiction over the

company.

Maintaining a website that is not directed at any particular jurisdiction, is not sufficient to demonstrate general jurisdiction.  See id., at 884 (finding defendant's website, not specifically directed at the forum jurisdiction, did not give rise to general jurisdiction).  Nor does the presence of a few employees within the forum jurisdiction lead to an automatic finding of general jurisdiction over a corporation.  See Glater v. Eli Lilly & Co., 744 F.2d 213, 215 (1st Cir. 1984) (holding no general jurisdiction over corporation with eight sales representative in forum state).[1]  Limited sales, representing a

---

**1.** The court notes its use of First Circuit precedent for this point of law because neither the parties, nor the court, found Federal Circuit precedent discussing the amount of employees necessary to find general jurisdiction over an out of state corporation. The First Circuit, in deciding Glater, heavily relied upon Keeton v. Hustler Magazine, Inc., 465 U.S. 770 and Helicopteros, both of which constitute binding Supreme Court precedent.

small amount of the defendant's overall sales, is another factor
that weighs against the finding of general jurisdiction.  See
Campbell Pet Co. v. Miale, 542 F.3d 879, 884 (Fed. Cir. 2008)
(finding twelve sales over a period of eight years and
representing merely two percent of overall sales to be
insufficient to establish general jurisdiction).

Specific jurisdiction arises when the "cause of action arises
out of or is related to a defendant's activities in the forum
state."  See  Marcinkowska, 342 Fed. Appx. at 635.  Therefore,
in order to hold jurisdiction over a defendant, the defendant
must have purposefully established minimum contacts within
the forum state.  See Touchcom, Inc. v. Bereskin & Parr, 574
F.3d 1403, 1412 (Fed. Cir. 2009) (citing Burger King, 471 U.S. at
474).  In order to do so there must be some showing that "the
defendant purposely avails itself of the privilege of conducting

activities within the forum state." Hanson v. Denckla, 357 U.S.

235, 253 (1958).  The Federal Circuit has outlined a test to

determine whether a district court has specific jurisdiction over

a defendant.  The three part test considers,

> whether (1) the defendant purposefully directed its
> activities at residents of the forum, (2) the claim arises
> out of or relates to the defendant's activities with the
> forum, and (3) assertion of personal jurisdiction is
> reasonable and fair.  Under this test, a court may
> properly assert specific jurisdiction, even if the contacts
> are isolated and sporadic, so long as the cause of action
> arises out of or relates to those contacts.  Indeed, a
> substantial connection with a forum arising out of a
> single act can support jurisdiction.

Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip.

Medico, 563 F.3d 1285, 1297 (Fed. Cir. 2009) (citations omitted)

(internal quotation marks omitted).  The Federal Circuit has

further delineated five factors to consider when deciding

whether the exercise of jurisdiction would violate fair play and

substantial justice:   "1) the burden on the defendant, 2) the
interests of the forum state, 3) the plaintiff's interest in
obtaining relief, 4) the interstate judicial system's interest in
obtaining the most efficient resolution of controversies, and 5)
the shared interest of the several states in furthering
fundamental substantive social policies." Deprenyl Animal
Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d
1343, 1355 (Fed. Cir. 2002).

### B.  Discussion

#### 1.  Blackboard

Plaintiff asserts the court has general jurisdiction over
Blackboard and the court's analysis so reflects.  Blackboard
admits to having contacts within Puerto Rico, namely that
Blackboard has one employee based in Puerto Rico out of 2,600
globally and has 16 customers in Puerto Rico, out of 11,224

total.  (See Docket No. 185 at 2-3.)  In a case where the defendant has judicially recognized ties with the forum state, "a variety of factors relating to the particular cause of action may be relevant."  Glater, 744 F.2d at 215 (citing Rush v. Savchuk, 444 U.S. 320, 332 (1980)).

Whether this forum has general *in personam* jurisdiction over Blackboard is a close call, but in reading the relevant precedent, this court believes Blackboard has not established the requisite contacts for the court to assert general jurisdiction over Blackboard to appear before this court for any cause of action.  Blackboard is not a registered company in Puerto Rico, and does not have  bank accounts or a mailing address in Puerto Rico.  (See Docket No. 106 at 4.)  Blackboard only has one employee in Puerto Rico and 16 clients, representing 0.01% of their client base.  In Helicopteros, the Court required more

sustained activity in order for a court to hold general jurisdiction over a foreign corporation. Helicopteros, 466 U.S. at 411. Similarly, the Glater court held the presence of salesmen within the forum was insufficient to establish general jurisdiction. See Glater, 744 F.2d at 217. Without more continuous and systematic contacts within the jurisdiction, this jurisdiction does not have general jurisdiction over Blackboard. Therefore, the court **GRANTS** Blackboard's motion to dismiss at Docket No. 106. As a result, the court find Blackboard's motion to dismiss due to misjoinder of parties (Docket No. 106) to be **MOOT**.

### 2. Compulink

Whether the court has personal jurisdiction over Compulink is a similarly tricky question. Compulink is a California corporation with nearly all of its business and

employees located in that state.  Plaintiff argues the court has specific jurisdiction due to Compulink's use of value added resellers ("VARs") that marketed and sold Compulink products within Puerto Rico.  The sales generated from VARs represents roughly 0.01% of Compulink's gross revenues since January 1, 2010.  (See Docket No. 116 at 4.)  Compulink admits these sales totaled $2,957 in 2010.  (See Docket No. 188-1 at ¶ 11.)  Compulink no longer uses VARs, terminating their use months prior to the initiation of this suit.  These contacts may be sufficient to show that Compulink directed its activity towards the forum.  However, because the court rules jurisdiction is lacking in prongs two and three of the Federal Circuit test, the court directly proceeds to those prongs which are determinative.

Because this is a specific jurisdiction analysis, the alleged

patent infringement must stem from contacts of Compulink with the forum.  See Radio Sys. Corp. v. Accession, Inc., 638 F.3d 785, 790 (Fed. Cir. 2011).   Plaintiff fails to allege any patent infringement among Compulink's contacts within Puerto Rico.  The only contacts within Puerto Rico are the use of VARs, which Plaintiff fails to allege sold any of the infringing products.

Keeping in mind that Compulink's contacts, if sufficient, are attenuated, court applies the five factors of the Federal Circuit test to determine whether jurisdiction would be proper in Puerto Rico.  The court finds the factors favor Compulink. There is a rather heavy burden upon a defendant, that is almost exclusively based in California, to litigate in Puerto Rico.  Regardless of the federal practice of electronic filing, Compulink must incur considerable travel for court

appearances and trial.  Puerto Rico, while having an interest in overseeing this litigation, has no particularly special interest in this litigation as it involves federal law.  Compulink sparsely used this forum to advertise its products and has since ceased its operations in Puerto Rico.  The third factor seemingly splits between the two parties.  Plaintiff has an interest in litigating in its home forum, but otherwise has no special interest in litigating in this forum as federal law applies equally in all jurisdictions.  Factors four and five do not hold such weight so as to convince the court to find that jurisdiction in this forum is any more relevant than in Compulink's home jurisdiction. On the whole, considering all factors, the court finds that jurisdiction is lacking over Compulink and **GRANTS** Compulink's motion to dismiss (Docket No. 116).  Accordingly, Compulink's motions to dismiss for failure to state a claim

(Docket No. 186) and for misjoinder (Docket No. 194) are

**MOOT**.

### 3.   Tridion

Tridion simply does not have any demonstrated contacts within Puerto Rico that allow the court to assert jurisdiction over it.  Tridion neither has offices, nor employees, distributors or agents in Puerto Rico.  (See Docket No. 139 at 5-6.)  Plaintiff relies on Tridion's interactive website and its clientele as a basis for demonstrating personal jurisdiction.  Both arguments are unpersuasive.

Accordingly as discussed, the mere presence of a website does not demonstrate a defendant has purposefully availed itself of the laws of the jurisdiction.  Plaintiff relies upon the stream of commerce doctrine relied upon by the Court in Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cnty., 480

U.S. 102 (1987), and recently heavily discussed by the Court in

J. McIntyre Machinery, LTD. v. Nicastro, --- U.S. ---, 131 S.Ct.

2780 (2011).  In J.McIntyre, the Supreme Court, yet in another

plurality opinion, seemed to clarify that Asahi may only be

used so long as the defendant targeted the forum for its

business.[2]  This principle may not be used to hold jurisdiction

over a defendant who simply produces products that

eventually arrive in the forum, unless the defendant did more

to purposefully direct the products towards the forum.  See J.

---

**2.**   The plurality opinion by Justice Kennedy seems to intimate that the Court is leaning towards requiring a finding the a defendant specifically targeted a forum in order for a court to find personal jurisdiction over that defendant.  However, "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . ."  Marks v. United States, 430 U.S. 188, 193 (1977).  Therefore, it is the concurring opinion of Justice Breyer, joined by Justice Alito, that controls this analysis.  Justice Breyer's concurrence did not join the plurality in this respect, instead Justices Breyer and Alito would have decided this case on prior precedent such as Asahi.

McIntyre, 131 S.Ct. at 2792 (Breyer, J., concurring) (requiring,

a "'regular . . . flow' or 'regular course' of sales in [the forum

or] 'something more' such as special state-related design,

advertising, advice, marketing, or anything else" for

jurisdictional purposes).

Guided by these decisions, the court finds it does not have

specific jurisdiction over Tridion.  The maintenance of an

interactive website, alone, is not sufficient to establish

purposeful availment in any jurisdiction which has the

internet.  See Trintec Indus., Inc. v. Pedre Promotional Prods.,

Inc., 395 F.3d 1275, 1281 (Fed. Cir. 2005) (holding maintenance

of website available to all internet users does not establish

persistent conduct by defendants within the jurisdiction).

However, if Plaintiff had demonstrated its cause of action arose

out of the sale of products from this website to Puerto Rico,

then the existence of the interactive website might have been

sufficient to hold personal jurisdiction over Tridion.  See id. at

1280.

Plaintiff does not allege or demonstrate that residents of

Puerto Rico used this website in order to purchase the

infringing product.   Instead, Plaintiff concludes that

jurisdiction is proper because Puerto Rico is listed as a locality

on the website.  Just because a website allows users to access it

from a jurisdiction, and allows users to designate where they

are from when contacting the corporation, does not meet the

threshold for minimum contacts.

Plaintiff's other argument, that jurisdiction is proper

because Tridion sells to a number of companies who are

uninterested in this litigation, but have a presence within

Puerto Rico, is also without merit.  Plaintiff cites no legal

support that would allow the court to embrace this theory.  It

would be strange, if not wholly offenssive to our notions of fair

play and purposeful availment, to hold personal jurisdiction

over a defendant because the defendant does business with

other companies within the jurisdiction.  To hold jurisdiction

over Tridion for this reason, without requiring Plaintiff to

demonstrate that Tridion sold the infringing product to those

contacts within the jurisdiction, would be improper.  For these

reasons, the court **GRANTS** Tridion's motion to dismiss for

lack of personal jurisdiction (Docket No. 139).  Accordingly, the

court finds Tridion's motions to dismiss for failure to state a

claim and for misjoinder (Docket No. 190) to be **MOOT**.

### III.    Failure to State a Claim

#### A.  Legal Standard

The applicability of Twombly and Iqbal to this complaint is the major dispute between Plaintiff and Defendants.  Plaintiff urges the court to hold that the complaint need only meet the more relaxed notice pleading requirements contained in Form 18.  Plaintiff further argues any application of Twombly and Iqbal, requiring more from Plaintiff, would render Rule 84 of the Federal Rules of Civil Procedure and Form 18 insufficient.  (See Docket No. 213.)  Defendants argue the Supreme Court was clear in Iqbal that the plausibility standard described in Twombly applied to all federal civil cases, not only antitrust or complex litigation cases.  (See, e.g. Docket No. 96 at 7.)  First Circuit law controls this analysis because motions to dismiss are considered procedural motions by the Federal Circuit. See C & F Packing Co., Inc. v. IBP, Inc., 224 F.3d 1296, 1306 (Fed. Cir. 2000).  Because the First Circuit has yet to rule on whether

Twombly and Iqbal apply to patent cases, a quick review of previous pleading standards of pleading is necessary.

### 1.  Conley v. Gibson

Pursuant to the Rules Enabling Act, Pub. L. No. 73-415, 48 Stat. 1064 (1934) (codified as amended at 28 U.S.C. § 2072 (2012)), the Supreme Court began developing uniform procedures for federal courts.  In so doing, the Court developed the Federal Rules of Civil Procedure, that adopted a notice pleading standard to all civil complaints.  See Victor Schwartz & Christopher Appel, *Rational Pleading in the Modern World of Civil Litigation: The Lessons and Public Policy Benefits of Twombly and Iqbal*, 33 HARV.J.L. & PUB. POL'Y 1107, 1119 (2010). The notice pleading standard reached its height in 1957, when the Supreme Court decided Conley v. Gibson.  355 U.S. 41.  In

Conley, the Court held:

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

See id. at 45-46. This rule was the controlling analysis for roughly fifty years until Twombly. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 9 (1st Cir. 2011) (stating Twombly officially put to rest the 'no set of facts' language espoused by Conley).

### 2. **Twombly and Iqbal**

Twombly marked a significant change in how the court analyzes a complaint to see whether it sufficiently raises the right to a claim. See Schwartz & Appel, *supra* at 1121 (stating Twombly "shook the foundations of notice pleading for the first time."). Indeed, Twombly requires that a complaint allege

sufficient factual allegations to, "raise a right to relief above the speculative level." See Twombly, 550 U.S. at 555.  The Court held the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face."  See id. at 570.  This requirement is in stark contrast to Conley, which simply required plaintiff to allege any set of facts that would entitle the plaintiff to the relief sought.  See Conley, 355 U.S. at 45-46.  In doing so, the Court held Rule 8(a) of the Federal Rules of Civil Procedure required factual allegations to raise the right to relief above the speculative level; the same Rule 8(a) the Court relied upon in Conley to hold that a notice pleading was sufficient.  See Conley, 355 U.S. at 45-46.

While at first the new pleading standard was thought to solely apply to antitrust cases, the Supreme Court in Iqbal clarified that Twombly was to apply to all civil cases.  See

Kersenbrock v. Stoneman Cattle Co., LLC, No. 07-1044-MLB,

2007 WL 2219288, at *2 n.2 (D. Kan. July 30, 2007) ("[Twombly]

deals only with pleading requirements in the highly complex

content of an antitrust conspiracy case.  It does not announce

a general retreat from the notice pleading requirement of FED.

R. CIV. P. 8(a)."); Iqbal, 556 U.S. at 684 ("[The Twombly] Rule

in turn governs the pleading standard in all civil actions and

proceedings in the United States district courts.") (citations

omitted) (internal quotation marks omitted).  Taken together,

these cases represent "a sea change in the pleading practices in

federal court."  See TYCO Fire Prods. LP v. Victaulic Co., 777

F. Supp. 2d 893, 895 (E.D. Penn. 2011).

### 3.   Tension Between Twombly, Iqbal, Rule 84, and Form 18

Turning to the issue present in this case, there is an inherent

tension between the more recent precedents from the Court,

Rule 84 and the forms accompanying the Rules.  See McCauley

v. City of Chicago, 671 F.3d 611, 622 (7th Cir. 2011) (Judge

Hamilton dissenting) (stating prior decisions, rules and forms

simply conflict with the rule of Iqbal); TYCO Fire, 777 F. Supp.

2d at 905 ("Put simply, the forms purporting to illustrate what

level of pleading is required do not reflect the sea change of

Twombly and Iqbal.");  Joseph Seiner, *After Iqbal*, 45 Wake

Forest L. Rev. 179, 180 (2010) ("Twombly and Iqbal have

significantly changed the pleading rules for all civil cases . . .").

On the one hand, the Federal Rules of Civil Procedure state,

"The forms in the Appendix suffice under these rules and

illustrate the simplicity and brevity that these rules

contemplate."  Fed.R.Civ.P. 84.  On the other hand, Form 18

titled "Complaint for Patent Infringement" simply requires a

notice pleading standard.  See Fed.R.Civ.P. Form 18.

The First Circuit has yet to rule on this issue, and to date, there is only one opinion from a district court within the circuit.  In an unpublished decision, the District of New Hampshire held patent claims were not subject to the heightened pleading standards of Twombly and Iqbal.  See Investmentsignals, LLC v. Irrisoft, Inc., No. 10-cv-600-SM, 2011 WL 3320525, at *2 (D.N.H. Aug. 1, 2011).  In reaching its holding that the plaintiff need only allege sufficient facts to put the defendant on notice of the claims against it, the district court relied upon McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  See id.

This court finds the rules established by Twombly and Iqbal clearly require more than a notice pleading for direct infringement patent claims, particularly due to the assurance

included in Iqbal that the Twombly rule applies to all civil cases. See Iqbal, 556 U.S. at 684. Accordingly, the court applies the Twombly standard to Plaintiff's direct infringement claims.

To further complicate this matter, however, this case involves more than a sole direct infringement allegation that was alleged by the plaintiffs in Investmentsignals. Presently, Plaintiff alleges indirect and contributory infringement claims in addition to its direct infringement claim. (See Docket No. 1 at 6.) These additional claims add to the complexity of Plaintiff's complaint. Even courts that have held the heightened pleading standard does not apply to direct infringement claims, have required the complaint meet the heightened pleading standards for indirect and contributory infringement claims. See Gradient Etners., Inc. v. Skype Techs. S.A., No. 10-CV-6712L, 2012 WL 864804, at *3 (W.D.N.Y. Mar.

13, 2012) (citing <u>BIAX Corp. v. Motorola Solutions, Inc.</u>, No.
10–cv–03013, 2012 WL 502727, at *2 (D. Colo. Feb. 15, 2012); <u>DR
Sys., Inc. v. Avreo, Inc.</u>, No. 11–cv–0932 BEN, 2011 WL
4850171, at *1 (S.D. Cal. 2011); <u>Nielsen Co. (US), LLC v.
comScore, Inc.</u>, 819 F. Supp. 2d 589, 600 (E.D. Va. 2011)).  These
courts have reached this conclusion because there is no form
accompanying the Federal Rules of Civil Procedure that
addresses indirect or contributory infringement allegations.
<u>See e.g.</u>, <u>Gradient Enterprises</u>, 2012 WL 864804, at *3 ("Such
claims contain additional elements left entirely unaddressed by
Form 18 and therefore compliance with Form 18 does not
necessarily suffice to state a claim for indirect infringement.")
(internal quotation marks omitted) (internal citations omitted).

     Thus, in a case such as the present, the court finds the better
rule is to hold all of Plaintiff's claims to the higher pleading

standard set out in <u>Twombly</u>, rather than applying one legal standard to the direct infringement claim and another to the indirect and contributory infringement claims. For these reasons, the court will require Plaintiff's complaint to meet the heightened pleading standards adopted by <u>Twombly</u> and <u>Iqbal</u> for all infringement claims. However, it is worth stating that, as this court and many others have held, the forms accompanying the Federal Rules of Civil Procedure should be updated to include the specificity required by <u>Twombly</u> and <u>Iqbal</u>. The forms, created to exemplify a sufficient, clear and concise version of pleading, no longer serve this mission. It furthers no purpose to have Rules and Forms, sanctioned by Congress and the courts, that inaccurately describe the pleading standards for civil complaints.

### B.  Discussion

All remaining parties have filed motions to dismiss for failure to state a claim and argue that Plaintiff's complaint does not allege sufficient facts to "raise the right to relief beyond the speculative level." See Twombly, 550 U.S. at 555. Five of the remaining defendants, HP, EMC, Nuxeo, Informatica and Lexmark, collectively filed one brief arguing this point (Docket No. 96). Alfresco, filed a separate brief incorporating the same arguments of its co-defendants (Docket No. 153).

Plaintiff asserts three types of infringement in its complaint: direct, indirect and contributory. However, in its opposition, Plaintiff does not argue the complaint sufficiently alleges facts to sustain its contributory negligence claim. (See Docket No. 165 at 2.) Therefore, the court finds Defendants' motion to dismiss the contributory infringement claim to be unopposed and any potential arguments deemed waived by Plaintiff. See

Castro Business Enterprises, Inc. v. Medina Santiago, No.

11–1486 (SEC), 2012 WL 1252971 (D.P.R. Apr. 13, 2012) (citing

United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990)).   As

such,  the  court  **DISMISSES**  Plaintiff's  contributory

infringement claim.   The court shall analyze the direct and

indirect infringement claims separately.

All well-pleaded facts are accepted as true by the court and

the court draws all reasonable inferences in Plaintiff's favor.

See Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).

### 1.  Direct Infringement

Direct infringement of patents is controlled by 35 U.S.C. §

271(a).  That section states, "Except as otherwise provided in

this title, whoever without authority makes, uses, offers to sell,

or sells any patented invention, within the United States or

imports into the United States any patented invention during

the term of the patent therefor, infringes the patent." <u>See</u> 35

U.S.C. § 271(a) (2012). Defendants argue Plaintiff asserts either

a method claim or a hybrid claim with method steps, and that

both claims must fail. (<u>See</u> Docket No. 96 at 8.) Plaintiff does

not label its claims as any particular type of claim other than

direct and indirect infringement. (<u>See</u> Docket No. 165.) The

abstract of the patent states, "A method and system for

publishing information on a network-based computer system

is disclosed . . . . " (<u>See</u> Docket No. 1-3.)

In applying Federal Circuit precedent to construct the

claims of a patent, it is clear this patent covers both a method

and a system. <u>See</u> <u>Phillips v. AWH Corp.</u>, 415 F.3d 1303, 1312-

13 (Fed. Cir. 2005) (citing <u>Vitronics Corp. v. Conceptronic, Inc.</u>,

90 F.3d 1576, 1582 (Fed. Cir. 1996) holding words of a claim are

generally given their ordinary and customary meaning)). The

629 Patent states method claims in claims 1-19 and system claims in claims 20-25.  (See Docket No. 1-3.)

The court can dispense of the direct infringement for the method claim because "a method or process claim is directly infringed only when the process is performed." See Joy Techs., Inc. v. Flakt, Inc., 6 F.3d 770, 773-74 (Fed. Cir. 1993).  In a case such as this, where Defendants are alleged to have sold products that contained the patented method of controlling web-based publishing, it is not Defendants who have committed the infringement by selling the product.  Rather it is the end user who commits the infringement by using the program to follow the patented method.  See id. (citing Atl. Thermoplastics Co. v. Faytex Corp., 974 F.2d 1279, 1284 (Fed. Cir. 1992) (Newman, J., dissenting to denial of en banc); BB Chem. Co. v. Ellis, 117 F.2d 829, 833 (1st Cir. 1941)).  It is the

end user's use of the products sold by Defendants that allegedly infringe upon Plaintiff's patent, not the sale of the product to the end user.   Here, Plaintiff does not allege Defendants infringed on its patent by following the patent methods themselves, a necessary allegation for a direct infringement suit.   Therefore, by selling their products, Defendants cannot be liable for patent infringement under Section 271(a).  See Joy Techs., 6 F.3d at 774.

Plaintiff's system claim requires Plaintiff to allege Defendants make, use, sell, or offer to sell or import something having all of the elements recited in the patent claims, arranged in the claimed manner, during the period of Plaintiff's patent.[3]

---

3.   It is worth noting that Form 18 requires Plaintiff to comply with the statutory requirement of giving Defendants written notice of the infringement.   See FED.R.CIV.P. Form 18.   Plaintiff is statutorily required to put Defendants on notice pursuant to 35 U.S.C. § 287. Plaintiff alleges it has met this requirement in ¶ 45 of the complaint by

See 35 U.S.C. § 271(a); Cross Medical Products, Inc. v.

Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1310 (Fed. Cir.

2005).  Plaintiff's complaint fails to sufficiently allege facts that

support this claim.  For each defendant, Plaintiff concludes the

defendant makes, uses, sells, offers for sale, or imports a

product that embodies one or more claims of the '629 Patent.

(See Docket No. 1 at ¶¶ 24, 28, 29, 30, 32, & 34.)  The complaint

identifies an example product from each Defendant that

allegedly infringes upon a claim of the 629 Patent.  (See id.)

The complaint also includes a statement attempting to

specifically state how each defendant's product infringes on

Plaintiff's patent.   Pertinent to Alfresco, Plaintiff states,

---

simply stating, "Ingeniador is in compliance with the requirements of
35 U.S.C. § 287."  (See Docket No. 1 at ¶ 45.)  Whether this is a sufficient
allegation under the heightened pleading standard is not necessary to
address here.

"Particularly, Alfresco's Document Management ("DM")
product allows a network user to create, access, and/or modify
files while its also infringing Web Content Management
("WCM") product serves as a shared environment for
enterprise customers in accordance with one or more claims of
the '629 patent to the injury of Ingeniador." (See Docket No.
1 at ¶ 24.) Pertinent to EMC, "EMCC sells and offers for sale
a content management platform as a foundation for content-
based applications and solution (e.g., EMC Documentum)
which enables publishing content across websites, in
accordance with one or more claims of the '629 patent to the
injury of Ingeniador." (See Docket No. 1 at ¶ 28.) Pertinent to
Informatica, "Informatica sells and offers for sale a platform
which enables a network user to access and modify data
through a web-based user interface (e.g., Informatica

PowerCenter), in accordance with one or more claims of the
'629 patent to the injury of Ingeniador."  (See Docket No. 1 at
¶ 30.)  Pertinent to Lexmark, "Lexmark sells and offers for sale
a platform which creates, edits, and maintains documents over
a network (e.g., Perceptive Software's InageNow), in
accordance with one or more claims of the '629 patent to the
injury of Ingeniador."  (See id. at ¶ 32.)  Pertinent to Nuxeo,
"Nuxeo sells and offers for sale platform services (e.g., Nuxeo
Enterprise Platform) that are especially configured for web-
based editing and publishing (e.g., webpage) in accordance
with one or more claims of the '629 patent to the injury of
Ingeniador.  (See id. at ¶ 34.)

However, these statements amount to legal conclusions and
should not considered as factual statements by the court.  See
Iqbal, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice.") Plaintiff must plead sufficient facts to raise the right to a claim beyond a speculative level.  See Twombly, 550 U.S. at 570.  Plaintiff does not state sufficient facts to raise its right to these claims beyond the speculative level.  In none of the allegations against the parties does Plaintiff state which claim of the 629 Patent Defendants have allegedly infringed. Plaintiff simply gives a general description of a product sold by each Defendant, then states that product infringes upon "one or more claims of the '629 patent to the injury of Ingeniador." Such pleading is the essence of conclusory legal statements. While it is true that Plaintiff alleges each defendant sells a product that deals with web-based editing and/or publishing, Plaintiff goes no further and fails to allege which claim of the 629 Patent the offending product infringes upon.  The universe

of the internet is not so small as to allow only one patented form of publication software. Therefore, the court **GRANTS** Defendants' motions to dismiss for failure to state a claim pertaining to Plaintiff's direct infringement claim (Docket Nos. 96 & 153).

### 2.   Indirect Infringement

Indirect infringement is governed by 35 U.S.C. § 271(b) which states, "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). In order to make a claim for indirect infringement, Plaintiff must first demonstrate direct infringement. See Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement . . . "). An additional element for indirect

infringement requires Plaintiff to allege "the defendant possessed the requisite knowledge or intent to be held vicariously liable." See id. at 1273.

The court must also dismiss Plaintiff's indirect infringement claim for a similar reason as the direct infringement claim. In requiring Plaintiff to sufficiently allege direct infringement occurred, it is not necessary for Plaintiff to allege it was Defendants who committed the direct infringement, rather the end-user of a program built by Defendants can provide the direct infringement necessary to support this claim. See id. at 1272 ("The direct infringer is typically someone other than the defendant accused of indirect infringement."). However, the deficiencies of Plaintiff's claim for direct infringement come to light in their argument for indirect infringement. Mainly, Plaintiff fails to allege how these end-users infringed upon the

629 Patent by using the products sold by Defendants.  Simply alleging infringement is insufficient.  A plaintiff must rely upon sufficient factual material to support an infringement claim. Plaintiff has failed to do so here.   Therefore, the court **GRANTS** Defendants' motion to dismiss Plaintiff's indirect infringement claim.

## IV.    Conclusion

The court finds it does not have personal jurisdiction over, Blackboard, Compulink, and Tridion.  The court finds Plaintiff has failed to state a claim upon which relief can be granted as to EMC, Nuxeo, Informatica, Lexmark and Alfresco.

As Plaintiff's claims against all appearing Defendants have been adjudged to be dismissed either for lack of personal jurisdiction by the court or for failure to state a claim, the court finds all other motions filed by Defendants to be **MOOT** at this

time, with the exception of Bridgeline's motion to set aside

default judgment (Docket No. 241).


IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 15th day of May, 2012.


        S/ Gustavo A. Gelpí

        GUSTAVO A. GELPI

        UNITED STATES DISTRICT JUDGE