IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTERWOVEN,<br><br>Defendant. | CIV. NO.: 11-1840 (GAG) |

**OPINION AND ORDER**

Currently before the court is a motion filed by Bridgeline Digital, Inc. ("Bridgeline") to set aside entry of default and default judgment entered by the court at Docket Nos. 73 and 235 respectively. The facts of this case have previously been recounted by the court at Docket No. 263 and need not be reiterated for the purposes of this motion. Ingengiador

("Plaintiff") successfully sought entry of default and default judgment against Bridgeline. After Bridgeline filed its motion to set aside, Plaintiff filed its opposition (Docket No. 267). Bridgeline filed a reply brief (Docket No. 270). For the following reasons, the court **GRANTS** Bridgeline's motion to set aside the entry of default and default judgment (Docket No. 241). Further the court **GRANTS** Bridgline's motion to dismiss for lack of personal jurisdiction. (See id.)

### I. Personal Jurisdiction

As previously discussed at length (Docket No. 263 at 22-26), specific *in personam* jurisdiction can be found due to the existence of an interactive website that is either geared towards the forum or that sells the infringing product within the forum jurisdiction. However, the mere presence of a website does not

| |
|---|
| CIVIL No. 11-1840 (GAG)                                                                 Page 3 |

demonstrate a defendant has purposefully availed itself of the laws of the jurisdiction. Bridgeline's contacts with Puerto Rico are similar to those of Tridion's, which the court deemed insufficient to establish personal jurisdiction. (See Docket No. 263 at 22-26.)

Plaintiff asserts specific *in personam* jurisdiction over Bridgeline due to Bridgeline's interactive website. (See Docket No. 267 at 8.) However, there is no indication that Bridgeline's website ever sold the infringing product within Puerto Rico. The website is not specifically focused on Puerto Rico as a forum to sell its products. See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1281 (Fed. Cir. 2005) (holding maintenance of website available to all internet users does not establish persistent conduct by defendants within the jurisdiction).

In disagreeing with the court's previous opinion on this matter, Plaintiff points to 35 U.S.C. § 271(a), for the proposition that a patent infringement tort is committed not only when a product is sold, but also when it is made, used, and offered for sale. See 35 U.S.C. § 271(a). While this is the law, it does little to help Plaintiff demonstrate personal jurisdiction over Bridgeline. Plaintiff may have a valid claim against this defendant as well as many of the other defendants, but those claims cannot be brought in this court. Plaintiff may bring these claims in jurisdictions that can properly assert personal jurisdiction over Defendants.

**II. Conclusion**

The court finds it does not have personal jurisdiction over, Bridgeline. Therefore, the court **GRANTS** Bridgeline's motion to set aside the entry of default and default judgment entered

| | |
|---|---|
| CIVIL No. 11-1840 (GAG) | Page 5 |

against Bridgeline (Docket No. 241) and dismisses the claims without prejudice.  The entry of default and default judgment (Docket Nos. 273 & 235) are hereby **VACATED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of June, 2012.


<u>S/ Gustavo A. Gelpí</u>

GUSTAVO A. GELPI

UNITED STATES DISTRICT JUDGE